# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    *Debtors*.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>ANGELA ROBINSON, TERRY ROBINSON, REBECCA ROBINSON, 2B FARMS, ARNOLD BRAUN, ARNOLD BRAUN TRUST, ROBERT BRUAN, C HEART RANCH LLC, COLETTE LESH F/K/A COLETTE BROOKS, JAN LESH, GARY LESH, JARED LESH, LESH TRUCKING, JOEL LESH, LAZY J ARENA, MORRISON CAFÉ, LLC, GARY LESH TRUST, LESH FAMILY TRUST, KATIE LESH, JORDAN LESH, JARED LESH COWHORSES, INC., GRAY BROTHERS CATTLE, GRAY FAMILY TRUST, RONNIE GRAY, ROBERT GRAY, BRADLEY GUNGOLL, GUNGOLL CATTLE CO. LLC, WADE GUNGOLL, WILLIAM GUNGOLL, WYATT GUNGOLL, CORY JESKO, JEFF JESKO, DWIGHT JESKO, PATRICIA JESKO, DANIEL JESKO, DANIEL JESCO FARMS, DON JONES TRUCKING, INC., CURT JONES, KINSEY | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett |

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

| | |
|---|---|
| JONES, CURTIS JONES FARMS, DON JONES FARM, INC., DON JONES, JONES FAMILY CATTLE, RIDGEFIELD CAPITAL ASSET MANAGEMENT, L.P., ROBERT ELLIS, ELIZABETH ELLIS, ROBERT AND ELIZABETH FAMILY FOUNDATION, TGF RANCH, THOMAS FRITH, WILDFOREST CATTLE CO., LLC, SAM BROWN, COLBY VANBUSKIRK, LYNDAL VANBUSKIRK, JANET VANBUSKIRK, FRANK VANBUSKIRK, SUSAN VANBUSKIRK, SAM VANBUSKIRK, CHARLES LOCKWOOD, NIKKI LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, PRIEST VICTORY INVESTMENT, LLC, PRIEST CATTLE COMPANY, LTD., COREY PRIEST, TYLER PITTMAN, PITTMAN FARMS, DAC83 LLC, OPEN A ARENA, LLC, DOUG PRITCHETT, 2DEEP CONSTRUCTION LLC, BRANDON DUFURRENA, RIETA DUFURRENA, ED DUFURRENA, SCARLET & BLACK CATTLE, LLC, RED RAIDER CATTLE, LLC, CARRAWAY CATTLE LLC, RICHARD CARRAWAY, ROBERT CARRAWAY, GENE BROOKSHIRE FAMILY LP, JOEL BROOKSHIRE, CARLA BROOKSHIRE, PHILIP RAPP, RAPP RANCH, BIG SEVEN CAPITAL PARTNERS, LLC, BRYAN BLACKMAN, BRAVO GOLF AVIATION LLC, DENNIS BUSS, EDWIN BUSS, BETTYE BUTLER, BILLY BUTLER, CALEB LITTLE, DANNIE WINFREY, DIAMOND B PRODUCTIONS LLC, ERIC DEJARNATT, EDWIN STEWART, ERNEST GARD, GALE FORCE QUARTER HORSES, GARWOOD CATTLE COMPANY, J&S INVESTMENTS, JIM RININGER, JIMMY GREER, PEGGY GREER, JOE BURNETT, DUSTIN JOHNSON, KEITH HARRIS FARMS, MAP ENTERPRISES, INC., MICHAEL COOPER, PATRICK BAKER, RALPH REISZ, VERONICA REISZ, ROBERT STEWART, ROGER WELCH, ROSE VALLEY RANCH, SAWMILL CREEK LLC, SCOTT STEWART, SCOTT | |

| | |
|---|---|
| LIVESTOCK COMPANY, INC., STANLEY KEITH MYERS, TOMMY MANION RANCH, INC., BRENT BURNETT, CODIE PERRY, MYKEL TIDWELL, RICK RODGERS, STANLEY AYERS, THORLAKSON DIAMOND T FEEDERS, LP, WILEY ROBY RUSSELL JR., WILEY ROBY RUSSELL, JR. AS TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST, WJ PERFORMANCE HORSES, HEARTLAND COOP, LAND O LAKES AG SERVICE, REINERT HAY CO., VET INDUSTRIES FEED & SUPPLY, WHITE ENERGY, CRYSTAL MCCLAIN, CHELSEA MCCLAIN, PIPER MCCLAIN, KRISTIN MCCLAIN, COLTON SCOTT LONG, SCOTT SKINNER, KEELING CATTLE FEEDERS, THOMAS THORLACKSON, JARED GRELL, JOHN TIDWELL, KINGDOM TRUST COMPANY, MARK FRICOUF, MICHAEL EVANS WILLIAM WEDDINGTON, NATHAN MICHAEL HOYLE, JOSHUA RAY DRAKE, DRAKE CATTLE COMPANY, PEREZ LIVESTOCK LLC, AND SUSAN H. FOSTER,<br><br>    *Defendants*. | |

## DEFENDANT'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Gale Force Quarter Horses hereby files this Original Answer to Trustee's First Amended Complaint.

## **DEFENDANT'S ORIGINAL ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b) Defendant responds to the allegations in each corresponding paragraphs of the Complaint as follows:

Paragraphs 1-13 contain solely conclusions of law to which this Defendant need not respond, but to the extent any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

Defendant admits the allegations in paras. 14-15 in that this Court has original jurisdiction to hear this Complaint and that the venue is proper in this Court.

