MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
*Counsel for Keith Harris Farms, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br><br>*Defendants*. | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Robert L. Jones |

## DEFENDANT KEITH HARRIS FARMS INC.'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

COMES NOW Keith Harris Farms, Inc. ("Harris Farms" or "Movant") and files this Motion to Dismiss ("the Motion") the claims brought against it in the above-captioned adversary proceeding for insufficient service of process pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), which are made applicable to this adversary proceeding through Federal Bankruptcy Rules of Procedure 7004(a) and 7012.  In support of the Motion, Movant would respectfully show the Court as follows:

### I.      INTRODUCTION & BACKGROUND

1. Plaintiff Kent Ries, Chapter 7 Trustee for the Bankruptcy Estates of McClain Feed Yard, Inc., McClain Farms, Inc, and 7M Cattle Feeders, Inc. ("Plaintiff" or "the Trustee") filed the Original Complaint in this Adversary Proceeding No. 25-02003-swe ("the Adversary Proceeding") on March 2, 2025. [Doc. 1].

2. The March 2, 2025 Original Complaint named Movant, among many others, as a defendant in the Adversary Proceeding and asserted causes of action against it for fraudulent transfers and preference claims.  *See* Doc. 1 ¶¶ 76 – 81; 87 – 91.

3. More than a month later, before any summonses had been issued, the Trustee filed an Amended Complaint on April 25, 2025, which included the same causes of action.  [Doc. 9].

4. The docket in the Adversary Proceeding reflects that the summons for Harris Farms to appear in this action was first issued on July 31, 2025, approximately 150 days after the Original Complaint was filed.  *See* Doc. 23 – 28, 30 – 38.

5. Federal Rule of Civil Procedure 4(m) requires a plaintiff to attempt to diligently serve a defendant within ninety days of filing the complaint in an action, and this rule applies to adversary proceedings pursuant to Bankruptcy Rule of Procedure 7004(a).  The docket in this

proceeding reflects that service was not executed upon Harris Farms until August 7, 2025. [Docs. 58].

6. Harris Farms has not filed a proof of claim in the Bankruptcy Case.

7. As outlined below, the Trustee violated Rule 4(m) and failed, without good cause, to take timely action to effect service on Movant. Accordingly, the claims asserted against Harris Farms in the Adversary Proceeding should be dismissed without prejudice.[2]

## II. ARGUMENT & AUTHORITIES

The causes of action asserted against Harris Farms in the Adversary Proceeding should be dismissed because the Trustee did not comply with the requirements for effecting service of process on it as set forth in the Federal Rules of Civil Procedure. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This rule has been made applicable in adversary proceedings by Rule 7004. *See* Fed. R. Bankr. P. 7004(a)(1).

The Trustee filed its Original Complaint in the Adversary Proceeding on March 2, 2025, thus to comply with Rule 4(m), service had to be accomplished by June 2, 2025—90 days after filing. The Trustee failed to comply with this requirement and did not obtain a summons until July 31, 2025, and did not execute service on Movants until August 7, 2025, well outside the allowed time period. *See* Docs. 33, 58. Because the Trustee did not properly serve Movant within the

---

[2] In the event this proceeding is not dismissed, Movant intends to file a Motion for Permissive Abstention and, in the alternative, a Motion to Withdraw the Reference pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 157(d) respectively. Harris Farms is a Kentucky citizen, which has not filed a proof of claim in the Bankruptcy Case and intends to demand a jury trial should these claims against it move forward. Additionally, Movant intends to seek transfer of this action to Kentucky as it is a more appropriate and convenient venue given the facts and witnesses relevant to these claims. If the case is dismissed and the Trustee refiles the case in Bankruptcy Court or any other court of competent jurisdiction, Movant expressly reserves its right to file any and all appropriate motions under FRCP 12.

applicable 90-day period, the Court should dismiss the claims against it unless the Trustee can prove it had good cause for its failure. *See e.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)("'When service of process is challenged, the serving party bears the burden of proving ... good cause for failure to effect timely service.' Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'")(quoting *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir.1990) (per curiam) and *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985) (emphasis omitted)).

There is no indication that the Trustee made any attempts to serve Harris Farms prior to the June 2, 2025 deadline, and so there can be no contention by the Trustee that service was delayed by any act on the part of Movant. In analyzing this rule, courts have noted that "'[t]he rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action.'" *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988) (quoting *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985)). Here, the Trustee simply failed to act with the necessary diligence to obtain the summonses and effect service, and so the claims against Harris Farms must be dismissed.

Lastly, Harris Farms notes that the execution of service upon it does not relieve the Trustee of the consequences of its failure to timely serve process in this Adversary Proceeding. *See Id*. at 332 (noting that Rule 4(m) "applies equally to defendants who were never served and defendants who were served after the [relevant] period had lapsed. [Otherwise], the ability of a defendant to move for dismissal of an action for failure to comply with Rule 4[(m)] would be virtually meaningless, since many defendants will not be aware that an action is pending until they are served."). The *Geiger* court found this was in line with Fifth Circuit reasoning "that 'the only exception to Rule 4[(m)] dismissal is good cause for failure to serve within the [90] days. Later

service or later knowledge by the defendant is irrelevant to that.'" *Id*. (quoting *Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir.1985)).

### III. CONCLUSION

Because the Trustee failed to comply with Federal Rule of Civil Procedure 4(m) and timely effect service upon Keith Harris Farms Inc. in this Adversary Proceeding, Movant respectfully asks the Court to dismiss all claims and causes of action asserted against it in this action without prejudice. Movant further requests any such other or further relief to which it may be justly entitled at law or in equity.

Dated: August 29, 2025

Respectfully submitted,

**MULLIN HOARD & BROWN, L.L.P.**
Steven L. Hoard, TSB No. 09736600
shoard@mhba.com
P. O. Box 31656
500 S. Taylor, Suite 800, LB 213
Amarillo, TX 79120-1656
(806) 372-5050 - Telephone
(806) 372-5086 - Facsimile

By: /s/ *Steven L. Hoard*
    Steven L. Hoard

***Attorneys for Keith Harris Farms, Inc.***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 29th day of August 2025, a true and correct copy of this Motion to Dismiss was served on all counsel of record through the Court's ECF service.

/s/*Steven L. Hoard*
    Steven L. Hoard