MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
*Counsel for Wildforest Cattle Co., LLC and Sam Brown*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br><br>*Defendants*. | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett |

**DEFENDANTS WILDFOREST CATTLE CO., LLC and SAM BROWN'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc. (collectively referred to herein as "the Bankruptcy Case").

COME NOW Wildforest Cattle Co., LLC ("Wildforest") and Sam Brown ("Brown") (collectively, "Movants") and file this Motion to Dismiss ("the Motion") the claims brought against them in the above-captioned adversary proceeding for insufficient service of process pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), which are made applicable to this adversary proceeding through Federal Bankruptcy Rules of Procedure 7004(a) and 7012. In support of the Motion, Movants would respectfully show the Court as follows:

## I.    INTRODUCTION & BACKGROUND

1. Plaintiff Kent Ries, Chapter 7 Trustee for the Bankruptcy Estates of McClain Feed Yard, Inc., McClain Farms, Inc, and 7M Cattle Feeders, Inc. ("Plaintiff" or "the Trustee") filed the Original Complaint in this Adversary Proceeding No. 25-02003-swe ("the Adversary Proceeding") on March 2, 2025. [Doc. 1].

2. The March 2, 2025 Original Complaint named Movants, among many others, as defendants in the Adversary Proceeding and asserted causes of action against them for fraudulent transfers and preference claims. *See* Doc. 1 ¶¶ 76 – 81; 87 – 91.

3. More than a month later, before any summonses had been issued, the Trustee filed an Amended Complaint on April 25, 2025, which included the same causes of action. [Doc. 9].

4. The docket in the Adversary Proceeding reflects that the summonses for Movants to appear in this action were first issued on July 31, 2025, approximately 150 days after the Original Complaint was filed. *See* Doc. 35, 36.

5. Federal Rule of Civil Procedure 4(m) requires a plaintiff to attempt to diligently serve a defendant within ninety days of filing the complaint in an action, and this rule applies to adversary proceedings pursuant to Bankruptcy Rule of Procedure 7004(a).

6. The Trustee did not serve or attempt to reach an agreement with Movants regarding service in this Adversary Proceeding until well after the ninety-day period set by Rule 4(m) had lapsed.

7. As outlined below, the Trustee violated Rule 4(m) and failed, without good cause, to take timely action to effect service or obtain a waiver of service on Movants. Accordingly, the claims asserted against Movants in the Adversary Proceeding should be dismissed without prejudice.

## II.    ARGUMENT & AUTHORITIES

The causes of action asserted against Wildforest and Brown in the Adversary Proceeding should be dismissed because the Trustee did not comply with the requirements for effecting service of process on them as set forth in the Federal Rules of Civil Procedure. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This rule has been made applicable in adversary proceedings by Rule 7004. *See* Fed. R. Bankr. P. 7004(a)(1).

The Trustee filed its Original Complaint in the Adversary Proceeding on March 2, 2025, thus to comply with Rule 4(m), service had to be accomplished by June 2, 2025—90 days after filing. Courts have indicated that this deadline applies equally to the filing of an executed waiver of service. *See e.g., Avdeef v. Cole*, No. 3:24-cv-1029-S-BN, 2024 WL 5348232, at * 1 (N.D. Tex.)("Under the Federal Rules of Civil Procedure, [a plaintiff's] deadline to effect service and to file proof of service in accordance with Federal Rule of Civil Procedure 4(l) *or an executed waiver of service* [is 90 days after filing]."(citing Fed. R. Civ. P. 4(m))(emphasis added). The Trustee failed to comply with this requirement and did not obtain a summons until July 31, 2025, and then on

August 6, 2025 entered a stipulation with Movants waiving service of summons. *See* Docs. 35, 36, 41. Because the Trustee did not properly serve Movants or execute a waiver of service within the applicable 90-day period, the Court should dismiss the claims against them unless the Trustee can prove it had good cause for its failure. *See e.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)("'When service of process is challenged, the serving party bears the burden of proving ... good cause for failure to effect timely service.' Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'")(quoting *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir.1990) (per curiam) and *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985) (emphasis omitted)).

There is no indication that the Trustee made any attempts to serve Movants or enter into a stipulation regarding service prior to the June 2, 2025 deadline, and so there can be no contention by the Trustee that service was delayed by any act on the part of Movant. In analyzing this rule, courts have noted that "'[t]he rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action.'" *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988) (quoting *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985)). Wildforest is a publicly registered company, and its registered agent is Brown. Furthermore, Wildforest has filed a claim in the Bankruptcy Case wherein its counsel (with whom the Trustee eventually stipulated) has appeared to accept service of a subpoena. Accordingly, the Trustee has been in possession of all necessary information to either serve Movants or seek a waiver of service since the inception of this case but failed to do so until well after the deadline for timely service had passed. The Trustee failed to act with the necessary diligence required by Rule 4(m) and so the claims against Movants must be dismissed.

### III.  CONCLUSION

Because the Trustee failed to comply with Federal Rule of Civil Procedure 4(m) and timely effect service upon Movants or timely obtain a waiver of service in this Adversary Proceeding, Movants respectfully ask the Court to dismiss all claims and causes of action asserted against them in this action without prejudice. Movants further request any such other or further relief to which it may be justly entitled at law or in equity.

Dated: September 30, 2025

Respectfully submitted,

**MULLIN HOARD & BROWN, L.L.P.**
Steven L. Hoard, TSB No. 09736600
shoard@mhba.com
P. O. Box 31656
500 S. Taylor, Suite 800, LB 213
Amarillo, TX 79120-1656
(806) 372-5050 - Telephone
(806) 372-5086 - Facsimile

By: /s/ *Steven L. Hoard*
     Steven L. Hoard

***Attorneys for Wildforest Cattle Co., LLC and Sam Brown***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 30th day of September 2025, a true and correct copy of this Motion to Dismiss was served on all counsel of record through the Court's ECF service.

/s/*Steven L. Hoard*
     Steven L. Hoard