David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR THOMAS THORLAKSON*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    Debtors. | Case No. 23-20084-swe<br>Chapter No. 7<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    *Plaintiff,*<br><br>                v.<br><br>ANGELA ROBINSON, TERRY ROBINSON, REBECCA ROBINSON, 2B FARMS, ARNOLD BRAUN, ARNOLD BRAUN TRUST, ROBERT BRUAN, C HEART RANCH LLC, COLETTE LESH F/K/A COLETTE BROOKS, JAN LESH, GARY LESH, JARED LESH, LESH TRUCKING, JOEL LESH, LAZY J ARENA, MORRISON CAFÉ, LLC, GARY LESH TRUST, LESH FAMILY TRUST, KATIE | Adversary Proc. No. 25-02003-SWE |

| | |
|---|---|
| LESH, JORDAN LESH, JARED LESH COWHORSES, INC., GRAY BROTHERS CATTLE, GRAY FAMILY TRUST, RONNIE GRAY, ROBERT GRAY, BRADLEY GUNGOLL, GUNGOLL CATTLE CO. LLC, WADE GUNGOLL, WILLIAM GUNGOLL, WYATT GUNGOLL, CORY JESKO, JEFF JESKO, DWIGHT JESKO, PATRICIA JESKO, DANIEL JESKO, DANIEL JESCO FARMS, DON JONES TRUCKING, INC., CURT JONES, KINSEY JONES, CURTIS JONES FARMS, DON JONES FARM, INC., DON JONES, JONES FAMILY CATTLE, RIDGEFIELD CAPITAL ASSET MANAGEMENT, L.P., ROBERT ELLIS, ELIZABETH ELLIS, ROBERT AND ELIZABETH FAMILY FOUNDATION, TGF RANCH, THOMAS FRITH, WILDFOREST CATTLE CO., LLC, SAM BROWN, COLBY VANBUSKIRK, LYNDAL VANBUSKIRK, JANET VANBUSKIRK, FRANK VANBUSKIRK, SUSAN VANBUSKIRK, SAM VANBUSKIRK, CHARLES LOCKWOOD, NIKKI LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, PRIEST VICTORY INVESTMENT, LLC, PRIEST CATTLE COMPANY, LTD., COREY PRIEST, TYLER PITTMAN, PITTMAN FARMS, DAC83 LLC, OPEN A ARENA, LLC, DOUG PRITCHETT, 2DEEP CONSTRUCTION LLC, BRANDON DUFURRENA, RIETA DUFURRENA, ED DUFURRENA, SCARLET & BLACK CATTLE, LLC, RED RAIDER CATTLE, LLC, CARRAWAY CATTLE LLC, RICHARD CARRAWAY, ROBERT CARRAWAY, GENE BROOKSHIRE FAMILY LP, JOEL BROOKSHIRE, CARLA BROOKSHIRE, PHILIP RAPP, RAPP RANCH, BIG SEVEN CAPITAL PARTNERS, LLC, BRYAN BLACKMAN, BRAVO GOLF AVIATION LLC, DENNIS BUSS, EDWIN BUSS, BETTYE BUTLER, BILLY BUTLER, CALEB LITTLE, | |

2

| | |
|---|---|
| DANNIE WINFREY, DIAMOND B PRODUCTIONS LLC, ERIC DEJARNATT, EDWIN STEWART, ERNEST GARD, GALE FORCE QUARTER HORSES, GARWOOD CATTLE COMPANY, J&S INVESTMENTS, JIM RININGER, JIMMY GREER, PEGGY GREER, JOE BURNETT, DUSTIN JOHNSON, KEITH HARRIS FARMS, MAP ENTERPRISES, INC., MICHAEL COOPER, PATRICK BAKER, RALPH REISZ, VERONICA REISZ, ROBERT STEWART, ROGER WELCH, ROSE VALLEY RANCH, SAWMILL CREEK LLC, SCOTT STEWART, SCOTT LIVESTOCK COMPANY, INC., STANLEY KEITH MYERS, TOMMY MANION RANCH, INC., BRENT BURNETT, CODIE PERRY, MYKEL TIDWELL, RICK RODGERS, STANLEY AYERS, THORLAKSON DIAMOND T FEEDERS, LP, WILEY ROBY RUSSELL JR., WILEY ROBY RUSSELL, JR. AS TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST, WJ PERFORMANCE HORSES, HEARTLAND COOP, LAND O LAKES AG SERVICE, REINERT HAY CO., VET INDUSTRIES FEED & SUPPLY, WHITE ENERGY, CRYSTAL MCCLAIN, CHELSEA MCCLAIN, PIPER MCCLAIN, KRISTIN MCCLAIN, COLTON SCOTT LONG, SCOTT SKINNER, KEELING CATTLE FEEDERS, THOMAS THORLACKSON, JARED GRELL, JOHN TIDWELL, KINGDOM TRUST COMPANY, MARK FRICOUF, MICHAEL EVANS WILLIAM WEDDINGTON, NATHAN MICHAEL HOYLE, JOSHUA RAY DRAKE, DRAKE CATTLE COMPANY, PEREZ LIVESTOCK LLC, AND SUSAN H. FOSTER,<br><br>    *Defendants* | |

