# Defendants' Rule 4(m) Motions to Dismiss Should Be Denied

**Defendants Rule 4(m) Motions to Dismiss**

*(ECF Nos.: 70-73, 85, 87, 96, 127, 128)*

*Alan Dabdoub*

*Special Counsel to the Ch. 7 Trustee*

*Lynn Pinker Hurst & Schwegmann*

*January 16, 2026*

1

# Three Categories of Movants

- Brent Burnett
- Caleb Little
- Eric DeJarnatt
- Garwood Cattle Co.
- Joe Burnett
- John Tidwell
- Jones Family Cattle
- Mykel Tidwell
- Patricia Jesko
- Patrick Baker
- Pittman Farms
- Reinert Hay Co.
- Rick Rodgers
- Stanley Keith Myers
- Tyler Pittman

- Sam Brown
- Wildforest Cattle Co., LLC
- Kinsey Jones
- Curtis Jones
- Curtis Jones Farms
- Don Jones Farm, Inc.
- Don Jones
- Don Jones Trucking, Inc.
- Jones Family Cattle

- Keith Harris Farms, Inc.
- Stanley Keith Myers
- J&S Investments
- Cory Jesko
- Jeff Jesko
- Dwight Jesko
- Thomas Frith
- TGF Ranch, LLC
- Stanley Ayers

**Timely Waived Service**

**Timely Requested Summons**

**Others**

2

# Three Reasons Motions Should Be Denied

1) **No outrageous delays or contumacious conduct**

2) **No prejudice to defendants**

3) **Equitable treatment of defendants and creditors consistent with Bankruptcy Code**



3

# The Fifth Circuit Has A Heightened Standard for Dismissal With Prejudice

# Heightened Standard Applies Here

Brief ISO MTD (ECF No. 81)

22.  The Trustee filed the Original Complaint 57 days before the statute of limitations ran and filed the Amended Complaint 3 days before the limitations period ended.  If the Court grants the Trustee additional time to serve the Movants, the practical effect would be to significantly extend the statutory deadline for the Trustee's bringing claims against the Movants and would deprive them of the finality to which they are entitled. The only appropriate remedy is to enforce—and uphold the integrity of—the rule that was blatantly violated.

5

# Heightened Standard

the discretionary provisions of Rule 4(m). Millan argues, and USAA GIC agrees, that **\*326** where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice.[5] *See Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976) ("where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice.").



**Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008)**

6

# Limited Discretion to Dismiss With Prejudice

reviewing a dismissal with prejudice."). **We have recognized that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."** *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.1980). **Consequently, this Court has limited district courts' discretion to dismiss claims with prejudice.** *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986).



**Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008)**

7

## Dismissal Warranted Only Where Clear Record of Delay or Contumacious Conduct
# PLUS More

A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.' " *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir.1981) (quoting *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir.1967), and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir.1970)). Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *McGlathery*, 792 F.2d at 474.



**Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008)**

8

# Clear Record of Delay:
## "Egregious," or "outrageous" delay involving "significant period of total inactivity"

*1. Clear record of delay or contumacious conduct*

**[7]**    This Court has recognized that "delay which warrants dismissal with prejudice **\*327** must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.' " *McNeal v. Papasan,* 842 F.2d 787, 791 (5th Cir.1988) (quoting *John v. Louisiana,* 828 F.2d 1129, 1131 (5th Cir.1987)). Our precedents have generally reserved dismissals with prejudice for "egregious and sometimes outrageous delays." *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir.1982). "In short, these are cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Id.*



**Millan v. USAA Gen. Indem. Co.**

9

# Contumacious Conduct Is...

1) **Willfulness, outright refusal to comply with the applicable rules, or repeated resistance to authority.** *See Beck v. ISC Constructors, LLC*, No. 1:14-CV-174, 2015 WL 1088846, at *6 (E.D. Tex. Mar. 4, 2015)

2) *See also Reynolds v. Lasalle Mgmt. Co., LLC*, **No. 3:12–cv–2991, 2014 U.S. Dist LEXIS 152026, *6 n.2 (W.D.La. Sept. 30, 2014) (defining contumacious conduct as "willful disobedience of a court order.") (citing BLACK'S LAW DICTIONARY (9th ed. 2009)).**

