Benjamin H. Davidson
bdavidson@mhbg.com
State Bar No. 05430590
MCCLESKEY, HARRIGER, BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

*Counsel for Patrick Baker*

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **MCCLAIN FEED YARD, INC.,** | : | **CHAPTER 7** |
| **MCCLAIN FARMS, INC., AND** | : | |
| **7M CATTLE** | : | **CASE NO. 23-20084-SWE** |
| **FEEDERS, INC.** | : | |
| | : | |
| **DEBTORS**[1] | : | **JOINTLY ADMINISTERED** |

| | | |
|---|---|---|
| **KENT RIES, CHAPTER 7** | : | |
| **TRUSTEE FOR THE** | : | |
| **BANKRUPTCY ESTATES OF** | : | |
| **MCCLAIN FEED YARD, INC.,** | : | |
| **MCCLAIN FARMS, INC., AND** | : | |
| **7M CATTLE FEEDERS, INC.** | : | |
| | : | **AD. PRO. NO. 25-02003-SWE** |
| **PLAINTIFF** | : | |
| v. | : | **HON. SCOTT W. EVERETT** |
| | : | |
| **ANGELA ROBINSON, ET AL.** | : | |
| | : | |
| **DEFENDANTS** | : | |

### DEFENDANT PATRICK BAKER'S ANSWER TO THE FIRST AMENDED
### COMPLAINT AND AFFIRMATIVE DEFENSES

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc., (Case No. 2320885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc

Defendant Patrick Baker ("Baker") files this Answer in response to the Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief [DKT. 9] (the "Complaint"), and states as follows in support of same:

In response to the specific allegations in the Complaint, and without waving his defenses, Baker states the following:

## SUMMARY

1. The allegations contained in Paragraph 1 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

2. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 2 of the Complaint that "Debtors operated a massive Ponzi scheme involving purported investments and cattle" and therefore denies the same. The remainder of the allegations in said paragraph are statements of opinion and belief and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

4. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 4 of the Complaint that "Debtors were running a Ponzi scheme and paid investors and other parties with funds from other investors" and therefore denies the same. Baker further denies the remaining allegations of said paragraph.

5. The allegations contained in Paragraph 5 through Paragraph 13 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

## JURISDICTION AND VENUE

6. Baker admits the allegations in Paragraph 14 and Paragraph 15 of the Complaint.

## INVESTOR PARTIES

7. In response to Paragraph 16 of the Complaint, Baker admits he was an investor with the Defendants and is a party to this lawsuit. He denies that he received $554,870.19. Baker lacks sufficient information to form a belief or opinion about the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

8. The allegations contained in Paragraph 17 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

## VENDOR PARTIES

9. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

## FAMILY MEMBER PARTIES

10. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

## CORRECTED PARTIES

11. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.To the extent the

allegations in said paragraph are based on public records, Reinert Hay does not deny the contents of those records, which speak for themselves.

## HISTORY OF THE MCCLAIN DEBTORS

12. Baker admits the allegations in Paragraph 21 of the Complaint.

13. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 21 through Paragraph 25 of the Complaint and therefore denies the same.

## OTHER PLAYERS IN THE PONZI SCHEME

14. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 26 through Paragraph 30 of the Complaint and therefore denies the same.

## THE PONZI SCHEME

15. As for Paragraph 31, Baker denies there was a "partnership agreement" between him and the Debtors. Baker admits the remaining allegations in Paragraph 31 of the Complaint. He lacks sufficient information to form a belief or opinion of the truth of the allegations as for any other investors and therefore denies them.

16. As for himself, Baker admits the allegations in Paragraph 32 of the Complaint. He lacks sufficient information to form a belief or opinion of the truth of the allegations as for any other investors and therefore denies the same.

17. As for himself, Baker denies the allegations in Paragraph 33 of the Complaint. He lacks sufficient information to form a belief or opinion of the truth of the allegations as for any other investor.

18. As for himself, Baker admits he had a verbal agreement with the Debtors. He denies that his verbal agreement was on terms similar to the written agreement as alleged in Paragraph 34

of the Complaint. He admits he sent money to the Debtors to purchase cattle on his behalf and that the Debtors were to feed them, sell them, and then split the profits with him. He denies anyone told him these arrangements were "future contracts." Baker lacks sufficient information to form a belief or opinion of the truth of the allegations as for any other investor and therefore denies the same.

19. Baker lacks sufficient information to form a belief or opinion of the truth of the allegations in Paragraph 35 and therefore denies the same.

20. As for Paragraph 36, Baker admits that the Debtors were to purchase cattle on his behalf. He lacks sufficient information to form a belief or opinion of the truth of the allegations as for the other investors and therefore denies the same. The remainder of the allegations in Paragraph 36 are legal conclusions, and a response is not required. To the extent that a response is required, Baker denies the allegations.

21. The allegations contained in Paragraph 37 of the Complaint are informational in nature or are legal conclusions and accordingly a response to the same is not required. To the extent that a response is required, Baker denies the allegations.

22. The allegations contained in Paragraph 38 of the Complaint are informational in nature and are legal conclusions and accordingly a response is not required. To the extent that a response is required, Baker denies the allegations.

23. As for Paragraph 39, Baker denies he ever received blank checks from the Debtors. He lacks sufficient information to form a belief or opinion of the truth of the allegations as for other investors and therefore denies them.

24. As for Paragraph 40, Baker denies he was ever promised or expected a 30 percent annualized profit on his investments and admits the Debtors always provided him with a return on

his investments. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations as for any other defendant and therefore denies the same.

