Benjamin H. Davidson
bdavidson@mhbg.com
State Bar No. 05430590
MCCLESKEY, HARRIGER, BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

***Counsel for Reinert Hay and Commodities, LLC***

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **MCCLAIN FEED YARD, INC.,** | : | **CHAPTER 7** |
| **MCCLAIN FARMS, INC., AND** | : | |
| **7M CATTLE** | : | **CASE NO. 23-20084-SWE** |
| **FEEDERS, INC.** | : | |
| | : | |
| **DEBTORS**[1] | : | **JOINTLY ADMINISTERED** |

---

| | | |
|---|---|---|
| **KENT RIES, CHAPTER 7** | : | |
| **TRUSTEE FOR THE** | : | |
| **BANKRUPTCY ESTATES OF** | : | |
| **MCCLAIN FEED YARD, INC.,** | : | |
| **MCCLAIN FARMS, INC., AND** | : | |
| **7M CATTLE FEEDERS, INC.** | : | |
| | : | **AD. PRO. NO. 25-02003-SWE** |
| **PLAINTIFF** | : | |
| **v.** | : | **HON. SCOTT W. EVERETT** |
| | : | |
| **ANGELA ROBINSON, ET AL.** | : | |
| | : | |
| **DEFENDANTS** | : | |

### DEFENDANT REINERT HAY AND COMMODITIES, LLC'S ANSWER TO THE
### FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc., (Case No. 2320885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc

Defendant Reinert Hay and Commodities, LLC ("Reinert Hay") files this Answer in response to the Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief [DKT. 9] (the "Complaint"), and states as follows in support of same:

In response to the specific allegations in the Complaint, and without waving its defenses, Reinert Hay states the following:

## SUMMARY

1.      The allegations contained in Paragraph 1 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

2.      Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 2 of the Complaint that "Debtors operated a massive Ponzi scheme involving purported investments and cattle" and therefore denies the same. The remainder of the allegations in said paragraph are statements of opinion and belief and accordingly a response to the same is not required. To the extent a response is required, Reinert Hay denies the allegations.

3.      The allegations contained in Paragraph 3 of the Complaint are legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

4.      Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 4 of the Complaint that "Debtors were running a Ponzi scheme and paid investors and other parties with funds from other investors" and therefore denies the same. Reinert Hay further denies the remaining allegations of said paragraph.

5.      The allegations contained in Paragraph 5 through Paragraph 13 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

## JURISDICTION AND VENUE

6.      Reinert Hay admits the allegations in Paragraph 14 and Paragraph 15 of the Complaint.

## INVESTOR PARTIES

7.      The allegations contained in Paragraph 16 of the Complaint are statements of law and fact to which no response is required.  Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the factual allegations. To the extent a response is required, Reinert Hay denies the allegations.

8.       The allegations contained in Paragraph 17 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

## VENDOR PARTIES

9.      In response to Paragraph 18, Reinert Hay admits it was a vendor for the Defendants, but it denies that the payments it recovered from the Defendants are subject to avoidance. Those payments were for hay it provided to the Debtors' cattle feeding operations in Hereford, Texas. The Debtors' payments to Reinert Hay were for reasonably equivalent value and made in the ordinary course of business. Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the remaining allegations in Paragraph 18 and therefore denies the same.

**FAMILY MEMBER PARTIES**

10.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

**CORRECTED PARTIES**

11.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same. To the extent the allegations in said paragraph are based on public records, Reinert Hay does not deny the contents of those records, which speak for themselves.

**HISTORY OF THE MCCLAIN DEBTORS**

12.     Reinert Hay admits the allegations in Paragraph 21 of the Complaint.

13.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 21 through Paragraph 25 of the Complaint and therefore denies the same.

**OTHER PLAYERS IN THE PONZI SCHEME**

14.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 26 through Paragraph 30 of the Complaint and therefore denies the same.

**THE PONZI SCHEME**

15.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 31 through 47 of the complaint and therefore denies the same.

**THE WILDFOREST/MAP CLAW BACKS**

16.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 48 through Paragraph 51 of the Complaint and therefore denies the same.

**CATTLE RECLAMATION/CONVERSION**

17.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

**THE USDA CLAIMS**

18.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 53 through 54 of the Complaint and therefore denies the same.

**CHECK KITING SCHEME**

19.     The allegations contained in Paragraph 55 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Reinert Hay denies the allegations.

20.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 56 through Paragraph 63 of the Complaint and therefore denies the same.

**THE FAMILY MEMBER TRANSACTIONS**

21.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the same.

22.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the same. However, to

the extent that the allegations in said paragraph are based on public records, Reinert Hay does not deny the contents of those records, which speak for themselves.

23.     Reinert Hay lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 66 through Paragraph 70 of the Complaint and therefore denies the same.

