MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Flannery Nardone, TSB No. 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
fnardone@mhba.com
*Counsel for Movants*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-swe7<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br>*Defendants*. | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett |

**DEFENDANTS KEITH HARRIS FARMS INC., TYLER PITTMAN, PITTMAN FARMS, KEITH MYERS, J&S INVESTMENTS, CALEB LITTLE, SAM BROWN, DON JONES, CURTIS JONES, JONES FAMILY CATTLE, LLC, THOMAS FRITH, AND TGF**

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

**RANCH'S MOTION FOR PERMISSIVE ABSTENTION OR TO WITHDRAW THE REFERENCE OF THE COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

COME NOW Keith Harris Farms, Inc., Tyler Pittman and Pittman Farms, Keith Myers, J&S Investments, Caleb Little, Sam Brown, Don Jones, Curtis Jones, Jones Family Cattle, LLC, Thomas Frith and TGF Ranch (all referred to collectively herein as "Movants") and move the Court to permissively abstain from the above-captioned adversary proceeding styled *Kent Ries, Chapter 7 Trustee for the Bankruptcy estates of McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. v. Angela Robinson, et. al.*, Adversary Proceeding No. 25-02003-swe ("the Adversary Proceeding") pursuant to 28 U.S.C. § 1334(c)(1). Alternatively, Movants ask for a recommendation and order withdrawing the reference of the Adversary Proceeding to the United States Bankruptcy Court of the Northern District of Texas pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. In support of this Motion, Movants would respectfully show the Court as follows:

## SUMMARY OF THE ARGUMENT

The claims brought against these Movants in this Adversary Proceeding should not be litigated in this Bankruptcy Court. None of these Movants have filed a proof of claim in the bankruptcy proceedings, and the factors frequently considered by courts in determining whether permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate weigh heavily in favor of abstention in this matter as to the claims asserted against these Movants. Further, because Movants have not filed a proof of claim, they have not consented to the Bankruptcy Court's entry of a final judgment against them. Given the potential constitutional issues presented by these circumstances, this matter would more appropriately and efficiently be heard in a trial court that is better situated to manage the number of parties and issues presented. For the reasons outlined herein, the

Bankruptcy Court should abstain and/or the District Court should withdraw the reference.

## INTRODUCTION & BACKGROUND

The above-captioned jointly administered bankruptcy cases were originally filed by the Debtor's Chief Restructuring Officer on April 28, 2023 (the "Bankruptcy Case"). On April 25, 2025, Kent Ries, the Chapter 7 Trustee of the debtors' estates in the Bankruptcy Case ("the Trustee"), filed the Adversary Proceeding naming these Movants among more than one hundred "Investor" defendants. The Trustee has asserted preference claims and fraudulent transfer claims against most of these Movants in which he relies on unfounded assertions to lump these Movants together with hundreds of others. The Trustee has not asserted preference claims against Keith Myers, J&S Investments, Pittman Farms, or Tom Frith.

Each of these Movants engaged only in arms-length transactions with Debtors and each is based outside of Texas, with many residing in Kentucky, others in Kansas, and two in Michigan. Notably, none of these Movants has participated in the main Bankruptcy Case or filed a proof of claim. These Movants have a right to have a jury decide the claims asserted against them and are entitled to fully and fairly present their defense, including calling witnesses who are likely located outside of Texas.

## ARGUMENT & AUTHORITIES

**A. Permissive Abstention is Appropriate and Warranted in this Matter.**

The Court should abstain from hearing the Adversary Proceeding claims against Movants pursuant to 28 U.S.C. § 1334(c)(1). "Although the Court is not required to abstain under § 1334(c)(2), it may discretionarily decline to hear the proceeding under § 1334(c)(1). Courts have found it "clear that permissive abstention is available in core as well as noncore proceedings [as it] extends to any 'proceeding arising under Title 11 or arising in or related to a case under Title

11.'" *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 426 (Bankr. S.D. Tex 1987)(quoting 28 U.S.C. § 1334(c)(1)). Courts have outlined fourteen factors to consider in determining a request for permissive abstention:

> These factors include:
>
> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficult or unsettled nature of applicable law;
> (4) the presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) the jurisdictional basis, if any, other than § 1334;
> (6) the degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of [non-debtor] parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*In re Viper Products & Servs., LLC*, Adv. No. 22-05003, 2022 WL 2707879, at *2 (Banrk. N.D. Tex. July 11, 2022)(quoting *McVey v. Johnson*, 519 B.R. 172, 190 (Bankr. S.D. Tex. 2014) (alteration in original), *aff'd*, No. AP 14-03126, 2017 WL 2062992 (S.D. Tex. May 11, 2017)).

