MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Flannery Nardone, TSB No. 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
fnardone@mhba.com
***Counsel for Movants.***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-swe<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br>*Defendants.* | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett |

---

**DEFENDANTS DON JONES TRUCKING, INC., DON JONES FARM INC., CURTIS JONES FARMS, KINSEY JONES, RICK RODGERS, MYKEL TIDWELL, JOHN TIDWELL, WILDFOREST CATTLE CO., LLC, ERIC DEJARNETT, BRENT**

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

**BURNETT, JOE BURNETT, DWIGHT JESKO, PATRICIA JESKO, CORY JESKO,
AND JEFF JESKO'S MOTION FOR PERMISSIVE ABSTENTION OR TO
WITHDRAW THE REFERENCE OF THE COMPLAINT AND MEMORANDUM OF
LAW IN SUPPORT**

COME NOW Don Jones Trucking, Inc., Don Jones Farm, Inc., Curtis Jones Farms, Kinsey Jones, Rick Rodgers, Mykel Tidwell, John Tidwell, Wildforest Cattle Co. LLC, Eric DeJarnett, Brent Burnett, Joe Burnett, Dwight Jesko, Patricia Jesko, Cory Jesko, and Jeff Jesko (all referred to collectively herein as "Movants") and move the Court to permissively abstain from the above-captioned adversary proceeding styled *Kent Ries, Chapter 7 Trustee for the Bankruptcy estates of McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. v. Angela Robinson, et. al.*, Adversary Proceeding No. 25-02003-swe ("the Adversary Proceeding") pursuant to 28 U.S.C. § 1334(c)(1). Alternatively, Movants ask for a recommendation and order withdrawing the reference of the Adversary Proceeding to the United States Bankruptcy Court of the Northern District of Texas pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. In support of this Motion, Movants would respectfully show the Court as follows:

### SUMMARY OF THE ARGUMENT

The claims brought against these Movants in this Adversary Proceeding should not be litigated in a Bankruptcy Court. The factors frequently considered by courts in determining whether permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate weigh heavily in favor of abstention in this matter as to the claims asserted against these Movants. This matter would more appropriately and efficiently be heard in a trial court that is better situated to manage the number of parties and issues presented. For the reasons outlined herein, the Bankruptcy Court should abstain and/or the District Court should withdraw the reference.

## INTRODUCTION & BACKGROUND

The above-captioned jointly administered bankruptcy cases were originally filed by the Debtor's Chief Restructuring Officer on April 28, 2023 (the "Bankruptcy Case"). On April 25, 2025, Kent Ries, the Chapter 7 Trustee of the debtors' estates in the Bankruptcy Case ("the Trustee"), filed the Adversary Proceeding naming these Movants among more than one hundred "Investor" defendants. The Trustee has asserted preference claims and fraudulent transfer claims against these Movants in which he relies on unfounded assertions to lump these Movants together with hundreds of others.

## ARGUMENT & AUTHORITIES

### A. Permissive Abstention is Appropriate and Warranted in this Matter.

The Court should abstain from hearing the Adversary Proceeding claims against Movants pursuant to 28 U.S.C. § 1334(c)(1). "Although the Court is not required to abstain under § 1334(c)(2), it may discretionarily decline to hear the proceeding under § 1334(c)(1). Courts have found it "clear that permissive abstention is available in core as well as noncore proceedings [as it] extends to any 'proceeding arising under Title 11 or arising in or related to a case under Title 11.'" *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 426 (Bankr. S.D. Tex 1987)(quoting 28 U.S.C. § 1334(c)(1)). Courts have outlined fourteen factors to consider in determining a request for permissive abstention:

These factors include:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
(2) the extent to which state law issues predominate over bankruptcy issues;
(3) the difficult or unsettled nature of applicable law;
(4) the presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
(5) the jurisdictional basis, if any, other than § 1334;
(6) the degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of [non-debtor] parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*In re Viper Products & Servs., LLC*, Adv. No. 22-05003, 2022 WL 2707879, at *2 (Banrk. N.D. Tex. July 11, 2022)(quoting  *McVey v. Johnson*, 519 B.R. 172, 190 (Bankr. S.D. Tex. 2014) (alteration in original), *aff'd*, No. AP 14-03126, 2017 WL 2062992 (S.D. Tex. May 11, 2017)).

"No single factor is dispositive, and the Court's determination does not turn on tallying the factors on each side. Furthermore, the Court may, in its discretion, give greater weight to certain factors." *Id.* Here, the factors weigh in favor of permissive abstention.

