MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Flannery Nardone, SBN 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
fnardone@mhba.com
***Counsel for Caleb Little***

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-swe<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br><br>*Defendant*. | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett<br><br>JURY DEMAND |

## DEFENDANT CALEB LITTLE'S ANSWER TO
## TRUSTEE'S FIRST AMENDED COMPLAINT [Docket No. 9]

### TO THE HONORABLE JUDGE OF SAID COURT:

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

Subject to its respective Motions for Permissive Abstention and Motions to Withdraw the Reference, Defendant Caleb Little files the following Answer in response to Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other relief [Docket. No. 9] ("Complaint"), and in support of same would show as follows:

## I.    ANSWER

1.    In accordance with Federal Rule of Civil Procedure 8(b)(3), all allegations not expressly admitted herein are denied.

2.    The headings used in Trustee's Complaint are included below solely to aid the organization of this Answer to the Complaint and for no other purpose. No response is required to such headings.

### "Summary"

3.    Paragraph 1 contains only legal conclusions to which no response is required. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

4.    Paragraph 2 contains only legal conclusions to which no response is required. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

5.      Paragraph 3 and the footnote thereto contain only legal conclusions to which no response is required. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

6.      Paragraph 4 contains only legal conclusions to which no response is required. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

7.      Paragraph 5 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

8.      Paragraph 6 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

9.      Paragraph 7 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

10.      Paragraph 8 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

11.    Paragraph 9 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

12.    Paragraph 10 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

13.    Paragraph 11 contains only legal conclusions to which no response is required. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

14.    Paragraph 12 contains only legal conclusions to which no response is required. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

15.    Paragraph 13 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

### "Jurisdiction and Venue"

16.    Defendant admits the allegations set forth in Paragraph 14.

17.    Paragraph 15 contains only legal conclusions to which no response is required, but to the extent such response is required, Defendant relies upon the Motion for Permissive

Abstention and Motion to Withdraw the Reference previously filed herein and also reserves its right to file a Motion to Transfer Venue for forum non conveniens if necessary.

**"Investor Parties"**

18.     Paragraph 16 contains a mix of legal conclusions, to which no response is required, and factual allegations. Defendant denies being an "investor" and denies all other factual allegations contained in the first sentence of Paragraph 16 and footnote 3 thereto. To the extent the chart included in Paragraph 16 alleges a sum of payments received by Defendant from Debtors, Defendant admits that payments in the approximate amounts were made by Debtor, but denies that such payments represent all transactions between them and Debtors or that such sums alone are relevant to any claim asserted by Trustee. To the extent Paragraph 16, the chart included in Paragraph 16, and footnotes 4 through 6 thereto make factual allegations against parties other than each Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

19.     Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 17, and therefore denies same.

**"Vendor Parties"**

20.     Paragraph 18 makes no allegations against Defendant. To the extent Paragraph 18 or the chart included in Paragraph 18 makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Family Member Parties"**

21.     Paragraph 19 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Corrected Parties"**

22.     Defendant Caleb Little admits allegations contained in Paragraph 20 that its correct name is "Caleb Little." To the extent the paragraph makes allegations against parties other than Caleb Little, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "History of the McClain Debtors"

23.     Defendant admits the allegations in paragraph 21.

24.     Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 22, and therefore denies same.

25.     Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 23, and therefore denies same.

26.     Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 24, and therefore denies same.

27.     To the extent Paragraph 25 alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. To the extent Paragraph 25 includes Defendant as an "investor," Defendant denies such allegation. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "Other Players in the Ponzi Scheme"

28.     Paragraph 26 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 26, and therefore denies same.

29.     Paragraph 27 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P.

8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 27, and therefore denies same.

30.     Paragraph 28 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 28, and therefore denies same.

31.     Paragraph 29 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 29, and therefore denies same.

32.     Paragraph 30 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 30, and therefore denies same.

**"The Ponzi Scheme"**

33.     Defendant denies the allegations in Paragraph 31.

34.     Defendant denies the allegations in Paragraph 32.

35.     Defendant denies the allegations in Paragraph 33.

36.     Defendant denies the allegations in Paragraph 34.

37.     Defendant denies the allegations in Paragraph 35.

38.     Defendant denies the allegations in Paragraph 36.

39.     Defendant denies the allegations in Paragraph 37.

40.     Defendant denies the allegations in Paragraph 38.

41.    Defendant denies the allegations in Paragraph 39.

42.    Defendant denies the allegations in Paragraph 40.

43.    Defendant denies the allegations in Paragraph 41.

44.    Defendant denies the allegations in Paragraph 42.

45.    Defendant denies the allegations in Paragraph 43.

46.    Defendant denies the allegations in Paragraph 44.

47.    Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 45, and therefore denies same.

