Benjamin H. Davidson
bdavidson@mhbg.com
State Bar No. 05430590
MCCLESKEY, HARRIGER, BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

*Counsel for Daniel Jesko and Daniel Jesko Farms, LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **MCCLAIN FEED YARD, INC.,** | : | **CHAPTER 7** |
| **MCCLAIN FARMS, INC., AND** | : | |
| **7M CATTLE** | : | **CASE NO. 23-20084-SWE** |
| **FEEDERS, INC.** | : | |
| | : | |
| **DEBTORS**[1] | : | **JOINTLY ADMINISTERED** |

---

| | | |
|---|---|---|
| **KENT RIES, CHAPTER 7** | : | |
| **TRUSTEE FOR THE** | : | |
| **BANKRUPTCY ESTATES OF** | : | |
| **MCCLAIN FEED YARD, INC.,** | : | |
| **MCCLAIN FARMS, INC., AND** | : | |
| **7M CATTLE FEEDERS, INC.** | : | |
| | : | **AD. PRO. NO. 25-02003-SWE** |
| **PLAINTIFF** | : | |
| v. | : | **HON. SCOTT W. EVERETT** |
| | : | |
| **ANGELA ROBINSON, ET AL.** | : | |
| | : | |
| **DEFENDANTS** | : | |

**DEFENDANT DANIEL JESKO AND DANIEL JESKO FARMS, LLC'S
FIRST AMENDED ANSWER TO THE FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES**

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc., (Case No. 2320885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc

Defendants Daniel Jesko and Daniel Jesko Farms, LLC ("Jesko") file this Answer in response to the Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief [DKT. 9] (the "Complaint"), and states as follows in support of same:

In response to the specific allegations in the Complaint, and without waving its defenses, Jesko states the following:

## SUMMARY

1.    The allegations contained in Paragraph 1 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

2.    Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 2 of the Complaint that "Debtors operated a massive Ponzi scheme involving purported investments and cattle" and therefore denies the same. The remainder of the allegations in said paragraph are statements of opinion and belief and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

3.    The allegations contained in Paragraph 3 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

4.    Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 4 of the Complaint that "Debtors were running a Ponzi scheme and paid investors and other parties with funds from other investors" and therefore denies the same. Jesko further denies the remaining allegations of said paragraph.

5. The allegations contained in Paragraph 5 through Paragraph 13 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

## JURISDICTION AND VENUE

6. Jesko admits the allegations in Paragraph 14 and Paragraph 15 of the Complaint.

## INVESTOR PARTIES

7. In response to the allegations contained in Paragraph 16 of the Complaint, Jesko denies it was an investor with any of the Defendants. It was a vendor. Jesko provided the Defendants with sileage for their cattle feeding operations in Hereford, Texas. Jesko also denies that it received $506,873.44 from the Debtors and that any payments it received from any of the Debtors are subject to avoidance as a preference or as a fraudulent transfer. All payments it received from the Debtors were made in good faith, for reasonably equivalent value, and made in the ordinary course of business. As for the remaining allegations, Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations and therefore denies the same.

8. The allegations contained in Paragraph 17 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

## VENDOR PARTIES

9. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

## FAMILY MEMBER PARTIES

10. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

## CORRECTED PARTIES

11. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same. To the extent the allegations in said paragraph are based on public records, Jesko does not deny the contents of those records, which speak for themselves.

## HISTORY OF THE MCCLAIN DEBTORS

12. Jesko admits the allegations in Paragraph 21 of the Complaint.

13. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 21 through Paragraph 25 of the Complaint and therefore denies the same.

## OTHER PLAYERS IN THE PONZI SCHEME

14. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 26 through Paragraph 30 of the Complaint and therefore denies the same.

## THE PONZI SCHEME

15. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 31 through 47 of the complaint and therefore denies the same.

## THE WILDFOREST/MAP CLAW BACKS

16. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 48 through Paragraph 51 of the Complaint and therefore denies the same.

## CATTLE RECLAMATION/CONVERSION

17. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

### THE USDA CLAIMS

18. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 53 through 54 of the Complaint and therefore denies the same.

### CHECK KITING SCHEME

19. The allegations contained in Paragraph 55 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

20. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 56 through Paragraph 63 of the Complaint and therefore denies the same.

### THE FAMILY MEMBER TRANSACTIONS

21. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the same.

22. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the same. However, to the extent that the allegations in said paragraph are based on public records, Jesko does not deny the contents of those records, which speak for themselves.

23. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 66 through Paragraph 70 of the Complaint and therefore denies the same.

