**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Debtors*, | Chapter 7<br><br>CASE NO. 23-20084-SWE<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff,*<br><br>V.<br><br>ANGELA ROBINSON, ET AL. | ADV. PROC. NO. 25-02003-SWE<br><br>Honorable Scott W. Everett |

**DEFENDANT TOMMY MANION RANCH INC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW the above-named Defendant, ("Defendant") in the above-captioned suit, and files this ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES, in response to each of the numbered Paragraphs of the Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief (Dkt. #9), and states as follows:

# I.

## **AFFIRMATIVE DEFENSES AND MATTERS OF AVOIDANCE**

A. Defendant affirmatively pleads that Plaintiff's claims are barred or limited by Defendants' objective good faith and provision of reasonably equivalent value.

B. Further, Defendant affirmatively pleads that Plaintiffs have misnamed Defendant. Defendant's correct name is Tommy Manion of Texas, Inc. Tommy Manion Ranch, Inc. is a d/b/a of Tommy Manion of Texas, Inc.

C. Debtor's injuries, if any, were the result of debtor's fraud.

D. Debtor's injuries, if any, were the result of debtor's contributory negligence.

E. Debtor's injuries, if any, were the result of debtor's illegality with others.

F. Debtor's claims are barred by the doctrine of laches.

G. Debtor's claims are barred by the doctrine of statute of limitations.

H. Debtor's claims are barred by the doctrine of payment.

I. Debtor's claims are barred, in whole or in part, by the doctrine of offset.

J. Defendant denies that all conditions precedent have occurred.

# II.

## **SPECIFIC DENIALS**

1. Paragraph 1 states conclusions of law, to which no response is required.

2. Defendant denies Paragraph 2.

3. Paragraph 3 states conclusions of law, to which no response is required, except that Defendant denies being involved in a Ponzi scheme or making or receiving any fraudulent transfers.

4. Defendant denies Paragraph 4. Defendant was merely a customer of Debtors.

5. Paragraph 5 states conclusions of law, to which no response is required.

6. Paragraph 6 states conclusions of law, to which no response is required.

7. Defendant denies Paragraph 7. Defendant was not an investor but merely a customer who last did business with Debtors in early 2020.

8. Paragraph 8 states conclusions of law, to which no response is required.

9. Paragraph 9 states conclusions of law, to which no response is required.

10. Paragraph 10 states conclusions of law, to which no response is required.

11. Paragraph 11 states conclusions of law, to which no response is required.

12. Paragraph 12 states conclusions of law, to which no response is required.

13. Paragraph 13 states conclusions of law, to which no response is required.

14. Paragraph 14 refers to written information that speaks for itself.

15. Defendant admits that the jurisdiction and forum is proper.

16. Defendant denies that it was an investor, but merely a customer who last did business with Debtors in early 2020. Defendant denies the allegation of total payments received.

17. Defendant is without sufficient information to admit or deny the allegations of Paragraph 17.

18. Defendant is without sufficient information to admit or deny the allegations of Paragraph 18.

19. Defendant is without sufficient information to admit or deny the allegations of Paragraph 19.

20. Paragraph 20 refers to and purports to quote from written information that speaks for itself.

21. Defendant is without sufficient information to admit or deny the allegations of

Paragraph 21.

22. Defendant is without sufficient information to admit or deny the allegations of Paragraph 22.

23. Defendant admits that Brian McClain, his agents, and/or Debtors and their agents ("McClain") would provide and transport "straightened out" cattle from and to Defendant for several years, and which ended in early 2020, in exchange for market value consideration. Defendant is without sufficient information to admit or deny the other allegations of Paragraph 23.

24. Defendant is without sufficient information to admit or deny the allegations of Paragraph 24.

25. Defendant is without sufficient information to admit or deny the allegations of Paragraph 25.

26. Defendant is without sufficient information to admit or deny the allegations of Paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations of Paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations of Paragraph 28.

