MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Flannery Nardone, TSB No. 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
fnardone@mhba.com
***Counsel for Movants.***

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br>*Defendants*. | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett |

## DEFENDANTS' REPLY TO TRUSTEE'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR PERMISSIVE ABSTENTION OR TO WITHDRAW THE REFERENCE OF THE COMPLAINT

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

COME NOW Keith Harris Farms, Inc., Tyler Pittman and Pittman Farms, Keith Myers, J&S Investments, Caleb Little, Sam Brown, Don Jones, Curtis Jones, Jones Family Cattle, LLC, Thomas Frith and TGF Ranch ("Group 1") and Don Jones Trucking, Inc., Don Jones Farm, Inc., Curtis Jones Farms, Kinsey Jones, Rick Rodgers, Mykel Tidwell, John Tidwell, Wildforest Cattle Co. LLC, Eric DeJarnett, Brent Burnett, Joe Burnett, Dwight Jesko, Patricia Jesko, Cory Jesko, and Jeff Jesko ("Group 2") (all referred to collectively herein as "Movants") and file this consolidated Reply to the Trustee's Response to their Motions for Permissive Abstention or to Withdraw the Reference ("the Response"), and would show the Court as follows:

### INTRODUCTION

1. Movants filed their Motions for Permissive Abstention or to Withdraw the Reference ("the Motions") on February 27, 2026.  *See* Doc. 255 and Doc. 256 in Adv. No. 25-02003-swe ("the Adversary Proceeding") and Doc. 1-1 and 1-2 in the District Court's Case No. 3:26-cv-01037-O.

2. In the Response, the Trustee Kent Ries ("Trustee") incorrectly characterizes the Movants and wrongly argues that they have demonstrated "a sustained pattern of procedural obstruction." Resp. ¶ 2.  In making this argument, the Trustee directs the Court to wholly irrelevant pre-suit discovery and makes inaccurate statements regarding both the Movants' representation during that time and their conduct.

3. The Trustee's reliance on stagnant, unrelated cases along with irrelevant pre-suit issues, demonstrates only the lack of any real reason for the Bankruptcy Court to deny the Movants' Motions.

4. Despite the Trustee's mischaracterizations, one fact cannot be lost in these proceedings— these Movants are the victims of the alleged Ponzi scheme at issue in this Adversary Proceeding.

By and large, these Movants have lost money due to Debtors' machinations and the Trustee's suit against them now only compounds their injuries.

5.   As set forth in full in the Motions, the circumstances favor either abstention or withdrawal of the reference and nothing in the Trustee's Response contradicts the arguments in those Motions.

### ARGUMENTS & AUTHORITIES

6.   The Trustee expounds upon USDA Claims, pre-suit Rule 2004 examinations, other adversary proceedings, and the Movants' prior motions to dismiss this action based upon the Trustee's failure to properly serve them at great length.  None of these issues, however, has any bearing on whether the Court should grant the Motions.

7.   Contrary to the Trustee's statements in the Response, the fact that many of the Movants filed USDA claims out of an abundance of caution should not impact a decision on the Motions here.

8.   Any funds held in trust for the USDA are not property of the estate.  "Section 541(d) provides that property 'in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.'" *U.S. v. McConnell*, 258 B.R. 869, 871 (N.D. Tex. 2001)(quoting 11 U.S.C. § 541(d)).  Furthermore, "[a] debtor 'does not own an equitable interest in property he holds in trust for another, [so] that interest is not 'property of the estate.'" *Id*. (quoting *Begier v. I.R.S.*, 496 U.S. 53, 59, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)).

9.   Accordingly, the Trustee's attempt to sow confusion regarding the USDA claims and claims against the bankruptcy estate are unavailing.

10. Similarly, the Trustee's exposition regarding its pre-suit discovery is completely irrelevant to the Motions presented in this Adversary Proceeding.

11. The Trustee discusses at length its attempts to obtain certain information via Rule 2004 contending that some of the Movants have engaged in "systematic obstruction."  The Trustee incorrectly assets that the relevant parties were all engaged by the same counsel during those efforts in order to imply that the Movants engaged in some coordinated effort to obstruct his efforts. See Resp. ¶¶ 27 – 29.  This is demonstrably false.  As the Trustee is aware and as has been discussed in prior briefing in this action, prior to institution of this Adversary Proceeding, the undersigned represented only Don Jones Trucking, Inc, Don Jones Farm, Inc., Curtis Jones Farm, Inc., Don Jones, Curtis Jones, Jones Family Cattle, and Kinsey Jones (collectively "the Jones Group").  *See e.g.*, Doc.135-23 (email chain previously offered by Trustee wherein his counsel was notified that the undersigned represented only the Jones Group and had been contacted by one additional party in connection with the Adversary Proceeding as of May 19, 2025).  The remaining twenty Movants were either unrepresented or had separate counsel prior to institution of the Adversary Proceeding.

12. Aside from the fact that the Movants did not share counsel prior to this Adversary Proceeding and had no "systematic" coordination of any sort, the entire argument is a red herring. It is well-established that "once an actual adversary proceeding has been initiated, 'the discovery devices provided for in Rules 7026–7037 ... apply and Rule 2004 should not be used.'" *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988)(quoting 8 Collier on Bankruptcy para. 2004.03[1] at pp. 2004–5—2004–6).

