Jeff P. Prostok
State Bar No. 16352500
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
jeff.prostok@vkhh.com

*COUNSEL FOR DEFENDANT*
*MAP ENTERPRISES, INC.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., and 7M CATTLE FEEDERS, INC., | Case No. 23-20084-SWE |
| Debtors. | (Jointly Administered) |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC., | |
| Plaintiff, | |
| v. | Adversary No. 25-02003-SWE |
| ANGELA ROBINSON, *et al*., | |
| Defendants. | |

## DEFENDANT MAP ENTERPRISES, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

MAP Enterprises, Inc. ("**MAP**"), a defendant in this adversary proceeding, files this its Answer and Affirmative Defenses to the *Trustee's Second Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief* [ECF No. 295] (the "**Complaint**") filed by Kent Ries (the "**Trustee**" or "**Plaintiff**"), Chapter 7 Trustee for the bankruptcy estates of McClain Feed Yard, Inc. ("**MFY**"), McClain Farms, Inc. ("**MFI**"), and 7M Cattle Feeders, Inc. ("**7M**") (collectively, the "**Debtors**"). MAP hereby admits, denies, and alleges as follows:

## ANSWER TO THE COMPLAINT

### A.      *Response to Numbered Paragraphs*

### Summary[1]

1.      Answering Paragraph 1 of the Complaint: MAP denies that it was involved in a Ponzi scheme with any of the Debtors. The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

2.      Answering Paragraph 2 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

3.      Answering Paragraph 3 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or

---

[1] These subheadings correspond to those used in the Complaint and are included in this Answer solely for organizational purposes. No response is required to the Complaint's headings or subheadings. To the extent any response is deemed necessary, MAP denies the allegations implied by those headings and subheadings.

denial is required, MAP denies all such allegations.

4.      Answering Paragraph 4 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

5.      Answering Paragraph 5 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

6.      Answering Paragraph 6 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

7.      Answering Paragraph 7 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

8.      Answering Paragraph 8 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

9.      Answering Paragraph 9 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

10.      Answering Paragraph 10 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

11.      Answering Paragraph 11 of the Complaint: The allegations in such paragraph

are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

12.     Answering Paragraph 12 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

13.     Answering Paragraph 13 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent admission or denial is required, MAP denies all such allegations.

### Jurisdiction and Venue

14.     Answering Paragraph 14 of the Complaint: MAP admits the allegations.

15.     Answering Paragraph 15 of the Complaint: MAP admits that this Court has jurisdiction over this adversary proceeding, that this adversary proceeding is a core proceeding, and that venue of this adversary proceeding is proper in this Court.

### Investor Parties

16.     Answering Paragraph 16 of the Complaint: MAP admits that, within ninety (90) days before April 28, 2023 (the "**Petition Date**"), MAP received payments totaling $133,117,410.22 from the Debtors. The statements that amounts paid to MAP are subject to avoidance as preferences or fraudulent transfers are conclusions of law, to which no admission or denial is required. To the extent any admission or denial is required, MAP denies such statements. Regarding all other allegations in such paragraph, MAP lacks sufficient information to know whether such allegations are true and therefore denies such allegations.

17.     Answering Paragraph 17 of the Complaint: MAP lacks sufficient information to admit or deny the allegation that the Trustee currently has insufficient information to match

the payments detailed on Exhibits 117 and 118 to the Complaint to any particular party, and therefore denies such allegation. The Trustee's reservation of rights is a conclusion of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies such reservation of rights.

<strong>Vendor Parties</strong>

18.      Answering Paragraph 18 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

<strong>Family Member Parties</strong>

19.      Answering Paragraph 19 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

<strong>Corrected Parties</strong>

20.      Answering Paragraph 20 of the Complaint: MAP admits that its correct name is MAP Enterprises, Inc. MAP lacks sufficient information to admit or deny the remaining allegations in such paragraph and therefore denies all such allegations.

<strong>History of the McClain Debtors</strong>

21.      Answering Paragraph 21 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

22.      Answering Paragraph 22 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

23.    Answering Paragraph 23 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

24.    Answering Paragraph 24 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

25.    Answering Paragraph 25 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

### Other Players in the Ponzi Scheme

26.    Answering Paragraph 26 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

27.    Answering Paragraph 27 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

28.    Answering Paragraph 28 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

29.    Answering Paragraph 29 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

30.    Answering Paragraph 30 of the Complaint: MAP admits it entered into

agreements with Brian McClain to purchase cattle. MAP lacks sufficient information to know whether the remaining allegations in such paragraph are true, and therefore denies all such allegations.

