# Trustee's Response in Opposition to Defendants' Motions for Permissive Abstention or to Withdraw the Reference

(Dkt. Nos. 253, 255, 256, and 257)

---

Adv. Proc. No. 25-02003-SWE

In re McClain Feed Yard, Inc., et al. | Case No. 23-20084-SWE

Honorable Scott W. Everett

**Status Conference — April 20, 2026 — 1:30 p.m. via WebEx**

Alan Dabdoub

Special Counsel to the Chapter 7 Trustee

Lynn Pinker Hurst & Schwegmann LLP

1

# Overview: Four Related Motions

Twenty-seven defendants, all represented by the same counsel (Mullin Hoard & Brown, LLP), filed four related motions on February 27, 2026:

| GROUP 1 — 12 Defendants (No POC) | GROUP 2 — 15 Defendants (POC Filed) |
|---|---|
| Dkt. 253 – Withdrawal of Reference<br>Dkt. 255 – Permissive Abstention<br><br>No proofs of claim filed<br>No USDA claims (except TGF Ranch)<br>None named in Rabo Lawsuit (except Frith/TGF) | Dkt. 256 – Permissive Abstention<br>Dkt. 257 – Withdrawal of Reference<br><br>Filed POCs totaling ~$47.7M<br>Filed USDA claims totaling ~$20.3M<br>All USDA claims found non-valid |

The Trustee opposes all four motions. (Dkt. 297, filed March 20, 2026)

Defendants filed a consolidated Reply. (Dkt. 312, filed April 2, 2026)

# The Jones Individual/Entity Split

The same individuals appear in both groups through the same counsel:

| GROUP 1 (No POC) | GROUP 2 (POC Filed) |
|---|---|
| **Don Jones (individual)**<br>**Curtis Jones (individual)**<br><br>Argument: "We never filed claims in the bankruptcy process." | **Don Jones Trucking  ($3.75M POC)**<br>**Don Jones Farm  ($21.2M POC)**<br>**Curtis Jones Farms  ($5.72M POC)**<br>**Kinsey Jones  ($1.06M POC)**<br><br>**Filed $31.7M in claims** |



The same individuals seek the protections of both postures: arguing through their individual names that they have no connection to the bankruptcy, while their corporate entities filed proofs of claim totaling tens of millions of dollars.

# Group 1 — No POC Filed (Dkts. 253/255)

| Defendant | POC Filed? | USDA Claim | Dkt 234? | Rabo? |
|---|---|---|---|---|
| Keith Harris Farms, Inc. | No | — | No | No* |
| Tyler Pittman | No | — | No | No |
| Pittman Farms | No | — | No | No |
| Keith Myers | No | — | No | No |
| J&S Investments | No | — | No | No |
| Caleb Little | No | — | No | No |
| Sam Brown | No | — | No | No |
| Don Jones (individual) | No | — | No | No* |
| Curtis Jones (individual) | No | — | No | No |
| Jones Family Cattle, LLC | No | — | No | No |
| Thomas Frith | No | — | No | Yes |
| TGF Ranch | No | $1,159,266 | Yes | Yes |

* Keith Harris (individual) named in Rabo, not the farm entity. Don Jones corp. entities named, not individual.

# Group 2 — POC Filed (Dkts. 256/257)

| Defendant | POC Filed? | USDA Claim | Dkt 234? | Rabo? |
|---|---|---|---|---|
| Don Jones Trucking, Inc. | Yes | $1,250,833 | Yes | Yes |
| Don Jones Farm, Inc. | Yes | $7,673,566 | Yes | Yes |
| Curtis Jones Farms | Yes | $2,208,533 | Yes | Yes |
| Kinsey Jones | Yes | $353,831 | Yes | Yes |
| Rick Rodgers | Yes | $1,816,098 | Yes | Yes |
| Mykel Tidwell | Yes | $501,987 | Yes | Yes |
| John Tidwell | Yes | $242,728 | Yes | Yes |
| Wildforest Cattle Co., LLC | Yes | $5,382,860 | Yes | Yes |
| Eric DeJarnett | Yes | $67,012 | Yes | Yes |
| Brent Burnett | Yes | $175,341 | Yes | Yes |
| Joe Burnett | Yes | $206,442 | Yes | Yes |
| Dwight Jesko | Yes* | $309,548 | Yes | Yes |
| Patricia Jesko | Yes* | — | No | No |
| Cory Jesko | Yes* | $84,504 | Yes | Yes |
| Jeff Jesko | Yes* | — | No | No |

* Joint POC filings: Dwight & Patty Jesko; Cory & Jeff Jesko. All USDA claims found apparently non-valid.