As to paragraph 16, Defendant denies being an "investor," or that the amounts listed in the complaint are correct and denies all other allegations.

As to paragraph 17, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 18, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 19, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 20, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 21, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 22, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 23, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 24, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 25, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 26, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 27, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 28, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 29, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

Paragraphs 30-34 contain solely conclusions of law to which this Defendant need not respond, but to the extent any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

Paragraph 35 contains conclusions of law to which this Defendant need not respond. Defendant denies that he is an investor, denies that a common enterprise existed between Defendant the Debtor(s) and denies that profits were made, or if profits were made, they did not result solely from the efforts of the Debtors. Defendant otherwise denies all other allegations.

Paragraph 36 contains conclusions of law to which this Defendant need not respond. Defendant otherwise denied the remaining allegations.

Paragraph 37, Defendant denies being an investor and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

Paragraph 38, Defendant denies being an investor, denies expecting a 30% profit and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

Paragraph 39, Defendant denies being an investor, denies expecting a 30% profit and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 40, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 41, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 42, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 43, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 44, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 45, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 46, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 47, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 48, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 49, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 50, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and therefore denies same. Defendant admits that he possessed cattle that he owed and denies that cattle he held were Debtor's cattle.

As to paragraph 51, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 52, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 53, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 54, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 55, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 56, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 57, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 58, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 59, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 60, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 61, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 62, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 63, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 64, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 65, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 66, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 67, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 68, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

**COUNT 1**
**FRAUDULENT TRANSFER CLAIMS – FAMILY MEMBER TRANSACTIONS**

As to paragraph 69, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 70, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 71, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 72, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 73, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

## COUNT 2
## ALTERNATIVE CLAIMS – FAMILY MEMBER TRANSACTIONS

As to paragraph 74, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

As to paragraph 75, Defendant lacks sufficient knowledge to admit or deny the allegations concerning any persons or entities other than Defendant and as to Defendant, denies same.

## COUNT 3
## PREFERENCE CLAIMS – INVESTORS

As to paragraph 76, Defendant denies being an investor, and denies all other allegations.

As to paragraph 77, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 78, it contains solely conclusions of law to which this Defendant need not respond, but to the extent any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 79, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 80, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 81, Defendant denies being an investor, and otherwise lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

## COUNT 4
## PREFERENCE CLAIMS – VENDORS

As to paragraph 82, this Defendant denies the allegations.

As to paragraph 83, it contains solely conclusions of law to which this Defendant need not respond, but to the extent that any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 84, it contains conclusions of law to which this Defendant need not respond, but to the extent that any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 85, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 86, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

## COUNT 5
## FRAUDULENT TRANSFER CLAIMS – INVESTORS

As to paragraph 87, Defendant denies being an investor, denies receiving fictitious returns of any "investment" and denies that Defendant's purchases and sales of cattle were included in a Ponzi scheme.

As to paragraph 88, Defendant denies being an investor, and denies the remaining allegations.

As to paragraph 89, Defendant denies being an investor, and denies the remaining allegations.

As to paragraph 90, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 91, Defendant denies being an investor, and denies the remaining allegations.

## COUNT 6
## DISALLOWANCE OF CLAIM – SUBORDINATION OF CLAIM

As to paragraph 92, Defendant denies being an investor, denies receiving fictitious returns of any "investment" and denies that Defendant's purchases and sales of cattle were included in a Ponzi scheme.

As to paragraph 93, Defendant denies being an investor, and denies the remaining allegations.

As to paragraph 94, Defendant denies being an investor, and denies the remaining allegations.

As to paragraph 95, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

## **RESERVATION OF RIGHTS**

As to paragraph 96, it contains conclusions of law to which this Defendant need not respond, but to the extent that any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 97, it contains conclusions of law to which this Defendant need not respond, but to the extent that any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

As to paragraph 98, it contains conclusions of law to which this Defendant need not respond, but to the extent that any fact is alleged, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore denies same.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The alleged transfers were intended by Debtor and Defendant to be contemporaneously made for reasonably equivalent new value.

### Third Affirmative Defense

Debtor was not rendered insolvent by a transfer to the Defendant as Debtor received reasonably equivalent new value.

### Fourth Affirmative Defense

Any alleged transfer to or from Defendant was made objectively in good faith, and without any knowledge by Defendant the Debtor intended to hinder, delay or defraud creditors.

### Fifth Affirmative Defense

The claims asserted in the complaint were made beyond the applicable statutes of limitation.

### Sixth Affirmative Defense

Defendant's transactions with the Debtor were made in the ordinary course of business according to ordinary business terms.

### Seventh Affirmative Defense

Defendant was not a "net winners" when all transactions are taken into account, plus all expenses of raising and caring for the herd are taken into account.

## **PRAYER**

WHEREFORE, PREMISES, CONSIDERED, Defendant prays that his answer to be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees and costs of suit, be awarded to Defendant.

Respectfully submitted,

    */s/ Whitney A. Davis*
Whitney A. Davis
State Bar No. 24084843
EGGLESTON KING DAVIS LLP
102 Houston Avenue, Suite 300
Weatherford, Texas 76086
Phone: (817) 596-4200
Fax: (817) 596-4269

**COUNSEL TO THE DEFENDANT**