3

**DEFENDANT THOMAS THORLAKSON'S BRIEF IN SUPPORT OF HIS RULE 12(b) MOTION TO DISMISS TRUSTEE'S FIRST AMENDED COMPLAINT [Dkt. 9]**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Thomas Thorlakson (misspelled in the style of this adversary as "Thomas Thorlackson") files this Brief in Support of his Rule 12(b)(6) Motion to Dismiss Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief [Dkt. 9] ("Complaint"), which such motion is filed concurrently with this brief, and in support of same would show as follows:

**I.
SUMMARY**

1. Trustee's Complaint makes a single factual allegation as to Thomas Thorlakson individually, but does not allege any cause of action against him and does not seek any relief against him. As a result, Trustee has failed to state a claim for which relief may be granted, and the Court should dismiss the claim.

**II.
ARGUMENT AND AUTHORITIES**

**Legal Background**

2. A court has authority to dismiss a suit for failure to state a claim if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3. (2007). Trustee's allegations, even if assumed to be true,[1] fail to support a plausible claim for which this Court may grant relief. *See Twombly*, 550 U.S. at

---

[1] Mr. Thorlakson addresses as pleaded the alleged facts as set forth in Trustee's Complaint solely for the purposes of this brief. Mr. Thorlakson reserves his admissions or denials of such pleaded alleged facts to its answer pursuant to the due order of pleading of Rule 12.

4

570 (plaintiff must allege enough facts to make a claim plausible on its face; merely making a claim conceivable is not enough). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3.  Therefore, Mr. Thorlakson's motion to dismiss for failure to state a claim should be granted.

## Complaint Fails to State Any Claim as to Mr. Thorlakson

### 1. *Trustee alleges almost no facts as to Mr. Thorlakson.*

4.  Besides the style of the case, Mr. Thorlakson appears only once in Trustee's 101-paragraph Complaint. Dkt. 9 at 31. At Paragraph 52, in the factual recitation portion of the Complaint, under the heading "Cattle Reclamation / Conversion," Trustee alleges that a number of defendants appearing in a table "are believed to have taken possession of certain cattle of the Debtors' and/or otherwise had possession of the Debtors' cattle and have attempted to retain the cattle and/or their proceeds." Dkt. 9 at 31. Mr. Thorlakson is 1 of 13 defendants listed in the table as part of the paragraph. Dkt. 9 at 31. Mr. Thorlakson does not appear again in the Complaint either by name or by reference.

### 2. *No cause of action is asserted as to Mr. Thorlakson.*

5.  The only cause of action that is asserted as to any defendants appearing in the table at Paragraph 52 appears at paragraphs 80 through 84 and is limited to only certain defendants, identified by the Trustee as "Investor Preference Defendants." *See* Dkt. 9 at 50-52. Investor Preference Defendants is a defined term consisting of defendants listed in a table in Paragraph 79. Dkt. 9. At 46-50. Thomas Thorlakson is not listed as an Investor Preference Defendant.

6. Further, even if the heading to Paragraph 52 identifies a claim for "conversion," which Mr. Thorlakson denies, such is still insufficient to survive a Rule 12(b)(6) motion. Mere labels and conclusions or formulaic recitations of elements are insufficient to show grounds for the plaintiff to be entitled to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 & n. 3. Here, Trustee's Complaint has only the label; it does not even rise to the level of conclusion or formulaic recitation that the *Iqbal* and *Twombly* Courts have told us is still insufficient.

### 3. *No relief is sought as to Mr. Thorlakson.*

7. Finally, Trustee does not assert any relief as to Mr. Thorlakson. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain[] a demand for the relief sought, which may include relief in the alternative or different types of relief.") The only relief that is sought relating to any retained or reclaimed cattle is specifically sought in the form of a judgment "avoiding, preserving and awarding a money judgment against each of the Investor Preference Defendants for the value of . . . the reclaimed/retained cattle." Dkt. 9 at 63. As discussed above, Mr. Thorlakson is not named as an "Investor Preference Defendant," according to the Complaint.

8. Therefore, for each of the independent reasons discussed above—because the Trustee has failed to allege any operative facts giving rise to relief against Mr. Thorlakson, identify any cause of action on which relief may be granted against Mr. Thorlakson, or seek any relief as to Mr. Thorlakson—Trustee has failed to assert any claim at all as to Mr. Thorlakson, and the Court should dismiss the Complaint against him.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Thomas Thorlakson respectfully prays that Trustee's Complaint as to Mr. Thorlakson be dismissed with prejudice, that all relief sought by

6

Trustee as to Mr. Thorlakson be denied, and for the Court to award any and all further relief, legal and equitable, including attorney's fees and cost of suit to which Mr. Thorlakson may entitled.

        Respectfully submitted,

**NAMAN HOWELL SMITH & LEE, PLLC**
8310 N. Capital of Texas Hwy., Ste. 490
Austin, Texas 78731
(512) 479-0300; FAX (512) 474-1901
Email: dlebas@namanhowell.com

By: */s/ David L. LeBas*
David L. LeBas
State Bar No. 12098600
Michael Duncan
State Bar No. 24097628

**Attorneys for Defendant Thomas Thorlakson**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in the case.

*/s/ David L. LeBas*
David L. LeBas