10

# No Egregious Delay Or Contumacious Conduct Warranting Dismissal With Prejudice

# Trustee Performed Substantial Work That Led To Two Adversaries Being Filed March 2025

1)  **Incomplete records in poor condition**

2)  **Trustee pursued Rule 2004 discovery to obtain further knowledge of Debtors' pre-bankruptcy transactions**

3)  **Trustee undertook considerable forensic accounting analyses; then filed two adversaries in March 2025**

12

# No Egregious Delay

- Moving defendants were served within 158 days, i.e., **_only a two-month delay_**

  - March 2, 2025: Original Complaint filed

  - April 25, 2025: Amended Complaint filed

  - April 28, 2025: § 546 Limitations Deadline

  - May 31, 2025: 90th day after filing

  2 months
  - July 24, 2025: 90th day after Amended Complaint

  2 weeks
  - August 7, 2025: Service mailed (ECF 53-65)

> "... Delay which warrants dismissal with prejudice must be longer than just a few months ..."
>
> **Millan v. USAA Gen. Indem. Co.**

13

# *Beck v. ISC Constructors, LLC*, No. 1:14-CV-174, 2015 WL 1088846, at \*2 (E.D. Tex. Mar. 4, 2015)

1) Like here, 150 days between FAC filing and service; about 30 days late in service.

2) Movant contended it was not properly served until almost five months later, and for the first time placed on notice that it would be required to defend this action.

3) Numerous related cases and administrative difficulties caused by stays, severances, and consolidations.

4) While the Court observed that failure to follow procedural rules are certainly inexcusable, the Court found the negligence and carelessness did not appear to be intentional.

14

# *Beck v. ISC Constructors, LLC*, No. 1:14-CV-174, 2015 WL 1088846, at *2 (E.D. Tex. Mar. 4, 2015)

1) Movant was a party in several other related cases; so not wholly in the dark regarding progress of plaintiffs' claims. No scheduling order in place and scheduling orders were only recently issued in other cases against movant; Court found there would be sufficient time and opportunity for movant to engage in the necessary discovery.

2) Court recognized dismissal as a sanction is reserved for the most egregious of cases, usually where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.

3) Concluded that although plaintiffs were untimely in serving movant and did not exhibit good cause, there was not a clear record of delay or evidence of contumacious conduct justifying dismissal. Court found none of the necessary aggravating factors exist which would support such a harsh sanction.

15

# No Delay Requesting Summons for 15 Moving Defendants

**From:** Hudson Jobe
**Sent:** Monday, May 5, 2025 1:32 PM
**To:** TXNB SWE Settings <swe_settings@txnb.uscourts.gov>
**Cc:** Chad Swoveland <cswoveland@jobelawpllc.com>
**Subject:** RE: ADV. PROC. NO. 25-02003-SWE

Ms. Bergreen –

In addition to the parties in my below email from Friday, we are ready to obtain summons and serve the parties below.  Could you please relay the message or let me know if there is a direct contact you would prefer for me to work with?  Also with respect to the default scheduling order, I do not see that one has been entered.  If possible, I would hold off on the Scheduling Order until we have completed service so that we can include parties in that discussion.  Thank you for all your help and please let me know if you need anything further from me.

- Trustee's counsel requested summons for 15 of the moving defendants on May 5, 2025