25. As for Paragraph 41, Baker admits he received full returns on his investments and denies that he ever "pressed" his money. He lacks sufficient information to form a belief or opinion about the truth of the allegations and therefore denies them.

26. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 42 through 47 of the Complaint and therefore denies them.

### THE WILDFOREST/MAP CLAW BACKS

27. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 48 through 51 of the Complaint and therefore denies the same.

### CATTLE RECLAMATION/CONVERSION

28. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies the same.

### USDA CLAIMS

29. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations contained in Paragraph 53 through 54 of the Complaint and therefore denies the same.

### CHECK KITTING SCHEME

30. The allegations contained in Paragraph 55 of the Complaint are informational in nature or are legal conclusions and accordingly a response is not required. To the extent that a response is required, Baker denies the allegations.

31. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations contained in Paragraph 56 through 63 of the Complaint and therefore denies the same.

**FAMILY MEMBER TRANSACTIONS**

32. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the same.

33. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the same. To the extent that the allegations in said paragraph are based on public records, Baker does not deny the contents of those records, which speak for themselves.

34. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 66 through Paragraph 70 of the Complaint and therefore denies the same.

**COUNT 1: FRAUDULENT TRANSFER CLAIMS –
FAMILY MEMBER TRANSACTIONS**

35. The allegations contained in Paragraph 71 through Paragraph 72 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Baker denies the allegations.

36. The allegations contained in Paragraph 73 through Paragraph 75 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

**COUNT 2: ALTERNATIVE CLAIMS – FAMILY MEMBER TRANSACTIONS**

37. The allegations contained in Paragraph 76 through Paragraph 77 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

## COUNT 3: PREFERENCE CLAIMS - INVESTORS

38. The allegations contained in Paragraph 78 through Paragraph 82 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Baker denies the allegations.

39. The allegations contained in Paragraph 83 through Paragraph 84 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

## COUNT 4: PREFERENCE CLAIMS - VENDORS

40. Baker lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 85 of the Complaint and therefore denies them.

41. Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Baker denies the allegations.

42. The allegations contained in Paragraph 87 through Paragraph 89 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Baker denies the allegations.

## COUNT 5: FRAUDULENT TRANSFER CLAIMS - INVESTORS

43. The allegations contained in Paragraph 90 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Baker denies the allegations.

44. The allegations contained in Paragraph 91 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

45. As for Paragraph 92, Baker denies that any money he received from the Debtors was a fraudulent transfer and that he received a total of $544,870.19. He lacks sufficient information to form a belief or opinion of the truth of the allegations as for any other investors and therefore denies them.

46. The allegations contained in Paragraph 93 and 94 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Baker denies the allegations.

## COUNT 6: DISALLOWANCE OF CLAIM, SUBORDINATION OF CLAIM

47. The allegations contained in Paragraph 95 through Paragraph 98 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Baker denies the allegations.

## RESERVATION OF RIGHTS

48. The allegations contained in Paragraph 99 through Paragraph 101 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Baker denies the allegations.

## AFFIRMATIVE DEFENSES

Baker asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Baker has not been served. He is filing this answer without being served to put an end to the delays caused by the Trustee's dilatory conduct and to move this case forward.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because Baker did not direct or commit any actions for which there is a legal basis of liability.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because Baker did not cause any of the alleged harm to the Debtors.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because there are no compensable damages, or those damages were the result of conduct by the unsecured creditors or other interested parties and/or their failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

All or some of the Plaintiff's claims are barred by the applicable statute of limitations or statute of repose. By way of example and not limitation, under 11 U.S.C. §548(a)(1), the Trustee may assert fraudulent transfer claims going back two years from the bankruptcy filing on April 28, 2023. But all claims brought under the Texas Uniform Fraudulent Transfer Act and based upon transactions that occurred more than four years before the filing of this answer on February 23, 2026, were not "brought" within four years after the transaction was made. They are therefore extinguished. Tex. Bus. & Com. Code §24.010(a)(1). The last payment Baker received from any of the Debtors was made on or about September 3, 2020. All the Trustee's TUFTA claims against Baker are therefore extinguished.

### SEVENTH AFFIRMATIVE DEFENSE

All transfers Baker received from any Debtor were made for reasonably equivalent value and in the ordinary course of business.

### EIGHTH AFFIRMATIVE DEFENSE

All transfers Baker received from any Debtor were made when the Debtor was solvent.

### NINTH AFFIRMATIVE DEFENSE

To the extent not already set forth above, Baker asserts and incorporates by reference all affirmative defenses stated in Fed. R. Civ. P. 8, as made applicable to this proceeding by Fed. R. Bankr. P. 7008.

### TENTH AFFIRMATIVE DEFENSE

Baker asserts and incorporates by reference all defenses available to it pursuant to the Bankruptcy Code.

### PRAYER

WHEREFORE, Defendant Patrick Baker respectfully requests:

A. That the Court dismiss the Plaintiff's claims against him.

B. That the Court award him any equitable relief to which he may be entitled.

C. That he be awarded his costs, attorney's fees, and any other relief to which he may be entitled.

Respectfully submitted,

MCCLESKEY, HARRIGER,
BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

*/S/ Benjamin H. Davidson, II*

Benjamin H. Davidson, II
State Bar No. 05430590
Email: bdavidson@mhbg.com

***COUNSEL FOR PATRICK BAKER***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Answer was served this the 25TH day of February, 2026, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

*/S/ Benjamin H. Davidson, II*

BENJAMIN H. DAVIDSON, II