## COUNT 1: FRAUDULENT TRANSFER CLAIMS – FAMILY MEMBER TRANSACTIONS

24.     The allegations contained in Paragraph 71 through Paragraph 72 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required.   To the extent a response is required, Reinert Hay denies the allegations.

25.     The allegations contained in Paragraph 73 through Paragraph 75 of the Complaint are legal conclusions and accordingly a response to the same is not required.   To the extent a response is required, Reinert Hay denies the allegations.

## COUNT 2: ALTERNATIVE CLAIMS – FAMILY MEMBER TRANSACTIONS

26.     The allegations contained in Paragraph 76 through Paragraph 77 of the Complaint are legal conclusions and accordingly a response to the same is not required.   To the extent a response is required, Reinert Hay denies the allegations.

## COUNT 3: PREFERENCE CLAIMS - INVESTORS

27.     The allegations contained in Paragraph 78 through Paragraph 82 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required.   To the extent a response is required, Reinert Hay denies the allegations.

28.     The allegations contained in Paragraph 83 through Paragraph 84 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

6

## COUNT 4: PREFERENCE CLAIMS - VENDORS

29.     As for Paragraph 85, Reinert Hay admits it was a vendor of the Debtors and that it received payments from the Debtors from January 28, 2023, through April 28, 2023. It lacks sufficient information to form a belief or opinion about the truth of the other allegations in Paragraph 85 and therefore denies the same.

30.     Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Reinert Hay denies the allegations.

31.     The allegations contained in Paragraph 87 through Paragraph 89 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required.   To the extent a response is required, Reinert Hay denies the allegations.

## COUNT 5: FRAUDULENT TRANSFER CLAIMS - INVESTORS

32.     The allegations contained in Paragraph 90 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required.   To the extent a response is required, Reinert Hay denies the allegations.

33.     The allegations contained in Paragraph 91 of the Complaint are legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

34.     The allegations contained in Paragraph 92 through Paragraph 94 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required.   To the extent a response is required, Reinert Hay denies the allegations.

**COUNT 6: DISALLOWANCE OF CLAIM, SUBORDINATION OF CLAIM**

35.    The allegations contained in Paragraph 95 through Paragraph 98 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required.   To the extent a response is required, Reinert Hay denies the allegations.

**RESERVATION OF RIGHTS**

36.    The allegations contained in Paragraph 99 through Paragraph 101 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required.  To the extent a response is required, Reinert Hay denies the allegations.

**AFFIRMATIVE DEFENSES**

Reinert Hay asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Reinert Hay has not been served. It is filing this answer without being served to put an end to the delays caused by the Trustee's dilatory conduct and to move this case forward.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred because Reinert Hay did not direct or commit any actions for which there is a legal basis of liability.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred because Reinert Hay did not cause any of the alleged harm to the Debtors.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because there are no compensable damages, or those damages were the result of conduct by the unsecured creditors or other interested parties and/or their failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

All or some of the Plaintiff's claims are barred by the applicable statute of limitations or statute of repose. By way of example and not limitation, under 11 U.S.C. §548(a)(1), the Trustee may assert fraudulent transfer claims going back two years from the bankruptcy filing on April 28, 2023. But all claims brought under the Texas Uniform Fraudulent Transfer Act and based upon transactions that occurred more than four years before the filing of this answer on February 23, 2026, were not "brought" within four years after the transaction was made. They are therefore extinguished. Tex. Bus. & Com. Code §24.010(a)(1).

## SEVENTH AFFIRMATIVE DEFENSE

All transfers Reinert Hay received from any Debtor were made for reasonably equivalent value and in the ordinary course of business.

## EIGHTH AFFIRMATIVE DEFENSE

All transfers Reinert Hay received from any Debtor were made when the Debtor was solvent.

## NINTH AFFIRMATIVE DEFENSE

To the extent not already set forth above, Reinert Hay asserts and incorporates by reference all affirmative defenses stated in Fed. R. Civ. P. 8, as made applicable to this proceeding by Fed. R. Bankr. P. 7008.

## TENTH AFFIRMATIVE DEFENSE

Reinert Hay asserts and incorporates by reference all defenses available to it pursuant to the

Bankruptcy Code.

## PRAYER

WHEREFORE, Defendant Reinert Hay and Commodities, LLC respectfully requests:

A.      That the Court dismiss the Plaintiff's claims against it.

B.      That the Court award it any equitable relief to which it may be entitled.

C.      That it be awarded its costs, attorney fees, and any other relief to which it may be

entitled.


Respectfully submitted,


MCCLESKEY, HARRIGER,
BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

*/s/ Benjamin H. Davidson, II*

_____
Benjamin H. Davidson
State Bar No. 05430590
Email: bdavidson@mhbg.com


***COUNSEL FOR REINERT HAY
AND COMMODITIES, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer was served this the

25TH day of February, 2026, electronically in accordance with the method established under this

Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this

case.

*/s/ Benjamin H. Davidson, II*

BENJAMIN H. DAVIDSON