"No single factor is dispositive, and the Court's determination does not turn on tallying the factors on each side. Furthermore, the Court may, in its discretion, give greater weight to certain factors." *Id.* Here, the factors weigh in favor of permissive abstention.

### 1. Factors 1, 2, 5, 7, 9, 11, and 12 Favor Abstention

There will be no detrimental impact on the efficient administration of the estate should the Court abstain (Factor 1). In fact, the Bankruptcy Court will be freed to focus on issues more central

to the estate's administration rather than having to divert its time and resources to monitor litigation between the many parties involved in this Adversary Proceeding. Although the Trustee contends that preferences and fraudulent transfers in significant amounts were made to these Movants, even if the Trustee stood to recover substantial sums from these Movants (which is denied), Courts have reasoned that this is not a compelling reason to retain an adversary proceeding in a Chapter 7 case where the goal is liquidation rather than reorganization. *See e.g., Viper*, 2022 WL 2707879, at *4 (finding that potential recovery was not compelling "[i]n a liquidation [where] the outcome of the action will have minimal effect on the administration of the bankruptcy case; it will only affect the total payout to creditors.").

Moreover, at the center of the Trustee's claims are allegedly fraudulent transfers between Movants and the Debtors relating to purchase and sale of certain cattle. [Am. Comp. ¶¶ 90 – 94]. In the context of this case, those claims are largely governed by state law and either the Texas Uniform Fraudulent Transfer Act or the relevant state's Uniform Voidable Transactions Act. Accordingly, state law issues predominate over bankruptcy law in this Adversary Proceeding, and Factor 2 also favors abstention. These facts also demonstrate that Factor 7 favors abstention because, even if the claims would potentially be considered "core" proceedings based on their form, in substance they are non-core, state law matters. *See Viper*, 2022 WL 2707879, at *4 ("For abstention/remand purposes, the Court analyzes 'the substance rather than the form of an asserted core proceeding.' While the form of [a party's] claims is core… the substance of the claims is non-core—all claims arise under state common law.")(quoting *In re SBMC Healthcare, LLC*, 519 B.R. 172, 190 (Bankr. S.D. Tex. 2014)). Given the nature of these claims, they could easily be severed and decided separately, and Factor 8 also favors abstention.

Additionally, it is not clear that there is any basis for jurisdiction other than Section 1334

(Factor 5). The Trustee has sued hundreds of defendants in the Adversary Proceeding including citizens of multiple states. The Movants here include citizens of Kentucky, Kansas, and Michigan. At least one of the Debtors, 7M Cattle Feeders, Inc., was organized under Kentucky law and all the others had principal places of business in Kentucky. Therefore, there is not complete diversity between the parties so diversity jurisdiction does not apply and Movants are aware of no federal question at issue. This factor also favors abstention.

Furthermore, Movants are non-debtor parties who have not waived their rights to a jury trial of any claims. And because Movants intend to seek a trial by jury, the pursuit of these claims would place an additional burden on the Bankruptcy Court if it were required to either obtain consent of the parties to conduct a jury trial or coordinate with another court and potentially duplicate efforts to resolve these claims. This is in addition to the significant burden already posed by the sheer number of parties involved and the potential for discovery disputes and motion practice, which would likely require numerous hearings and potentially interfere with the Bankruptcy Court's ability to manage its normal bankruptcy case load. The Movants have not consented to the Bankruptcy Court entering any judgment on these claims and do not intend to do so. For these reasons factors 9, 11, and 12 all favor abstention.