<u>1. Factors 1, 2, 5, 7, 8 and 9  Favor Abstention</u>

There will be no detrimental impact on the efficient administration of the estate should the Court abstain (Factor 1) and in fact, the Bankruptcy Court will be freed to focus on issues more central to the estate's administration rather than having to divert its time and resources to monitor litigation between the many parties involved in this Adversary Proceeding.  Although the Trustee contends that preferences and fraudulent transfers in significant amounts were made to these Movants, the Movants have asserted their own claims of conversion and fraud in amounts that will largely offset the claims made against them, to the extent the Trustee could prevail on these claims. For example, in the Amended Complaint the Trustee alleges preferences in the amount of approximately $1,455,151 to Rick Rodgers, but Rodgers has filed a proof of claim seeking $1,816,097.61, resulting in a net loss to Rodgers.  *Compare* Doc. 9 at 50 *with* Claim No. 32-2.

Moreover, even if the Trustee stood to recover substantial sums from these Movants, Courts have reasoned that this is not a compelling reason to retain an adversary proceeding in a Chapter 7 case where the goal is liquidation rather than reorganization. *See e.g., Viper*, 2022 WL 2707879, at *4 (finding that potential recovery was not compelling "[i]n a liquidation [where] the outcome of the action will have minimal effect on the administration of the bankruptcy case; it will only affect the total payout to creditors.").

Moreover, at the center of the Trustee's claims are alleged preference claims and fraudulent transfers between Movants and the Debtors primarily relating to investment in certain cattle.  [Doc. 9 ¶¶ 78 – 84; 90 – 94].  In the context of this case, those claims are largely governed by state law and either the Texas Uniform Fraudulent Transfer Act or the Kentucky Uniform Voidable Transactions Act.  Furthermore, to the extent Movants' claims against the Debtors are incorporated into this proceeding as they likely will be, those are state law claims for conversion, fraud, or other causes of action relating to unpaid debts.  Accordingly, state law issues predominate over bankruptcy law in this Adversary Proceeding and Factor 2 also favors abstention.  These facts also demonstrate that Factor 7 favors abstention because, even if the claims would potentially be considered "core" proceedings based on their form, in substance they are non-core, state law matters.  *See Viper*, 2022 WL 2707879, at *4 ("For abstention/remand purposes, the Court analyzes 'the substance rather than the form of an asserted core proceeding.' While the form of [a party's] claims is core… the substance of the claims is non-core—all claims arise under state common law.")(quoting *In re SBMC Healthcare, LLC*, 519 B.R. 172, 190 (Bankr. S.D. Tex. 2014)). Given the nature of these claims, they could easily be severed and decided separately, and Factor 8 also favors abstention.

Additionally, it is not clear that there is any basis for jurisdiction other than Section 1334

(Factor 5). The Trustee has sued hundreds of defendants in the Adversary Proceeding including citizens of multiple states. The Movants here include citizens of Texas and Kentucky. The Debtor companies are organized under the laws of Texas and Kentucky. There is not complete diversity between the parties so diversity jurisdiction does not apply and Movants are aware of no federal question at issue. This factor thus favors abstention.

This Adversary Proceeding could also impose a significant burden on the Bankruptcy Court's docket (Factor 9). Given the sheer number of parties involved and the potential for discovery disputes and motion practice, this action would likely require numerous hearings and potentially interfere with the Court's ability to manage its normal bankruptcy case load.

### B. Factors 3, 4, 10, and 11 are Neutral

The law relating to the claims at issue between the parties is neither unsettled nor particularly complex and the claims at issue could be resolved as effectively by either this Court or any other court of competent jurisdiction. Therefore, Factor 3 is neutral. There has not been another proceeding instituted in any other court at this time so Factor 4 is also neutral. The Trustee filed this Adversary Proceeding in Texas where the Bankruptcy Case is pending and does not appear to have engaged in forum shopping. For this reason, Factor 10 is neutral. Lastly, because these Movants have filed proofs of claim, they have waived their right to a jury trial so this factor is neutral.

Because the majority of the factors to be considered by the Court weigh in favor of permissive abstention or are neutral, the Court should abstain from hearing the Trustee's claims against Movants. Alternatively, to the extent this Court declines to abstain on these grounds, Movants move the District Court to withdraw the reference to the bankruptcy court for the reasons set forth below.