48.    Defendant denies the allegations in Paragraph 46.

49.    Paragraph 47 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme. Defendant has insufficient information or knowledge to admit or deny further allegations against them contained in Paragraph 47, and therefore denies same, except that Defendant admits that McClain died by suicide on April 18, 2023.

**"The Wildforest/MAP Claw Backs"**

50.    Paragraph 48 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 48, and therefore denies same.

51.    Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 49, and therefore denies same.

52.     Paragraph 50 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 50, and therefore denies same.

53.     Paragraph 51 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 51, and therefore denies same.

### "Cattle Reclamation/Conversion"

54.     Paragraph 52 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 52, and therefore denies same.

### "The USDA Claims"

55.     Paragraph 53 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence of or participation in any Ponzi scheme.

56.     Paragraph 54 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 54 includes Defendant as an "investor," Defendant denies such allegation. As to all remaining allegations contained in Paragraph 54, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 54, and therefore denies same.

**"Check Kiting Scheme"**

57.      Paragraph 55 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence or participation in any Ponzi scheme. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 55, and therefore denies same.

58.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 56, and therefore denies same.

59.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 57, and therefore denies same.

60.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 58, and therefore denies same.

61.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 59, and therefore denies same.

62.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 60, and therefore denies same.

63.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 61, and therefore denies same.

64.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 62, and therefore denies same.

65.      Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 63, and therefore denies same.

### "The Family Member Transactions"

66.      Paragraph 64 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

67.      Paragraph 65 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

68.      Paragraph 66 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

69.      Paragraph 67 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

70.      Paragraph 68 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

71.      Paragraph 69 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

72.      To the extent Paragraph 70 alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence or participation in any

Ponzi scheme. Defendant has insufficient information of knowledge to admit or deny allegations contained in Paragraph 70, and therefore denies same.

**"Count 1: Fraudulent Transfer Claims – Family Member Transactions"**

73.    Paragraph 71 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

74.    Paragraph 72 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

75.    Paragraph 73 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

76.    Paragraph 74 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

77.    Paragraph 75 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Count 2: Alternative Claims – Family Member Transactions"**

78.    Paragraph 76 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

79.     Paragraph 77 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "Count 3: Preference Claims – Investors"

80.     Paragraph 78 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 78 includes Defendant as an "investor," Defendant denies such allegation. To the extent Paragraph 78 describes any relationship between Defendant and any of the Debtors and/or Brian McClain as a "general partnership," Defendant denies such allegation. Defendant further denies all other allegations contained in Paragraph 78.

81.     Paragraph 79, including the table and any footnotes thereto, includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 79 includes Defendant as an "investor," "Investor Party," or "Investor Preference Defendant," Defendant denies such allegation. To the extent Paragraph 79 describes any relationship between Defendant and any of the Debtors and/or Brian McClain as a "general partnership," Defendant denies such allegation. To the extent the chart included in Paragraph 79 alleges a sum of payments received by Defendant from Debtors, Defendant denies that such payments represent all transactions between them and Debtors or that such sums alone are relevant to any claim asserted by Trustee. To the extent Paragraph 79, the chart included in Paragraph 79, and footnotes 4 through 6 thereto make factual allegations against parties other than Defendant, no response is required.

82.     Paragraph 80 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 80 includes Defendant as an "investor" or "Investor Preference Defendant," Defendant denies such allegation. To the extent Paragraph 80 makes

allegations against other parties, no response is required. To the extent Paragraph 80 makes allegations against Defendant, all such allegations are denied.

83.     Paragraph 81 includes only legal conclusions, to which no response is required, but to the extent a response is necessary, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 81, and therefore denies same.

84.     Paragraph 82 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 82 includes Defendant as an "investor" or "Investor Preference Defendant," Defendant denies such allegation. Defendant further denies all other allegations contained in Paragraph 82.