### COUNT 1: FRAUDULENT TRANSFER CLAIMS – FAMILY MEMBER TRANSACTIONS

24. The allegations contained in Paragraph 71 through Paragraph 72 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Jesko denies the allegations.

25. The allegations contained in Paragraph 73 through Paragraph 75 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

### COUNT 2: ALTERNATIVE CLAIMS – FAMILY MEMBER TRANSACTIONS

26. The allegations contained in Paragraph 76 through Paragraph 77 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

### COUNT 3: PREFERENCE CLAIMS - INVESTORS

27. The allegations contained in Paragraph 78 through Paragraph 82 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Jesko denies the allegations.

28. The allegations contained in Paragraph 83 through Paragraph 84 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

### COUNT 4: PREFERENCE CLAIMS - VENDORS

29. Jesko lacks sufficient information to form a belief or opinion about the truth of the allegations in Paragraph 85 of the Complaint and therefore denies the same.

30. Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Jesko denies the allegations.

31. The allegations contained in Paragraph 87 through Paragraph 89 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Jesko denies the allegations.

**COUNT 5: FRAUDULENT TRANSFER CLAIMS - INVESTORS**

32. The allegations contained in Paragraph 90 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Jesko denies the allegations.

33. The allegations contained in Paragraph 91 of the Complaint are legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

34. In response to the allegations contained in Paragraph 92 of the Complaint, Jesko denies it was an investor and that it received $506,873.44 from the Debtors. As for itself, Jesko denies the remaining allegations. It lacks sufficient information to form a belief or opinion of the truth of the allegations as for any other investors and therefore denies the same.

35. The allegations contained in Paragraph 92 through Paragraph 94 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Jesko denies the allegations.

**COUNT 6: DISALLOWANCE OF CLAIM, SUBORDINATION OF CLAIM**

36. The allegations contained in Paragraph 95 through Paragraph 98 of the Complaint are mixed statements of facts, characterizations of those facts, and legal conclusions, and a response is not required. To the extent a response is required, Jesko denies the allegations.

## RESERVATION OF RIGHTS

37. The allegations contained in Paragraph 99 through Paragraph 101 of the Complaint are informational in nature or legal conclusions and accordingly a response to the same is not required. To the extent a response is required, Jesko denies the allegations.

## AFFIRMATIVE DEFENSES

Jesko asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because Jesko did not direct or commit any actions for which there is a legal basis of liability.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because Jesko did not cause any of the alleged harm to the Debtors.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because there are no compensable damages, or those damages were the result of conduct by the unsecured creditors or other interested parties and/or their failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

All or some of the Plaintiff's claims are barred by the applicable statute of limitations or statute of repose. By way of example and not limitation, under 11 U.S.C. §548(a)(1), the Trustee may assert fraudulent transfer claims going back two years from the bankruptcy filing on April 28, 2023. But all claims brought under the Texas Uniform Fraudulent Transfer Act and based upon

8

transactions that occurred more than four years before Jesko was served were not "brought" within four years after the transactions were made. They are therefore extinguished. Tex. Bus. & Com. Code §24.010(a)(1).

### SIXTH AFFIRMATIVE DEFENSE

All transfers Jesko received from any Debtor were made in good faith, for reasonably equivalent value, and in the ordinary course of business.

### SEVENTH AFFIRMATIVE DEFENSE

All transfers Jesko received from any Debtor were made when the Debtor was solvent.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent not already set forth above, Jesko asserts and incorporates by reference all affirmative defenses stated in Fed. R. Civ. P. 8, as made applicable to this proceeding by Fed. R. Bankr. P. 7008.

### NINTH AFFIRMATIVE DEFENSE

Jesko asserts and incorporates by reference all defenses available to it pursuant to the Bankruptcy Code.

### PRAYER

WHEREFORE, Defendant Daniel Jesko and Daniel Jesko Farms, LLC respectfully request:

A.  That the Court dismiss the Plaintiff's claims against them.

B.  That the Court award them any equitable relief to which they may be entitled.

C.  That they be awarded their costs, attorneys fees, and any other relief to which they may be entitled.

Respectfully submitted,

MCCLESKEY, HARRIGER,
BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

*/S/ Benjamin H. Davidson, II*

_____

Benjamin H. Davidson, II
State Bar No. 05430590
Email: bdavidson@mhbg.com

***COUNSEL FOR DANIEL JESKO AND
DANIEL JESKO FARMS, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer was served this the 2nd day of March, 2026, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

*/S/ Benjamin H. Davidson, II*

_____
BENJAMIN H. DAVIDSON, II