29. Defendant is without sufficient information to admit or deny the allegations of Paragraph 29.

30. Defendant is without sufficient information to admit or deny the allegations of Paragraph 30.

31. Defendant admits that Defendant came to know McClain through the horse

training industry for the purpose of supplying cattle to train cutting horses. Defendant was never an investor or partner of Debtors. Defendant is without sufficient information to admit or deny the other allegations of Paragraph 31.

32. Defendant denies Paragraph 32. Defendant was not an investor. He just purchased and later sold cattle from and to Debtors. He was simply a customer of cattle. He actually saw and trained with the cattle he purchased and sold.

33. There were no oral or written investor agreements related to Defendant's involvement with McClain. Defendant is without sufficient information to admit or deny the other allegations of Paragraph 33.

34. Defendant was not an investor and had no oral or written agreement to be an investor. He just purchased and sold cattle to and from Debtors. He was simply a customer of cattle. He actually saw the cattle he purchased and later sold. Defendant generally would have the cattle to train cutting horses for 30-45 days. Defendant is without sufficient information to admit or deny the other allegations of Paragraph 34.

35. Defendant is without sufficient information to admit or deny the allegations of Paragraph 35.

36. Defendant was not an investor. He just purchased and later sold cattle from Debtors. He was simply a customer of cattle. Defendant actually took possession of the cattle he purchased and later sold. He possessed the cattle from 30-45 days on average before they were picked up to be sold. Paragraph 36 states conclusions of law, to which no response is required. Defendant denies the other allegations of Paragraph 36.

37. Defendant denies Paragraph 37. Defendant was not an investor. He just purchased and sold cattle from Defendant. He was simply a customer of cattle. He actually took possession

of the cattle he purchased and sold. He possessed the cattle from 30-45 days on average before they were picked up to be sold.

38. Defendant denies the allegations in Paragraph 38. Defendant was a customer and not an investor or partner.

39. Defendant is without sufficient information to admit or deny the rest of the allegations of Paragraph 39. Defendant had no blank checks.

40. Defendant was a customer and not an investor or partner. Defendant did over the long run obtain a profit, but so did Debtor off the sales of cattle, and Defendant only derived some of the profit from the increased value of the cattle sold which Defendant possessed during said cattle's weight gain. Defendant is without sufficient information to admit or deny the other allegations of Paragraph 40.

41. Defendant is without sufficient information to admit or deny the allegations of Paragraph 41.

42. Defendant denies that profits of Defendant were fictitious as to cattle purchased and sold by Defendant. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 42.

43. Defendant is without sufficient information to admit or deny the allegations of Paragraph 43.

44. Defendant is without sufficient information to admit or deny the allegations of Paragraph 44.

45. Defendant is without sufficient information to admit or deny the allegations of Paragraph 45.

46. Generally, Defendant had 30-45 day turns whereby the cattle would be purchased

and sold within this time period. Defendant is without sufficient information to admit or deny the other allegations of Paragraph 46.

47. Defendant is without sufficient information to admit or deny the allegations of Paragraph 47.

48. Defendant is without sufficient information to admit or deny the allegations of Paragraph 48.

49. Defendant is without sufficient information to admit or deny the allegations of Paragraph 49.

50. Defendant is without sufficient information to admit or deny the allegations of Paragraph 50.

51. Defendant is without sufficient information to admit or deny the allegations of Paragraph 51.

52. Defendant is without sufficient information to admit or deny the allegations of Paragraph 52.

53. Defendant is without sufficient information to admit or deny the allegations of Paragraph 53.

54. Defendant is without sufficient information to admit or deny the allegations of Paragraph 54.

55. Defendant is without sufficient information to admit or deny the allegations of Paragraph 55.

56. Defendant is without sufficient information to admit or deny the allegations of Paragraph 56.

57. Defendant is without sufficient information to admit or deny the allegations of

Paragraph 57.

58.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 58.

59.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 59.

60.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 60.

61.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 61.

62.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 62.

63.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 63.

64.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 64.

65.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 65.

66.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 66.

67.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 67.