13. Any complaints the Trustee has about pre-suit discovery could have been taken up prior to institution of this action, but they were not.  These untimely and unfounded claims regarding

alleged coordination are meritless and should have no bearing on whether the Bankruptcy Court abstains or the reference is withdrawn.

14.  The Trustee also references two other adversary proceedings to argue that they create "a compelling need for coordinated administration before this Court," but they do no such thing. Under the fourteen-factor test for permissive abstention set forth in relevant case law, the fourth factor references "the presence of related proceeding commenced in state court or other nonbankruptcy proceeding," and the cases referenced by the Trustee do not fall within either of those categories. *In re Viper Products & Servs., LLC*, Adv. No. 22-05003, 2022 WL 2707879, at *2 (Bankr. N.D. Tex. July 11, 2022).

15. Moreover, the purportedly "related cases" are not actually so intertwined with the Adversary Proceeding at issue here so as to significantly impact the decision on these Motions.

16. "The Bank Lawsuit" proceeding under Adv. No. 25-02005 does not involve any of the Movants here and significantly, although it was filed in March 2025, that case has been essentially stagnant for more than six months.  *See e.g*, Adv. No. 25-02005, Doc. 104 (showing last substantive action in case was a hearing held on September 15, 2025).

17. The "Rabo Lawsuit" is similarly inactive with no substantive action having occurred since February 2025 or since it was assigned to the current Bankruptcy Court following the retirement of Judge Jones on April 1, 2025.  *See* Adv. No. 23-02005 Doc. 232.  Although a recent status report indicates that the plaintiff is working with the Trustee to address various issues, those issues do not substantively involve the Movants here.

18. Having spent the bulk of the Response discussing these irrelevant issues, the Trustee goes on to spend relatively minimal time discussing its argument that the test for abstention purportedly favors retention.  As set forth in full in the Motions, the Movants strongly disagree with the

sweeping proclamations made by the Trustee regarding the fourteen-factor test for permissive abstention.

19. Movants will not fully restate their arguments here but would draw the Court's attention to certain inaccuracies in the Trustee's arguments. For instance, the Trustee contends that Factor 8 "strongly disfavors abstention" but supports this argument by contending that severing these Movants' claims would potentially create several more parallel proceedings. *See* Resp. ¶ 50. This is not what Factor 8 addresses. Applicable case law notes that this factor is intended to look to the difficulty of severing state law claims from bankruptcy-specific questions. See e.g., *In re Viper Products & Servs., LLC*, Adv. No. 22-05003, 2022 WL 2707879, at *2 (Bankr. N.D. Tex. July 11, 2022)("the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court"). The potential for "parallel proceedings" does not make the severance of these claims any less feasible.

20. The Trustee also mischaracterizes the Movants' intentions in seeking this relief as improper "forum shopping." Resp. ¶ 52. While some out-of-state Movants may wish to transfer the claims against them to a more convenient forum, this is not in and of itself impermissible forum shopping. Courts have consistently noted that forum shopping concerns typically arise where an action is brought in a forum with "different substantive law governing the issues in the case" in order to gain some advantage. *Farm Bureau Prop. & Cas. Ins. Co. v. Estate of Sotello*, No. 5:22-CV-292-H, 2023 WL 11959819, at *3 (N.D. Tex. Sept. 13, 2023). Here, there is no indication that any other state law would be more favorable to any Movant. "There is a distinction between untoward forum shopping and permissible forum shopping when selecting an appropriate venue." *In re Speedcast Int'l Ltd.*, Adv. No. 22-3019, 2022 WL 4281474, at *7 (Bankr. S.D. Tex. Sept. 15, 2022).

Here, the Movants merely suggest seeking another appropriate, more convenient forum—there is nothing untoward about that and this factor does not favor retention.

21. Lastly, the Trustee's arguments regarding the potential opening of floodgates are not persuasive.  If the Court finds abstention or withdrawal of the reference appropriate for these Movants, it could simply abstain or withdraw the reference for the entire adversary proceeding to avoid resolving multiple motions on this issue.  Further, it is unlikely the Trustee would end up with "100+ separate lawsuits across multiple states."  As set forth in the Trustee's Second Amended Complaint [Doc. 295], the Investor Parties are not from 100 different locations and the claims could therefore be brought against multiple parties in a single, more appropriate forum.  For instance, the majority of the Investor Parties are located in either Texas, Oklahoma and Kentucky.  *See Id*.  Dividing the claims into multiple actions may also have the added benefit of requiring the Trustee to consider whether the claims being asserted against these victims of the Debtors' fraud are really necessary.

22. For all of these reasons and those set forth in the Motions, Movants respectfully ask the Court to either abstain from hearing these claims or to withdraw the reference.

Dated: April 2, 2026

Respectfully submitted,

By: /s/ *Steven L. Hoard*
      Steven L. Hoard

**MULLIN HOARD & BROWN, L.L.P.**
Steven L. Hoard, TSB No. 09736600
shoard@mhba.com
P. O. Box 31656
500 S. Taylor, Suite 800, LB 213
Amarillo, TX 79120-1656
(806) 372-5050 – Telephone
(806) 372-5086 – Facsimile

Flannery Nardone, TSB No. 24083183
fnardone@mhba.com

2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(214) 754-0040 – Telephone
(214) 754-0043 – Facsimile
***Attorneys for Movants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 2nd day of April, 2026, a true and correct copy of this Reply was served on all counsel of record through the Court's ECF service.

/s/*Steven L. Hoard*
Steven L. Hoard