### The Ponzi Scheme

31.    Answering Paragraph 31 of the Complaint: MAP denies that it was an investor. MAP lacks sufficient information to know whether the remaining allegations in such paragraph are true, and therefore denies all such allegations.

32.    Answering Paragraph 32 of the Complaint: MAP admits it received documentation similar to the documentation referenced in such paragraph, which documentation served as a receipt of the amount of cattle being purchased.

33.    Answering Paragraph 33 of the Complaint: MAP lacks sufficient information to know whether such allegations are true, and therefore denies all such allegations.

34.    Answering Paragraph 34 of the Complaint: MAP lacks sufficient information to know whether such allegations are true, and therefore denies all such allegations.

35.    Answering Paragraph 35 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

36.    Answering Paragraph 36 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

37.    Answering Paragraph 37 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

38.     Answering Paragraph 38 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

39.     Answering Paragraph 39 of the Complaint: MAP denies that it had possession of blank checks from the Debtors. As for the remaining allegations in such paragraph, MAP lacks sufficient information to know whether such allegations are true and therefore denies all such allegations.

40.     Answering Paragraph 40 of the Complaint: MAP denies that it expected an annualized profit of approximately 30% on each transaction based upon specific stated growth rates and future sale weight and price per pound. MAP denies that the Debtors consistently provided MAP with a return on its investments. MAP lacks sufficient information to know whether the remaining allegations in such paragraph are true, and therefore denies all such allegations.

41.     Answering Paragraph 41 of the Complaint: MAP denies that it received a full return on its investment with the Debtors. MAP denies that it allowed the Debtors to retain any of the funds paid by MAP for future deals. MAP lacks sufficient information to know whether the remaining allegations in such paragraph are true, and therefore denies all such allegations.

42.     Answering Paragraph 42 of the Complaint: MAP denies that it received a net profit of any kind, fictitious or otherwise, in its dealings with the Debtors. MAP lacks sufficient information to admit or deny the remaining allegations in such paragraph, and therefore denies all such allegations.

43.     Answering Paragraph 43 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such

allegations.

44.     Answering Paragraph 44 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

45.     Answering Paragraph 45 of the Complaint: Plaintiff's statement of position and reservation of rights are conclusions of law, to which no admission or denial is required. To the extent that an admission or denial is required, MAP denies Plaintiff's statement of position and reservation of rights. Regarding the other allegations in such paragraph of the Complaint, MAP lacks sufficient information to admit or deny such allegations and therefore denies all such allegations.

46.     Answering Paragraph 46 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

47.     Answering Paragraph 47 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

### The Wildforest/MAP Clawbacks

48.     Answering Paragraph 48 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

49.     Answering Paragraph 49 of the Complaint: MAP denies the allegations in such paragraph.

50.     Answering Paragraph 50 of the Complaint: MAP denies the allegations in such

---

paragraph.

51.     Answering Paragraph 51 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

52.     Answering Paragraph 52 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

53.     Answering Paragraph 53 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

54.     Answering Paragraph 54 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

### Check Kiting Scheme

55.     Answering Paragraph 55 of the Complaint: The statements in such paragraph, including Plaintiff's general description of check-kiting, are in the nature of legal briefing or argument, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

56.     Answering Paragraph 56 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

57.     Answering Paragraph 57 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

58.     Answering Paragraph 58 of the Complaint: MAP lacks sufficient information

---

to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

59.    Answering Paragraph 59 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

60.    Answering Paragraph 60 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

61.    Answering Paragraph 61 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

62.    Answering Paragraph 62 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

63.    Answering Paragraph 63 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

**The Family Member Transactions**

64.    Answering Paragraph 64 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

65.    Answering Paragraph 65 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

66.    Answering Paragraph 66 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

67.    Answering Paragraph 67 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

68.    Answering Paragraph 68 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

69.    Answering Paragraph 69 of the Complaint: MAP lacks sufficient information

to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

70.     Answering Paragraph 70 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such paragraph, and therefore denies all such allegations.

### Count 1: Fraudulent Transfer Claims – Family Member Transactions

71.     Answering Paragraph 71 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

72.     Answering Paragraph 72 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations.

73.     Answering Paragraph 73 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations.

74.     Answering Paragraph 74 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations.

75.     Answering Paragraph 75 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations.

### Count 2: Alternative Claims – Family Member Transactions

76.     Answering Paragraph 76 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations.

77.     Answering Paragraph 77 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations. MAP denies that it was an insider of any of the Debtors.