3B

# Claims at Issue: Group 1 Movants (No POC)

| Defendant | Group | 90-Day Pref | 1-Year Pref | Fraudulent Transfer |
|---|---|---|---|---|
| Keith Harris Farms, Inc. | Other | $761,613 | $1,650,961 | $9,396,235 |
| Tyler Pittman | Pittman | n/a | $206,654 | $4,982,588 |
| Pittman Farms | Pittman | n/a | n/a | $438,673 |
| Keith Myers | Other | n/a | n/a | $2,202,859 |
| J&S Investments | Other | n/a | n/a | $3,357,452 |
| Caleb Little | Other | n/a | $309,999 | $1,195,132 |
| Sam Brown | Wildforest | n/a | $42,750,093 | $50,344,456 |
| Don Jones (individual) | Jones | n/a | $2,114,018 | $15,208,702 |
| Curtis Jones (individual) | Jones | n/a | $4,965,833 | $13,058,806 |
| Jones Family Cattle, LLC | Jones | (joint w/ Don) | (joint) | (joint) |
| Thomas Frith | Frith | n/a | n/a | $588,474 |
| TGF Ranch | Frith | $866,487 | $2,958,518 | $9,115,518 |
| **GROUP 1 TOTAL (12)** | | **$1,628,100** | **$54,956,076** | **$109,888,895** |

**Group 1 argues they have no connection to the bankruptcy — yet collectively face $109.9M in fraudulent transfer claims and $55M in preference claims from the SAC (Dkt. 295).**

**Movants have stated they intend to seek venue transfer to home states. (Dkt. 253, fn. 2)**

Note: Don Jones and Jones Family Cattle listed jointly in SAC (¶ 92, Ex. 32/60). Curtis Jones listed jointly with Kinsey Jones and Curtis Jones Farms.

# Claims at Issue: Group 2 Movants (POC Filed)

| Defendant | Group | 90-Day Pref | 1-Year Pref | Fraudulent Transfer |
|---|---|---|---|---|
| Don Jones Trucking, Inc. | Jones | n/a | $1,558,498 | $2,850,236 |
| Don Jones Farm, Inc. | Jones | $4,538,985 | $19,888,294 | $49,719,997 |
| Curtis Jones Farms | Jones | (joint w/ Curtis) | (joint) | (joint) |
| Kinsey Jones | Jones | (joint w/ Curtis) | (joint) | (joint) |
| Rick Rodgers | Other | $142,616 | $1,312,537 | n/a |
| Mykel Tidwell | Tidwell | $5,039,238 | $9,394,119 | n/a |
| John Tidwell | Tidwell | $2,549,662 | $7,217,484 | n/a |
| Wildforest Cattle Co., LLC | Wildforest | $57,028,499 | $66,361,992 | $66,361,992 |
| Eric DeJarnett | Other | $133,676 | $133,676 | n/a |
| Brent Burnett | Burnett | $353,268 | $1,622,504 | n/a |
| Joe Burnett | Burnett | n/a | $249,803 | $249,803 |
| Dwight Jesko | Jesko | n/a | $856,006 | $3,669,756 |
| Patricia Jesko | Jesko | (joint w/ Dwight) | (joint) | (joint) |
| Cory Jesko | Jesko | $91,401 | $196,405 | $271,782 |
| Jeff Jesko | Jesko | (joint w/ Cory) | (joint) | (joint) |
| **GROUP 2 TOTAL (15)** | | **$69,877,345** | **$108,791,318** | **$123,123,566** |