- Court coordinator on leave

- May 31, 2025: 90th day after filing complaint

- July 2, 2025: Court emails regarding summons

| | | |
|---|---|---|
| BETTYE BUTLER | HEARTLAND COOP | PITTMAN FARMS |
| BILLY BUTLER | JARED GRELL | RALPH REISZ |
| BRAVO GOLF AVIATION LLC | JOE BURNETT | REINERT HAY CO. |
| BRENT BURNETT | JOEL LESH | RICK RODGERS |
| CALEB LITTLE | JOHN TIDWELL | ROGER WELCH |
| CHELSEA MCCLAIN | JONES FAMILY CATTLE | ROSE VALLEY RANCH |
| CODIE PERRY | JOSHUA RAY DRAKE | SCOTT SKINNER |
| COLTON SCOTT LONG | KINGDOM TRUST COMPANY | STANLEY KEITH MYERS |
| CRYSTAL MCCLAIN | KRISTIN MCCLAIN | TOMMY MANION RANCH, INC. |
| DANNIE WINFREY | MICHAEL COOPER | TYLER PITTMAN |
| DIAMOND B PRODUCTIONS LLC | MYKEL TIDWELL | VERONICA REISZ |
| DRAKE CATTLE COMPANY | NATHAN MICHAEL HOYLE | VET INDUSTRIES FEED & SUPPLY |
| ERIC DEJARNATT | PATRICIA JESKO | WHITE ENERGY |
| ERNEST GARD | PATRICK BAKER | WILLIAM WEDDINGTON |
| GALE FORCE QUARTER HORSES | PEREZ LIVESTOCK, LLC | WJ PERFORMANCE HORSES |
| GARWOOD CATTLE COMPANY | PIPER MCCLAIN | |

**Exhibit [**COMPLETE FROM W&E LIST**]**

16



> First, although the Relator does not meet the good cause standard, there is a reasonable basis to extend the service deadline. The Complaint was unsealed on April 16, 2019, but the Clerk delayed issuing the summons until April 22, 2019. *See* Docket; ECF 13 at 18 n.8. As a result, Relator could not serve defendants for six of the ninety days. This militates against dismissal of the suit on the basis of a technicality.



**United States ex rel. Maharaj v. Estate of Zimmerman**,
427 F. Supp. 3d 625, 654 (D. Md. 2019)

# Delays In Issuing Summons
# ≠
# Dismissal With Prejudice

- Courts have held that delays in issuing summons mitigate delays in service

- Maryland court held 6-day delay in issuing summons after FCA complaint unsealed mitigated delay in service

- *See also Ellis v. Principi*, 223 F.R.D. 446, 447 (S.D. Miss. 2004) (time for service tolled while court considers *in forma pauperis* motion)

17

# No Period of Total Inactivity

| Service Related Efforts | Litigation Related Efforts |
|---|---|

**Service Related Efforts**

1. **March 2, 2025**: Emails to counsel groups regarding representations and waivers of service
2. **March 3-11, 2025**: Emails with Judge Jones' courtroom coordinator re: summons
3. **April 1, 2025**: Case transferred to this Court
4. **April 30, 2025**: Emails to counsel with amended complaint requesting waivers
5. **May 2, 2025**: Email requesting summons
6. **May 5, 2025**: Email requesting additional summons
7. **May 15, 2025**: Emails to additional attorneys with complaint requesting waivers
8. **May 2025**: Misc. emails with counsel regarding waivers
9. **July 2, 2025**: Email from court coordinator regarding summons
10. **July 2-31, 2025**: Emails with court coordinator regarding summons

**Litigation Related Efforts**

1. **March 6, 2025**: Notices of Appearance
2. **April 25, 2025**: First Amended Complaint
3. **April 30, 2025**: Stipulation including waiver for 4 defendants
4. **May 2, 2025**: Stipulation including waiver for 9 defendants
5. **May 8, 2025**: Dismissal of Robert Stewart
6. **May 13, 2025**: Dismissal of Scott Stewart
7. **May 15, 2025**: Corrected dismissal
8. **June 9, 2025**: Notice of Appearance
9. **June 30, 2025**: Defendant Phillip Rapp answers

18

# No Period of Total Inactivity: Bankruptcy Cases

## 25-02005 (now 24-02007)

1. **March 14, 2025**: Trustee's Original Adversary Complaint

2. **March 20-27, 2025**: Trustee and bank defendants stipulate to service.