B. Factors 3, 4 and 10 are Neutral

The law relating to avoidable preferences and fraudulent conveyances is neither unsettled nor particularly complex and the claims at issue could be resolved as effectively by any court of competent jurisdiction. Therefore, Factor 3 is neutral. There has not been another proceeding instituted in any other court at this time, so Factor 4 is also neutral. Lastly, the Trustee filed this Adversary Proceeding in Texas where the Bankruptcy Case is pending and does not appear to have engaged in forum shopping. While Movants believe another forum may be more suitable due to

availability of witnesses, beyond the connection of such a forum to the witnesses and Movants, there is no substantive legal benefit presented by another forum over Texas. For this reason, Factor 10 is neutral.

Because the majority of the factors to be considered by the Court weigh in favor of permissive abstention or are neutral, the Court should abstain from hearing the Trustee's claims against Movants, which claims should be dismissed without prejudice. Alternatively, to the extent this Court declines to abstain on these grounds, Movants move the District Court to withdraw the reference to the bankruptcy court for the reasons set forth below.

**B. Alternatively, the Reference to the Bankruptcy Court Should be Withdrawn.**

Withdrawal of the reference is governed by 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This statute provides for two types of withdrawals: permissive and mandatory. Here, the withdrawal would likely fall into the permissive category. Pursuant to Rule 5011-1 of the Local Rules of Bankruptcy Procedure, the Bankruptcy Court is to issue a written recommendation to the District Court on any motion to withdraw the reference, and then the final ruling is to be made by the District Court.

The Fifth Circuit has held that in considering whether the reference should be withdrawn courts "should consider the following issues: (1) whether the matter involves core, non-core, or mixed issues; (2) whether there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties'

resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process." *In re Goodman Networks, Inc.,* Adv. No. 23-03072-MVL, 2024 WL 4714326, at *3 (Bankr. N.D. Tex. Sept. 18, 2024)(citing *Holland America Insurance Company v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985)).The Local Rules also provide guidance on what factors may be considered by the Bankruptcy Court in making its determination, including:

> (1) whether any response to the motion to withdraw the reference was filed;
> (2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;
> (3) whether the proceeding is core or non-core, or both and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge;
> (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial;
> (5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial;
> (6) whether a scheduling order has been entered in the proceeding;
> (7) whether the parties are ready for trial;
> (8) whether the bankruptcy judge recommends that
>     (A) the motion be granted,
>     (B) the motion be granted upon certification by the bankruptcy judge that the parties are ready for trial,
>     (C) the motion be granted but that pre-trial matters be referred to the bankruptcy judge, or
>     (D) the motion be denied; and
> (9) any other matters relevant to the decision to withdraw the reference.

L.R. 5011-1(a).

Of particular significance here are the factors relating to the nature of the proceeding and the court's authority—because Movants have not filed a proof of claim in the Bankruptcy Case, they have not consented to the Bankruptcy Court's entry of final orders. "Pursuant to 28 U.S.C. § 157(d), a district court may … withdraw its reference of an adversary proceeding to the bankruptcy court at any time 'for cause shown.' Such cause exists where the bankruptcy court lacks the constitutional authority to enter a final order or judgment in the adversary proceeding." *In re*