**B.  Alternatively, the Reference to the Bankruptcy Court Should be Withdrawn.**

Withdrawal of the reference is governed by 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This statute provides for two types of withdrawals:  permissive and mandatory.  Here, the withdrawal would likely fall into the permissive category.  Pursuant to Rule 5011-1 of the Local Rules of Bankruptcy Procedure, the Bankruptcy Court is to issue a written recommendation to the District Court on any motion to withdraw the reference, and then the final ruling is to be made by the District Court.

The Fifth Circuit has held that in considering whether the reference should be withdrawn courts "should consider the following issues: (1) whether the matter involves core, non-core, or mixed issues; (2) whether there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process."  *In re Goodman Networks, Inc.,* Adv. No. 23-03072-MVL, 2024 WL 4714326, at *3 (Bankr. N.D. Tex. Sept. 18, 2024)(citing *Holland America Insurance Company v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985)).The Local Rules also provide guidance on what factors may be considered by the Bankruptcy Court in making its determination, including:

> (1) whether any response to the motion to withdraw the reference was filed;
> (2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;
> (3) whether the proceeding is core or non-core, or both and with regard to the

non-core and mixed issues, whether the parties consent to entry of a final order
by the bankruptcy judge;

(4) whether a jury trial has been timely requested, and if so, whether the parties
consent to the bankruptcy judge conducting a jury trial, and whether the district
court is requested to designate the bankruptcy judge to conduct a jury trial;

(5) if a jury trial has not been timely requested or if the proceeding does not
involve a right to jury trial;

(6) whether a scheduling order has been entered in the proceeding;

(7) whether the parties are ready for trial;

(8) whether the bankruptcy judge recommends that

    (A)    the motion be granted,

    (B)    the motion be granted upon certification by the bankruptcy judge
that the parties are ready for trial,

    (C)    the motion be granted but that pre-trial matters be referred to the
bankruptcy judge, or

    (D)    the motion be denied; and

(9) any other matters relevant to the decision to withdraw the reference.

L.R. 5011-1(a).

Here, withdrawal of the reference is appropriate primarily because it will allow for uniformity
in administration, serve the interests of judicial economy, and allow more efficient use of the
parties' resources. While these Movants have filed proofs of claim in the Bankruptcy Case, many
other co-defendants in the Adversary Proceeding have not and those defendants are also seeking
withdrawal of the reference ("the Jury Defendants").[2] While there are certain distinctions between
the two groups of defendants—in particular their right to demand a jury trial—there are far more
similarities. Therefore, there can be more consistent and efficient handling of the claims if the
reference is withdrawn as to both groups and all the claims litigated before the District Court. This
will ensure that consistent decisions are made regarding any questions of law that may arise
through the proceeding, and all parties are treated equitably. This also serves judicial economy by
allowing a single court to oversee the action rather than having parallel actions potentially

---

[2] Movants refer to the Court to the Motion filed on this date, February 27, 2026, by Keith Harris Farms, Inc., Tyler
Pittman, Pittman Farms and others.

duplicating efforts.  Withdrawal also supports efficient use of the Movants' resources.  Where, as here, the Movants share counsel with the Jury Defendants, they will be able to more effectively share costs if the two groups are allowed to litigate together in trial court.

In addition, while the claims at issue between the party may be categorized as "core" claims because of their form, the fraudulent transfer claims and Movants' claims for conversion and fraud are based on state law and are, therefore, in substance, non-core claims.  For all these reasons withdrawal of the reference is appropriate, and Movants ask the Bankruptcy Court to make a recommendation accordingly.

## CONCLUSION & PRAYER

WHEREFORE, Movants respectfully request that the Bankruptcy Court grant this Motion for Permissive Abstention, abstain from hearing this Adversary Proceeding against Movants, and enter an order dismissing the Adversary Complaint against each Defendant without prejudice. Alternatively, Movants requests that the District Court grant the Motion to Withdraw the Reference.  Movants pray for this and any such other or further relief to which they may be justly entitled.

Dated: February 27, 2026

Respectfully submitted,

**MULLIN HOARD & BROWN, L.L.P.**
Steven L. Hoard, TSB No. 09736600
500 South Taylor, Suite 800
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone:    (806) 372-5050
Facsimile:    (806) 372-5086
Email:        shoard@mhba.com

By: /s/ *Steven L. Hoard*
      Steven L. Hoard

— AND —

Flannery Nardone, TSB No. 24083183
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:    (214) 754-0040
Facsimile:    (214) 754-0043
Email:        fnardone@mhba.com
*Attorneys for Movants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on all parties receiving notice via ECF on this the 27th day of February 2026.

/s/ *Steven L. Hoard*
      Steven L. Hoard