85.     Paragraph 83 includes only legal conclusions, to which no response is required, but to the extent a response is necessary, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 83, and therefore denies same.

86.     Paragraph 84 includes only legal conclusions, to which no response is required, but to the extent a response is necessary, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 84, and therefore denies same.

## "Count 4: Preference Claims – Vendors"

87.     Paragraph 85 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

88.     Paragraph 86 includes only legal conclusions, to which no response is required, but to the extent a response is necessary, Defendant has insufficient information or knowledge to admit or deny allegations against it contained in Paragraph 86, and therefore denies same.

89.     Paragraph 87 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

90.     Paragraph 88 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

91.     Paragraph 89 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Count 5: Fraudulent Transfer Claims – Investors"**

92.     Paragraph 90 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 90 includes Defendant as an "investor" or "Investor Party," Defendant denies such allegation. Defendant further denies all other allegations contained in Paragraph 90.

93.     Paragraph 91 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 91 includes Defendant as an "investor" or "Investor Party," Defendant denies such allegation. Defendant further denies all other allegations contained in Paragraph 91.

94.     Paragraph 92, including the table and any footnotes thereto, includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 92 includes Defendant as an "investor" or "Investor Party," Defendant denies such allegation. Defendant further denies all other allegations contained in Paragraph 92. To the extent the

paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant denies the existence or participation in any Ponzi scheme.

95.    Paragraph 93 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

96.    Paragraph 94 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 94 includes Defendant as an "investor" or "Investor Party," Defendant denies such allegation. Defendant further denies all other allegations contained in Paragraph 94.

**"Count 6: Disallowance of Claim, Subordination of Claim"**

97.    To the extent Paragraph 95 includes Defendant as an "investor" or "investor defendant," Defendant denies such allegations. To the extent Paragraph 95 describes any agreement between Defendant and any Debtor or other party as an "investment agreement," Defendant denies such allegation. Defendant denies that he filed a proof of claim. Defendant denies all other allegations in Paragraph 95. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

98.    To the extent Paragraph 96 includes Defendant as an "investor" or "investor defendant," Defendant denies such allegation. To the extent Paragraph 96 describes any agreement between Defendant and any Debtor or other party as an "investment agreement," Defendant denies such allegation. Defendant denies that he filed a proof of claim. Defendant denies all other allegations contained in Paragraph 96. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

99.     Paragraph 97 includes a mix of legal conclusions, to which no response is required, and alleged facts. Defendant denies the factual allegations in Paragraph 97. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

100.     Paragraph 98 includes a mix of legal conclusions, to which no response is required, and alleged facts. Defendant denies the factual allegations in Paragraph 97. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "Reservation of Rights"

101.     Paragraph 99 purports to reserve rights to the Trustee and makes no allegations of fact requiring a response.

102.     Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 100, and therefore denies same.

103.     Paragraph 101 purports to reserve rights to the Trustee and makes no allegations of fact requiring a response.

### "Prayer"

104.     Defendant denies all allegations contained in the Prayer.

### II.     AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE PLEADINGS

105.     Defendant asserts the following affirmative defenses without assuming any burden of proof on issues where Plaintiff bears such burdens:

### FIRST DEFENSE

106.     Plaintiff fails to state a claim against Defendant upon which relief can be granted, including, but not limited to, pursuant to Federal Rules of Civil Procedure 8 and 12 and Federal

Rules of Bankruptcy Procedure 7008 and 7012, and, therefore, the Complaint should be dismissed with prejudice.

## SECOND DEFENSE

107.    The Complaint fails to allege, and/or Plaintiff may fail to establish facts supporting all elements of a prima facie case under 11 U.S.C. §§ 547, 548, 550, and 502.

## THIRD DEFENSE

108.    To the extent Plaintiff may establish the elements of a prima facie case under 11 U.S.C. § 547(b), the alleged preferential transfer is immune from avoidance pursuant to 11 U.S.C. § 547(c).

## FOURTH DEFENSE

109.    The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(1) because the transfer was intended by the Debtors and Defendant to (1) be a contemporaneous exchange for new value given to the Debtors, and (2) was in fact a substantially contemporaneous exchange.

## FIFTH DEFENSE

110.    The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(2) because it was made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, and the alleged preferential transfer was made in the ordinary course of business or financial affairs of the Debtors and Defendant and/or made according to ordinary business terms.