68.	Defendant is without sufficient information to admit or deny the allegations of Paragraph 68.

69. Defendant is without sufficient information to admit or deny the allegations of Paragraph 69.

70. Defendant is without sufficient information to admit or deny the allegations of Paragraph 70.

71. Defendant is without sufficient information to admit or deny the allegations of Paragraph 71.

72. Defendant is without sufficient information to admit or deny the allegations of Paragraph 72.

73. Defendant is without sufficient information to admit or deny the allegations of Paragraph 73.

74. Defendant is without sufficient information to admit or deny the allegations of Paragraph 74.

75. Defendant is without sufficient information to admit or deny the allegations of Paragraph 75.

76. Defendant is without sufficient information to admit or deny the allegations of Paragraph 76.

77. Defendant is without sufficient information to admit or deny the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. Defendant is without sufficient information to admit or deny the allegations of Paragraph 79.

80. Defendant is without sufficient information to admit or deny the allegations of Paragraph 80.

81. Paragraph 81 states conclusions of law, to which no response is required.

82. Defendant denies Paragraph 82 as to itself; otherwise Defendant is without sufficient information to admit or deny the allegations of Paragraph 82.

83. Defendant is without sufficient information to admit or deny the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84 as Defendant received no payments during the alleged time periods.

85. Defendant is without sufficient information to admit or deny the allegations of Paragraph 85.

86. Paragraph 86 states conclusions of law, to which no response is required.

87. Defendant is without sufficient information to admit or deny the allegations of Paragraph 87.

88. Defendant is without sufficient information to admit or deny the allegations of Paragraph 88.

89. Defendant is without sufficient information to admit or deny the allegations of Paragraph 89.

90. Defendant denies the allegations of Paragraph 90.

91. Defendant denies the allegations of Paragraph 91.

92. Defendant denies the allegations of Paragraph 92.

93. Defendant is without sufficient information to admit or deny the allegations of Paragraph 93.

94. Paragraph 94 states conclusions of law, to which no response is required. Defendant denies the remaining allegations of Paragraph 94.

95. Defendant did not file a proof of claim. Otherwise, Paragraph 95 states conclusions of law, to which no response is required. Defendant denies the remaining allegations of Paragraph 95.

96. Paragraph 96 states conclusions of law, to which no response is required. Defendant denies the remaining allegations of Paragraph 96.

97. Paragraph 97 states conclusions of law, to which no response is required. Defendant denies the remaining allegations of Paragraph 97.

98. Paragraph 98 states conclusions of law, to which no response is required. Defendant denies the remaining allegations of Paragraph 98. Defendant's conduct caused no injury to Debtors.

99. Defendant is without sufficient information to admit or deny the allegations of Paragraph 99.

100. Defendant is without sufficient information to admit or deny the allegations of Paragraph 100.

101. Defendant is without sufficient information to admit or deny the allegations of Paragraph 101.

## CONCLUSION

Defendant specifically denies the allegations as laid out above and demands strict proof thereof.

## PRAYER

WHEREFORE, Defendant prays that the Court render judgment in favor of Defendant, that Plaintiff take nothing by reason of this suit, that Defendant go hence with its costs without delay, and that this Court grant it other and further relief to which it may be entitled to in law or equity.

Respectfully Submitted,

**HAYES, BERRY, WHITE & VANZANT, LLP.**

By: /es/ Richard D. Hayes
   Richard D. Hayes
   State Bar No. 09278700

512 W. Hickory Street, Suite 100
Denton, Texas 76201
Telephone 940.387.3518
Facsimile 1.866.576.2575
Email: rhayes@hbwvlaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF COMPLIANCE WITH RULE 11

Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this answer is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the answer otherwise complies with the requirements of Rule 11.

By: /es/ Richard D. Hayes
   Richard D. Hayes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 6, 2026, a copy of the foregoing document was served upon all parties entitled to receive notices through the Court's electronic notification system.

By: /s/ Richard D. Hayes
Richard D. Hayes

## NO CERTIFICATE OF CONFERENCE REQUIRED

Because this document is not a motion, no certificate of conference is necessary. *See Local Rule 7.1 a. – Motion Practice*.

By: /s/ Richard D. Hayes
Richard D. Hayes