### Count 3: Preference Claims – Investors

78.     Answering Paragraph 78 of the Complaint: The allegations in such paragraph are conclusions of law, to which no admission or denial is required. To the extent that admission or denial is required, MAP denies all such allegations.

79.     Answering Paragraph 79 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

80.     Answering Paragraph 80 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

81.     Answering Paragraph 81 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

82.     Answering Paragraph 82 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

83.     Answering Paragraph 83 of the Complaint: MAP lacks sufficient information to know whether this case will not be a 100% case, or whether the Trustee is currently only holding less than $10M of assets against over $150M of asserted debt, other than litigation

claims, and MAP therefore denies all such allegations. The remaining allegations in such paragraph of the Complaint are conclusions of law, to which no admission or denial is required. To the extent that an admission or denial is required, MAP denies all such allegations.

84.     Answering Paragraph 84 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

### Count 4: Preference Claims – Vendors

85.     Answering Paragraph 85 of the Complaint: MAP lacks sufficient information to know whether the allegations in such paragraph are true, and therefore denies all such allegations.

86.     Answering Paragraph 86 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

87.     Answering Paragraph 87 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

88.     Answering Paragraph 88 of the Complaint: MAP lacks sufficient information to know whether this case will not be a 100% case, or whether the Trustee is currently only holding less than $10M of assets against over $150M of asserted debt, other than litigation claims, and MAP therefore denies all such allegations. The remaining allegations in such paragraph of the Complaint are conclusions of law, to which no admission or denial is required. To the extent that an admission or denial is required, MAP denies all such allegations.

89.     Answering Paragraph 89 of the Complaint: The statements in such paragraph

are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

**Count 5: Fraudulent Transfer Claims – Investors**

90.     Answering Paragraph 90 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

91.     Answering Paragraph 91 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

92.     Answering Paragraph 92 of the Complaint:

(a)     Regarding the first sentence of Paragraph 92 of the Complaint: The statements in such sentence are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

(b)     Regarding the second sentence of Paragraph 92 of the Complaint: MAP lacks sufficient information to admit or deny the allegations in such sentence, and therefore denies all such allegations.

(c)     Regarding the third sentence of Paragraph 92 of the Complaint: MAP denies all allegations in such sentence to the extent they pertain to MAP. To the extent that such allegations do not pertain to MAP, MAP lacks sufficient information to know whether such allegations are true, and therefore denies all such allegations.

93.     Answering Paragraph 93 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

94. Answering Paragraph 94 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

**Count 6: Disallowance of Claim, Subordination of Claim**

95. Answering Paragraph 95 of the Complaint: MAP admits that the Proofs of Claim that it has filed in the Debtors' bankruptcy cases are based on amounts due under MAP's agreements with the Debtors. MAP denies that its Proofs of Claim are based on alleged bounced checks or returned wires. With regard to all other allegations in Paragraph 95 of the Complaint, MAP lacks sufficient information to know whether such allegations are true, and therefore denies all such allegations.

96. Answering Paragraph 96 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

97. Answering Paragraph 97 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

98. Answering Paragraph 98 of the Complaint: The statements in such paragraph are conclusions of law, to which no admission or denial is required. To the extent an admission or denial is required, MAP denies all such statements.

**Reservation of Rights**

99. Answering Paragraph 98 of the Complaint: MAP lacks sufficient information to admit or deny such allegations and therefore denies all such allegations.

100. Answering Paragraph 100 of the Complaint: MAP lacks sufficient information

---

to admit or deny such allegations and therefore denies all such allegations.

101.    Answering Paragraph 101 of the Complaint: Paragraph 101 of the Complaint consists of Plaintiff's reservation of rights to supplement or amend the Complaint. No admission or denial of Plaintiff's reservation of rights is required. To the extent an admission or denial is required, MAP denies Plaintiff's reservation of rights. MAP respectfully reserves its right to oppose any supplementation or amendment of the Complaint to the extent supplementation or amendment is not warranted under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other applicable law.

### *B.    General Denial*

102.    Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7008, MAP generally denies each and every allegation in the Complaint not expressly admitted herein and demands strict proof thereof.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

103.    Without admitting any liability, MAP asserts the following:

### First Defense – Failure to State a Claim

104.    The Complaint, and each and every cause of action contained therein, fails to set forth a cause of action upon which relief may be granted.

### Second Defense – Contemporaneous Exchange for New Value
### (11 U.S.C. § 547(c)(1))

105.    Each transfer by the Debtors to MAP that is potentially avoidable as a preference pursuant to 11 U.S.C. § 547(b) was

(a)    intended by the Debtors and MAP to be a contemporaneous exchange for new value given to the Debtors; and

(b)      was in fact a substantially contemporaneous exchange.