**Group 2 filed ~$47.7M in POCs and ~$20.3M in USDA claims while facing $123.1M in FT claims and $108.8M in preferences. Jury trial waived. (Dkt. 256, p. 6; Langenkamp v. Culp, 498 U.S. 42.)**

**Movants have stated they intend to seek venue transfer to home states. (Dkt. 253, fn. 2)**

# Procedural History

| | |
|---|---|
| **Fall 2023** | Trustee commences Rule 2004 discovery from 100+ claimants |
| **2023–2024** | Multiple parties (including current movants) object to discovery |
| **March 2024** | Contested evidentiary hearing on discovery objections |
| **April 19, 2024** | Judge Jones overrules objections, grants Trustee's motion (Dkt. 223) |
| **April 26, 2024** | Discovery orders entered (Dkts. 233, 234) — movants specifically named |
| **2024–2025** | Majority of movants produce zero documents despite Court orders |
| **March 2, 2025** | Trustee files Original Complaint (Dkt. 1) |
| **April 25, 2025** | First Amended Complaint filed (Dkt. 9) |
| **Aug–Oct 2025** | Movants file motions to dismiss on service grounds (Dkts. 70–73, 127–128) |
| **January 2026** | Court denies motions to dismiss |
| **Feb 19, 2026** | Trustee sends detailed production demand to counsel (Exhibit F) |
| **Feb 27, 2026** | Movants file these four motions instead of producing documents |
| **March 3, 2026** | Trustee follows up — no response to production demand (Exhibit H) |
| **March 18, 2026** | Second Amended Complaint filed (Dkt. 295) |
| **March 20, 2026** | Trustee files consolidated response (Dkt. 297) |
| **April 2, 2026** | Defendants file reply (Dkt. 312) |
| **April 20, 2026** | **Status Conference on Abstention (Still no documents)** |

# Discovery Compliance: Exhibit C Summary

The Court ordered discovery production (Dkts. 233, 234). The record shows:

| **14 of 27** | **0 of 27** | **$21.4M** |
|:---:|:---:|:---:|
| Named in Discovery Order | Full Compliance | USDA Claims (All Non-Valid) |

- Group 2: 13 of 15 specifically named in discovery orders — every one produced zero
- Group 1: TGF Ranch named in Dkt. 234 — zero; Keith Harris provided partial banking only
- Curtis Jones Farms and Kinsey Jones objected (Dkts. 188–189) — overruled — then zero
- Trustee forced to reconstruct $4.37 billion in banking data (28,107 debits, 10,805 credits) from Mechanics Bank and CFSB (Cass Decl., Exhibit B, ¶¶ 6–8)
- All USDA claims by movants found "apparently non-valid" by USDA ($0.00 valid)
- Group 2 filed proofs of claim totaling approximately $47.7 million

# Exhibit F: The Trustee's Detailed Production Demand

On February 19, 2026, the Trustee sent a detailed, client-by-client analysis of outstanding documents needed from each movant. (Exhibit F, 18 pages, 3 attachments.)

The Trustee's team analyzed banking records to identify the exact date ranges each movant transacted with the Debtors:

| Movant | Transaction Period | Dkt 234? | Production Status per Exhibit F |
|---|---|---|---|
| Tyler Pittman | Jan 2018 – Nov 2022 | No | **No financial records or communications produced** |
| Pittman Farms | Jan 2018 – Jul 2022 | No | **No financial records or communications produced** |
| J&S Investments | Jul 2019 – Jun 2021 | No | **No financial records or communications produced** |
| Cory/Jeff Jesko | Feb 2022 – Feb 2023 | Yes | Partial — only Feb 2023 bank stmt; missing others |
| Dwight/Patricia Jesko | Dec 2018 – Mar 2023 | Yes | **No financial records or communications produced** |
| Wildforest Cattle Co. | Jan 2023 – Apr 2023 | Yes | Partial — bank stmts only; no summary/emails |
| Sam Brown | May 2021 – Dec 2022 | No | **No financial records produced** |
| Curtis Jones Farms | Oct 2018 – Jan 2023 | Yes | Check copies only — no bank stmts/communications |
| Don Jones Trucking | Mar 2018 – Oct 2022 | Yes | Check copies only — no bank stmts/communications |
| Jones Family Cattle | Dec 2022 | No | **No bank statements or communications provided** |
| Don Jones Farm | Jan 2018 – Mar 2023 | Yes | Check copies only — no bank stmts/communications |
| Kinsey/Curt Jones | Oct 2018 – Jan 2023 | Yes | Check copies only — no bank stmts/communications |
| TGF Ranch | Jan 2018 – Mar 2023 | Yes | **No financial records or communications produced** |
| Thomas Frith | Feb 2018 – Feb 2021 | No | **No financial records or communications produced** |
| Brent Burnett | Jun 2021 – Mar 2023 | Yes | **No financial records or communications produced** |
| Joe Burnett | Feb 2022 – Jan 2023 | Yes | **No financial records or communications produced** |
| John Tidwell | Jan 2021 – Apr 2023 | Yes | **No financial records or communications produced** |
| Mykel Tidwell | Jan 2022 – Apr 2023 | Yes | **No financial records or communications produced** |
| Keith Harris Farms | Jan 2018 – Mar 2023 | Yes | Financial records only — no comms/bank stmts |

**Eight days later, counsel filed the abstention motions instead of responding. No documents produced since.**

# Record of Trustee's Good Faith Efforts

Exhibits D through H document the Trustee's efforts to obtain document production:

**Exhibit D**

**Jan 27, 2026 — Hoard → Jobe/Dabdoub**

Counsel for movants states he intends to file abstention and venue transfer motions, and plans to seek transfer to Kentucky.

**Exhibit E**

**Feb 11, 2026 — Jobe → Hoard**

Trustee's counsel: "Step 1 is to identify where your clients are at as far as production of info."

**Exhibit F**

**Feb 19, 2026 — Jobe → Hoard**

Trustee sends detailed itemized summary of outstanding documents and information needed from each of movants' clients.

**Exhibit G**

**Feb 27, 2026 — Hoard → Jobe**

Same day motions are filed. Counsel states he has documents from clients but files motions instead of producing them.

**Exhibit H**

**Mar 3, 2026 — Jobe → Hoard**

Trustee follows up: "The Trustee has previously offered to do a litigation stand-down to allow for production." No response received.

**No settlement communications or document production since March 3, 2026.**

5

# Three Related Proceedings Before This Court

| Rabo Lawsuit (23-02005) | Investor Lawsuit (25-02003) | Bank Lawsuit (24-02007) |
|---|---|---|
| RAF v. Dealer Trust Claimants | Trustee v. 132+ Defendants | Trustee v. HTLF, Mechanics, |
| 100+ defendants | Preferences + Fraudulent Transfers | Rabo, CFSB |
| Disputes USDA trust priorities | Ponzi scheme presumption | Same banking records |
| Group 2 movants = Non-Valid Claimants | All 27 movants are defendants | Same underlying transactions |
| Thomas Frith / TGF Ranch also named | THIS PROCEEDING | Same forensic analysis |

All three proceedings involve overlapping parties, the same underlying transactions, the same banking records, and the same forensic analysis. Fragmentation would create serious risk of inconsistent rulings and enormous duplication of effort.

# Group 2: Consent to Jurisdiction

**Group 2 movants filed proofs of claim and USDA claims — waiving their right to a jury trial and consenting to this Court's jurisdiction.**

**Langenkamp v. Culp, 498 U.S. 42 (1990):**
"By filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power."

**Group 2 themselves concede this:**
"Because these Movants have filed proofs of claim, they have waived their right to a jury trial." (Dkt. 256, p. 6)

- Group 2 POC totals: ~$47.7 million across all three jointly administered cases
- Group 2 USDA claims: ~$20.3 million — all found non-valid

- Their offset theory confirms the claims are intertwined: defendants argue their POCs should reduce avoidance recoveries — proving both must be resolved in this Court