3. **April 1, 2025:** Case transferred to this Court

4. **April 9, 2025**: Request for status conference

5. **May 2, 2025**: Court denies status conference

6. **May 19-30, 2025**: All four defendants move to dismiss

7. **June 4, 2025:** Motion to extend response deadlines

8. **June 9, 2025**: Notices of appearance

9. **June 16, 2025**: Trustee's First Amended Complaint

10. **June 16, 2025:** Trustee's Response to CFSB MTD

11. **July 2, 2025:** Trustee's Second Amended Complaint

12. **July 2, 2025:** Trustee's Response to HTLF MTD

13. **July 2, 2025:** Trustee's Response to Mechanics' MTD

14. **July 2, 2025:** Trustee's Response to Rabo MTD

15. **July 10, 2025:** Motion for scheduling order

16. **July 16-31, 2025:** All four defendants move to dismiss

19

# No Period of Total Inactivity: Bankruptcy Cases

## 24-02007 (pre-consolidation with 25-02005)

1. **May 2025**: Draft Trustee's Motion to Intervene and Motion to Enforce Automatic Stay

2. **May 29, 2025**: Trustee's Motion to Intervene and Motion to Enforce Automatic Stay filed

3. **June 5, 2025**: Mechanics and Rabo joinders

4. **June 9, 2025**: Intervenor-Plaintiffs' Emergency Motion to Continue June 30 hearing on Motion to Intervene

5. **June 10-11, 2025**: Joinders and objections to motion to continue hearing

6. **June 12, 2025:** Hearing on motion to continue

7. **June 30, 2025**: Plaintiffs & Intervenors respond to motion to intervene

8. **July 14, 2025**: Trustee's Reply ISO Motion to Intervene

9. **July 1-17, 2025**: Conferrals with counsel re: motion to intervene

10. **July 17, 2025:** Hearing on Motion to Intervene

11. **July 28, 2025**: Status conference consolidating adversary proceedings

20

# No Evidence of Contumacious Conduct

1) **No willfulness, outright refusal to comply with the applicable rules, or repeated resistance to authority.**

2) **No willful disobedience of a court order.**

3) **Trustee's counsel worked in good faith with the Court.**

21

# Defendants Will Not Be Prejudiced If The Time For Service Is Extended.

22

# No Prejudice to Defendants

- All face potential 4-year SOL on state-law fraudulent transfer claims

- Most filed USDA Claims or Proofs of Claim

- Most were subject to Rule 2004 discovery

- Some agreed to waive service within 90-days

- None allege they were unaware

- No evidence of actual prejudice

- **Defendants don't even allege actual prejudice.**

"Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."

Millan v. USAA Gen. Indem. Co.

23

# No Prejudice:
# Defendants Subject to State-Law Claims

- Defendants could not rest easy even if this case dismissed.

- Defendants face potential exposure to creditors' state-law fraudulent-transfer claims.

- Tex. Bus. & Comm. Code § 24.010: Four-year statute of repose (with one-year discovery rule)

24

# No Prejudice:
# POCs, USDA Claims & Rule 2004 Discovery

- 20 Moving Defendants (or their related entities) filed USDA Claims

- 15 Moving Defendants (or their related entities) filed Proofs of Claim

- 22 Moving Defendants subject to the Court's Rule 2004 discovery order

- Trustee's discovery briefing set forth basis of fraudulent transfer claims.

- These defendants were on notice of the bankruptcy and the Trustee's, Rabo's, and others' efforts to claw back property from third parties

- Would be inequitable for these parties to maintain their claims but shed liability

| Defendants | 2004 Order? | USDA Claim? | Proof of Claim? |
|---|---|---|---|
| Brent Burnett | Y | Y | Y |
| Caleb Little | N | N | N |
| Cory Jesko | Y | Y | Y |
| Curtis Jones | SEE FARMS | SEE FARMS | N |
| Curtis Jones Farms | Y | Y | Y |
| Don Jones Farms Inc. | Y | Y | Y |
| Don Jones Trucking Inc. | Y | Y | Y |
| Donald Jones | SEE FARMS/TRUCK | SEE FARMS/TRUCK | N |
| Dwight Jesko | Y | Y | Y |
| Eric Dejarnatt | Y | Y | Y |
| Garwood Cattle Co. | Y | N | N |
| J&S Investments | N | N | N |
| Jeff Jesko | N | N | N |
| Joe Burnett | Y | Y | Y |
| John Tidwell | Y | Y | Y |
| Jones Family Cattle, LLC | N | N | N |
| Keith Harris Farms, Inc. | Y (KEITH HARRIS) | N | N |
| Kinsey Jones | Y | Y | Y |
| Mykel Tidwell | Y | Y | Y |
| Patricia Jesko | SEE DWIGHT J. | N | N |
| Patrick Baker | N | N | N |
| Pittman Farms | N | N | N |
| Reinert Hay Co. | N | N | N |
| Rick Rodgers | Y | N | N |
| Sam Brown | SEE WILDFOREST | SEE WILDFOREST | N |
| Stanley Ayers | Y | Y | N |
| Stanley Keith Myers | N | N | N |
| TGF Ranch | Y | N | N |
| Thomas Frith | SEE TGF Ranch | Y | N |
| Tyler Pittman | N | N | N |
| Wildforest Cattle Co. | Y | Y | Y |