*Benitez*, Adv. Pro. No. 22-04023, 2023 WL 6395906, at *4 (Bankr. N.D. Tex. Oct. 2, 2023). While the Trustee here has characterized the claims against Movants as core proceedings, bankruptcy courts have noted that "[p]ursuant to *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), adjudication of fraudulent transfer actions under 11 U.S.C. § 548 follows the practice of non-core proceedings with the bankruptcy court having authority only to enter proposed findings of fact and conclusions of law, despite the cause of action being listed in 28 U.S.C. § 157(b) as core." *In re Daniel*, 556 B.R. 722 (Bankr. M.D.N.C. 2016). This is likely because "to the extent certain of the [c]auses of [a]ction … incorporate claims under the Texas Uniform Fraudulent Transfer Act (the 'TUFTA') or [other state's] Uniform Voidable Transactions Act … arguably the Bankruptcy Court's entry of a final judgment on such [c]auses of [a]ction would run afoul of the constitutional limitations articulated by the Supreme Court in *Stern* ... given that [Movants have not] asserted a claim in the Bankruptcy Case … and given that [they have not] otherwise manifested [their] consent to the Bankruptcy Court's entry of a final judgment on such [c]auses of [a]ction." *Benitez,* 2023 WL 6395906, at * 3. This is consistent with the Fifth Circuit's precedent regarding the rights of defendants in adversary proceedings on which bankruptcy courts have relied and "uniformly hold that a defendant in a fraudulent conveyance action who has not filed a claim in the case is entitled to a jury trial notwithstanding Congress' characterization of the action as a core proceeding." *In re Taxes & Beyond, LLC*, Adv. No. 20-3437, 2020 WL 13789138, at *2 (Bankr. S.D. Tex. Dec. 11, 2020)(citing *In re Clay*, 35 F.3d 190, 194 (5th Cir.1994) (holding that defendants had a Seventh Amendment right to jury trial on preference and fraudulent transfer claims and stating that "[r]egardless of whether one characterizes a proceeding as core or noncore, a case is not a public rights case if a litigant has a Seventh Amendment right to a trial by jury"). Because this Adversary Proceeding involves a "*Stern* claim" the factors requiring consideration of

the type of claim at issue and the bankruptcy court's authority to enter orders favor withdrawal of the reference.

In light of the Bankruptcy Court's lack of authority to enter a final judgment, withdrawal of the reference would also best serve the interests of judicial economy. *See Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 122-23 (N.D. Tex. 2006)(noting that where there are both core and non-core claims, judicial economy would be served by adjudicating all the claims in the district court because "adjudicating all of the claims, both core and non-core, in the district court eliminates the prospect of an appeal from the bankruptcy judge's adjudications of core claims…."). Here, the Bankruptcy Court could, at most, enter proposed findings of fact and conclusions of law, and it would be most efficient to eliminate the need for a de novo review by the District Court and any potential appeals, by trying the claims only once before the District Court. As such, the interests of judicial economy are sufficient to support withdrawal of the reference.

Withdrawal will also allow for uniformity in administration and more efficient use of the parties' resources. Other defendants have moved separately for the same relief, and although those defendants are situated somewhat differently in that they are not necessarily entitled to a jury trial, allowing the defendants to proceed together outside of the Bankruptcy Court will ensure that consistent decisions are made regarding any questions of law and fact that may arise through the proceeding, and all parties are treated equitably. Withdrawal also supports efficient use of the Movants' resources where, as here, they share counsel with separately moving defendants and will be able to more effectively share costs if the two groups are allowed to litigate together in the District Court and only potentially split at the time of trial.

Lastly, Movants have not waived any right to a trial by jury and intend to demand a jury in this action. Movants do not intend to consent to the Bankruptcy Court conducting a jury trial. This

weighs in favor of withdrawal of the reference.

For the foregoing reasons, in the event the Bankruptcy Court does not abstain, the District Court should withdraw the reference[2].

## CONCLUSION & PRAYER

WHEREFORE, Movants respectfully request that the Bankruptcy Court grant this Motion for Permissive Abstention, abstain from hearing this Adversary Proceeding against Movants, and enter an order dismissing the Adversary Complaint against each Movant without prejudice. Alternatively, Movants request that the District Court grant the Motion to Withdraw the Reference. Defendants pray for this and any such other or further relief to which they may be justly entitled.

---

[2] If the reference is withdrawn such that the case would then be pending before the United States District Court for the Northern District of Texas, Amarillo Division, Movants would intend to file motions to transfer venue of the case to their respective home states.

Dated: February 27, 2026

Respectfully submitted,

**MULLIN HOARD & BROWN, L.L.P.**
Steven L. Hoard, TSB No. 09736600
500 South Taylor, Suite 800
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone:   (806) 372-5050
Facsimile:   (806) 372-5086
Email:   shoard@mhba.com

By: /s/ *Steven L. Hoard*
        Steven L. Hoard

─ AND ─

Flannery Nardone, TSB No. 24083183
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:   (214) 754-0040
Facsimile:   (214) 754-0043
Email:   fnardone@mhba.com
***Attorneys for Movants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on all parties receiving notice via ECF on this the 27th day of February 2026.

/s/ *Steven L. Hoard*
    Steven L. Hoard