## SIXTH DEFENSE

111.    The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(4) because, after such transfer, Defendant gave new value to or for the benefit of the Debtors.

## SEVENTH DEFENSE

112.    The alleged preferential transfer is not voidable under 11 U.S.C. § 547(b)(5) because it did not enable Defendant to receive more than it would have received if: (1) this were a case filed under Chapter 7 of the Bankruptcy Code; (2) if the transfer had not been made; and (3) Defendant received payment as otherwise provided in the Bankruptcy Code.

## EIGHTH DEFENSE

113.    The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(6) because it created or was made on account of a statutory lien that is not voidable under 11 U.S.C. § 545.

## NINTH DEFENSE

114.    Plaintiff may not avoid the alleged transfers to Defendant pursuant to 11 U.S.C. § 548(a)(1)(B) because the Debtors (i) received reasonably equivalent value in exchange for such transfers and/or (ii) the Debtors (a) were solvent on the date that such transfers were made, or did not become insolvent as a result of the alleged transfers; (b) were not engaged in business or a transaction and were not about to engage in business or a transaction for which any property remaining with the Debtors amounted to unreasonably small capital; (c) did not intend to incur, or did not believe that they would incur debts that would be beyond the Debtors' ability to pay the debts as such debts matured; or (d) did not make such transfers to or for the benefit of an insider.

## TENTH DEFENSE

115.    Plaintiff may not avoid the alleged transfers to Defendant pursuant to 11 U.S.C. § 548(a)(1)(B) because Defendant acted in good faith and provided value to the Debtors pursuant to 11 U.S.C. § 548(c).

## ELEVENTH DEFENSE

116.    Plaintiff is not entitled to recovery under 11 U.S.C. §§ 547 and 548, and, therefore, Plaintiff may not hold Defendant liable pursuant to 11 U.S.C. § 550.

## TWELFTH DEFENSE

117.    Plaintiff is not entitled to recovery under 11 U.S.C. §§ 547, 548, and 550, and, therefore, Plaintiff and/or the Debtors may not disallow any claims of Defendant pursuant to 11 U.S.C. § 502(d) or (j).

## THIRTEENTH DEFENSE

118.    Plaintiff's claims must be denied to the extent that Defendant is entitled to setoff or recoup any amounts owed by the Debtors to Defendant.

## FOURTEENTH DEFENSE

119.    Plaintiff is barred from recovery by reason of the Debtors' and/or Plaintiffs' own conduct or the conduct of persons or entities whose conduct is otherwise imputed to the Debtors and/or Plaintiff.

## FIFTEENTH DEFENSE

120.    Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, claim preclusion, issue preclusion, law of the case, estoppel, res judicata and laches.

## SIXTEENTH DEFENSE

121.    Plaintiff has failed to state a claim of fraud with particularity, including, but not limited to, as required by Federal Rule of Civil Procedure 9(b).

## SEVENTEENTH DEFENSE

122.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and in pari delicto.

## EIGHTEENTH DEFENSE

123.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## JURY DEMAND

124.    Defendant requests a jury trial for any and all issues to which he is entitled to a trial by jury.

## RESERVATION OF RIGHTS

125.    The Complaint may be barred by some or all of the affirmative defenses contemplated by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or other applicable state and federal law. However, the extent to which Plaintiffs claims may be barred cannot be determined until after Defendant has had a reasonable opportunity to complete discovery. Accordingly, Defendant hereby reserves the right to amend and/or supplement this Answer, and to assert further defenses, affirmative defenses, and/or counterclaims as may be applicable.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that all relief sought by Trustee as to Defendant be denied, and for the Court to award any and all further relief, legal and equitable, including attorney's fees and cost of suit to which Defendant may be entitled.

Dated: February 27, 2026

Respectfully submitted,

**MULLIN HOARD & BROWN, L.L.P.**

P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone:      (806) 372-5050
Facsimile:      (806) 372-5086

By: */s/ Steven L. Hoard*
Steven L. Hoard, SBN: 09736600
Flannery Nardone, SBN: 24083183
shoard@mhba.com
fnardone@mhba.com
***Attorneys for Caleb Little***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant Caleb Little's Answer to Trustee's First Amended Complaint was served on all parties receiving notice via ECF on this the 27th day of February, 2026.

*/s/ Steven L. Hoard*
Steven L. Hoard