### Third Defense – Transfers in Ordinary Course of Business
### (11 U.S.C. § 547(c)(2))

106.    Each transfer by the Debtors to MAP that is potentially avoidable as a preference pursuant to 11 U.S.C. § 547(b) was

(a)      in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and MAP, and such transfer was—

(b)      (i) made in the ordinary course of business or financial affairs of the Debtors and MAP; or (ii) made according to ordinary business terms.

### Fourth Defense – Subsequent New Value
### (11 U.S.C. § 547(c)(4))

107.    With respect to each transfer by the Debtors to MAP that is potentially avoidable as a preference pursuant to 11 U.S.C. § 547(b),

(a)      such transfer was to or for the benefit of MAP, a creditor of the Debtors; and

(b)      after such transfer, MAP gave new value to or for the benefit of the Debtors (i) not secured by an otherwise unavoidable security interest and (ii) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of MAP.

### Fifth Defense – Good Faith Transferee for Value
### (11 U.S.C. § 548(c); Tex. Bus. & Com. Code
### § 24.009(a); Ky. Rev. Stat. §§ 378A.080(1))

108.    With respect to all the transfers from the Debtors to MAP that are the subject of Count 5 of the Complaint, MAP received all such transfers in good faith, without actual knowledge of any alleged Ponzi scheme by the Debtors, and without inquiry notice of any facts

---

that would cause a reasonable transferee to investigate wrongdoing.

109.    At all relevant times, MAP was an arm's-length participant in what appeared to be a legitimate cattle business. MAP had no insider relationship with the Debtors, MAP had no access to the Debtors' internal financial records, and MAP relied on the Debtors' reputation in the cattle industry.

110.    MAP also gave value in exchange for each transfer from the Debtors, including substantial cash payments to the Debtors.

111.    Accordingly, MAP is entitled to retain all transfers to the extent of value given.

### Sixth Defense – Net Loser Rule

112.    MAP was a "net loser" in its transactions with the Debtors, in that MAP transferred more money to the Debtors than it received from the Debtors. MAP incurred losses exceeding $7.5 million as a result of such transactions. Any amounts received by MAP constituted, at most, return of principal.

113.    Under well-established law, including Ponzi-scheme jurisprudence, a transferee may retain payments up to the amount of principal invested, and is liable only for net profits, if any. Because MAP received no net profits, the Trustee cannot recover any amounts from MAP on a fraudulent transfer theory.

### Seventh Defense – Waiver and Estoppel

114.    Plaintiff has waived and/or is barred and estopped from asserting its claims, in whole or in part, because Plaintiff's own actions or inaction released MAP from further liability.

### Eighth Defense – Laches

115.    Plaintiff's claims are barred by the doctrines of laches.

### Ninth Defense – Damages

116.	Plaintiff has not suffered any damages and/or has inaccurately calculated its alleged damages.

### Tenth Defense – Section 502(d)

117.	Plaintiff's objection to MAP's claims pursuant to section 502(d) of the Bankruptcy Code should be overruled. MAP is not an entity from which property is recoverable under section 542, 543, 550, or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code. Therefore, section 502(d) provides no basis for objecting to MAP's claims.

### Eleventh Defense – No Avoidable "Clawback" Transfers

118.	The Trustee's allegation that MAP engaged in improper "clawbacks" is unfounded. MAP affirmatively states that any returned or reversed transactions were legitimate banking actions and that no wrongful or inequitable conduct occurred.

119.	Further, MAP states that it did not obtain any improper advantage over other creditors as a result of such banking actions.

### RESERVATION OF RIGHTS

120.	MAP reserves the right to supplement or amend this Answer in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

### PRAYER FOR RELIEF

WHEREFORE, MAP denies that it is liable to Plaintiff and requests:

1.	That this Court dismiss the Complaint with prejudice;

2.	That Plaintiff have, take and recover nothing against MAP by virtue of Plaintiff's causes of action;

3.      That this Court award MAP its costs, attorney fees and expenses in the

amount and manner permitted by applicable law; and

4.      For such other, further and general relief as this Court may deem appropriate.

*[Remainder of page intentionally left blank]*

Dated: April 20, 2026

Respectfully submitted,

*/s/ Jeff P. Prostok*
Jeff P. Prostok
State Bar No. 16352500
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
jeff.prostok@vkhh.com

*COUNSEL FOR DEFENDANT MAP
ENTERPRISES, INC*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 20, 2026, a true and correct copy of the foregoing document was served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail.

By: */s/ Jeff P. Prostok*
Jeff P. Prostok