- Wellness Int'l Network v. Sharif, 575 U.S. 665 (2015): consent may be implied
- Stern v. Marshall, 564 U.S. 462 (2011), is inapplicable to Group 2

# Fourteen-Factor Abstention Analysis

In re Republic Reader's Service, 81 B.R. 422; In re Viper Products, 2022 WL 2707879 (Bankr. N.D. Tex.)

| Factor | Position | Key Point |
|---|---|---|
| 1. Estate administration | **Strongly favors retention** | Avoidance actions ARE the estate administration |
| 2. State law predominance | **Favors retention** | § 547 preferences are pure federal; Ponzi presumption |
| 3. Difficult/unsettled law | **Neutral / favors retention** | Ponzi + cattle + USDA Trust = BK expertise |
| 4. Related proceedings | **Strongly favors retention** | Three related APs: Rabo, Investor, Bank Lawsuit |
| 5. Jurisdictional basis | **Neutral** | Normal for bankruptcy adversary proceedings |
| 6. Relatedness to main case | **Strongly favors retention** | Core under 28 U.S.C. § 157(b)(2)(F), (H) |
| 7. Substance v. form | **Favors retention** | § 547 claims exist only under the Bankruptcy Code |
| 8. Feasibility of severing | **Strongly disfavors abstention** | Cannot sever 27 from 100+ — same facts/accounts |
| 9. Burden on docket | **Favors retention** | Abstaining multiplies burden, not reduces |
| 10. Forum shopping | **Favors retention** | Movants admit venue transfer intent (fn. 2) |
| 11. Jury trial | **Split** | Group 2 waived; Group 1 preservable pretrial |
| 12. Non-debtor parties | **Neutral** | Normal for avoidance actions |
| 13. Comity | **Favors retention** | No state court proceeding exists |
| 14. Prejudice | **Strongly favors retention** | Fragmentation = duplicative discovery, enormous cost |

# The Fragmentation Risk

If abstention or withdrawal is granted for these 27 defendants:

- The remaining 100+ defendants will file identical motions

- Movants have admitted they intend to seek venue transfers to home states
  in Kentucky, Kansas, and Michigan (Dkt. 253, fn. 2)

- The Trustee would face 100+ separate lawsuits across multiple states

- Depositions would be noticed dozens of times instead of once

- Summary judgment briefing on Ponzi scheme presumption repeated in dozens of courts

- The estate would retain local counsel in dozens of jurisdictions

- The cost to the estate would be devastating — directly harming the creditors
  who are themselves victims of this fraud

**Granting these motions would fragment a consolidated proceeding that should be administered in one forum for the benefit of all parties.**

# Even for Group 1: Withdrawal Is Premature

The Trustee acknowledges that Group 1 movants who did not file proofs of claim may ultimately be entitled to a jury trial. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989).

- A jury trial right does not require immediate withdrawal.

**In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007):**
"A Seventh Amendment jury trial right does not mean the bankruptcy court
must stop working on a matter."

- Local Rule 5011-1(a)(8) contemplates this approach:
  (B) Withdrawal upon certification parties are ready for trial
  (C) Withdrawal but pre-trial matters referred to the bankruptcy judge

- This case is nowhere near trial:
  – No scheduling order has been entered
  – Adversary discovery has not begun
  – Over 100 defendants, many have not yet answered

**Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985):**
Judicial efficiency, delay and costs, uniformity of bankruptcy administration, and
prevention of forum shopping — all favor retention at this stage.

# Conclusion and Relief Requested

**The Trustee respectfully requests the Court to:**

1. Deny the Motions for Permissive Abstention
   (Dkts. 253 and 256) in their entirety;

2. Deny the Motions for Withdrawal of the Reference
   (Dkts. 255 and 257) in their entirety;

3. In the alternative, if the Court is inclined to grant withdrawal
   as to any defendants, retain all pre-trial matters in this Court
   and recommend withdrawal only upon certification that the case
   is ready for trial, as contemplated by Local Rule 5011-1(a)(8)(B)–(C);

4. Grant such other and further relief as the Court deems just
   and proper.