25

## No Prejudice:
### Jones Defendants Waived Service

- The Jones Defendants agreed to accept (waive) service within 90 days of the filing of the complaint.

From:      Steve Hoard
To:        Hudson Jobe
Cc:        Chad Swoveland
Subject:   RE: McClain Lawsuit
Date:      Thursday, May 15, 2025 2:48:36 PM

I can now confirm that I am representing the Jones parties, and I can accept service for them. I just got back from Dallas and am dealing with some other matters this afternoon.  Can we schedule a time to talk early next week?

Steven L. Hoard
Mullin Hoard & Brown, LLP
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

**Exhibit 2-X**

26

## No Prejudice:
### Brown & Wildforest Waived Service

- Sam Brown and Wildforest Cattle Company, LLC agreed to accept (waive) service within 90 days of the filing of the complaint.

From: David Kelly <dkelly@kkhblaw.com>
Sent: Friday, May 16, 2025 9:34 AM
To: Hudson Jobe <hjobe@jobelawpllc.com>
Cc: Chad Swoveland <cswoveland@jobelawpllc.com>
Subject: RE: McClain Lawsuit

Hudson,

I represent Wildforest Cattle Company LLC and Sam Brown.  We would agree to waive service under the conditions proposed by your email below.  Wildforest Cattle Company LLC was dissolved last year by filing Articles of Dissolution with the Kentucky Secretary of State.

As far as other parties, I will have to get back to you.  I have clients who have been sued but to date, I have not been retained to represent them in this action.

Let me know if you have any questions or wish to discuss.

DAVID L. KELLY
Partner
270.448.0990 direct
270.448.8888 main
kkhblaw.com

**Exhibit 2-BB**

27

# No Evidence or Allegations of Prejudice

- No allegations of actual prejudice in Movants' pleadings nor evidence in record.

- "Prejudice" of having to defend against lawsuit is not "actual" prejudice contemplated by the Fifth Circuit.

  - "The only potential prejudice identified by USAA GIC is that of having to defend the case on its merits and the possibility of someone having to pay damages to Millan. That is not the sort of prejudice that requires dismissal." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)

- If needing to defend was enough, it would swallow the heightened standard and always prevent extensions for service even if dismissal would be with prejudice.

omitted).   In *Gartin*, a seven-month delay between filing and service was found to warrant dismissal even where it would effectively result in the plaintiff not being able to re-file its claims, in part because depriving the defendant of its expectation that it would not have to defend against an expired claim is "prejudicial by its very nature." *Gartin*, 289 Fed. App'x at 694 ("'Once the statute has run, a potential defendant who has not been served is entitled to expect he will not have to defend against the claim.  If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims.'" (quoting *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)).

    31.  Here, the Trustee's five-month delay has the same effect and is therefore prejudicial to the MHB Defendants "by its very nature." *Id.; see also King*, 2016 WL 11581949, at *4.

**ECF No. 138 (Reply ISO MTD)**

28

# Conclusion – MTDs Should Be Denied

**Under the required heightened standard that governs here:**

1) **No outrageous delay involving significant period of total inactivity**

2) **No contumacious conduct**

3) **No aggravating circumstances**

    1) **Not fault of Trustee**

    2) **No actual prejudice to movants**

    3) **No intentional conduct**

29