Elizabeth Geary, SBN 24083179
elizabeth@geary.law
Geary Law, PC
601 Broadway Street
Lubbock, Texas 79401
Telephone: 806-698-7050

*Attorneys for: Ridgefield Capital Asset Management, L.P., Robert Ellis, Elizabeth Ellis, Robert and Elizabeth Ellis Family Foundation, Carraway Cattle LLC, Richard Carraway, Robert Carraway, Big Seven Capital Partners, LLC, Wiley Roby Russell Jr., and Wiley Roby Russell, Jr. as Trustee of the W. Robbie Russell Living Trust.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Debtors*. | Case No. 23-20084-swe<br>Chapter No. 7<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ANGELA ROBINSON, TERRY ROBINSON, REBECCA ROBINSON, 2B FARMS, ARNOLD BRAUN, ARNOLD BRAUN TRUST, ROBERT BRUAN, C HEART RANCH LLC, COLETTE LESH F/K/A COLETTE BROOKS, JAN LESH, GARY LESH, JARED LESH, LESH TRUCKING, JOEL LESH, LAZY J ARENA, MORRISON CAFÉ, LLC, GARY LESH TRUST, LESH FAMILY TRUST, KATIE | Adversary Proc. No. 25-02003-SWE |

LESH, JORDAN LESH, JARED LESH COWHORSES, INC., GRAY BROTHERS CATTLE, GRAY FAMILY TRUST, RONNIE GRAY, ROBERT GRAY, BRADLEY GUNGOLL, GUNGOLL CATTLE CO. LLC, WADE GUNGOLL, WILLIAM GUNGOLL, WYATT GUNGOLL, CORY JESKO, JEFF JESKO, DWIGHT JESKO, PATRICIA JESKO, DANIEL JESKO, DANIEL JESCO FARMS, DON JONES TRUCKING, INC., CURT JONES, KINSEY JONES, CURTIS JONES FARMS, DON JONES FARM, INC., DON JONES, JONES FAMILY CATTLE, RIDGEFIELD CAPITAL ASSET MANAGEMENT, L.P., ROBERT ELLIS, ELIZABETH ELLIS, ROBERT AND ELIZABETH FAMILY FOUNDATION, TGF RANCH, THOMAS FRITH, WILDFOREST CATTLE CO., LLC, SAM BROWN, COLBY VANBUSKIRK, LYNDAL VANBUSKIRK, JANET VANBUSKIRK, FRANK VANBUSKIRK, SUSAN VANBUSKIRK, SAM VANBUSKIRK, CHARLES LOCKWOOD, NIKKI LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, PRIEST VICTORY INVESTMENT, LLC, PRIEST CATTLE COMPANY, LTD., COREY PRIEST, TYLER PITTMAN, PITTMAN FARMS, DAC83 LLC, OPEN A ARENA, LLC, DOUG PRITCHETT, 2DEEP CONSTRUCTION LLC, BRANDON DUFURRENA, RIETA DUFURRENA, ED DUFURRENA, SCARLET & BLACK CATTLE, LLC, RED RAIDER CATTLE, LLC, CARRAWAY CATTLE LLC, RICHARD CARRAWAY, ROBERT CARRAWAY, GENE BROOKSHIRE FAMILY LP, JOEL BROOKSHIRE, CARLA BROOKSHIRE, PHILIP RAPP, RAPP RANCH, BIG SEVEN CAPITAL PARTNERS, LLC, BRYAN BLACKMAN, BRAVO GOLF AVIATION LLC, DENNIS BUSS, EDWIN BUSS, BETTYE BUTLER, BILLY BUTLER, CALEB LITTLE, DANNIE WINFREY, DIAMOND B PRODUCTIONS LLC, ERIC DEJARNATT,

| | |
|---|---|
| EDWIN STEWART, ERNEST GARD, GALE FORCE QUARTER HORSES, GARWOOD CATTLE COMPANY, J&S INVESTMENTS, JIM RININGER, JIMMY GREER, PEGGY GREER, JOE BURNETT, DUSTIN JOHNSON, KEITH HARRIS FARMS, MAP ENTERPRISES, INC., MICHAEL COOPER, PATRICK BAKER, RALPH REISZ, VERONICA REISZ, ROBERT STEWART, ROGER WELCH, ROSE VALLEY RANCH, SAWMILL CREEK LLC, SCOTT STEWART, SCOTT LIVESTOCK COMPANY, INC., STANLEY KEITH MYERS, TOMMY MANION RANCH, INC., BRENT BURNETT, CODIE PERRY, MYKEL TIDWELL, RICK RODGERS, STANLEY AYERS, THORLAKSON DIAMOND T FEEDERS, LP, WILEY ROBY RUSSELL JR., WILEY ROBY RUSSELL, JR. AS TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST, WJ PERFORMANCE HORSES, HEARTLAND COOP, LAND O LAKES AG SERVICE, REINERT HAY CO., VET INDUSTRIES FEED & SUPPLY, WHITE ENERGY, CRYSTAL MCCLAIN, CHELSEA MCCLAIN, PIPER MCCLAIN, KRISTIN MCCLAIN, COLTON SCOTT LONG, SCOTT SKINNER, KEELING CATTLE FEEDERS, THOMAS THORLACKSON, JARED GRELL, JOHN TIDWELL, KINGDOM TRUST COMPANY, MARK FRICOUF, MICHAEL EVANS WILLIAM WEDDINGTON, NATHAN MICHAEL HOYLE, JOSHUA RAY DRAKE, DRAKE CATTLE COMPANY, PEREZ LIVESTOCK LLC, AND SUSAN H. FOSTER, <br><br>    *Defendants*. | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## TRUSTEE'S SECOND AMENDED COMPLAINT [Dkt. 295]

**TO THE HONORABLE JUDGE OF SAID COURT**:

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b), Defendants Ridgefield Capital Asset Management, L.P., Robert Ellis, Elizabeth Ellis, Robert and Elizabeth Ellis Family Foundation[1], Carraway Cattle LLC, Richard Carraway, Robert Carraway, Big Seven Capital Partners, LLC, Wiley Roby Russell Jr., and Wiley Roby Russell, Jr. as Trustee of the W. Robbie Russell Living Trust (the "Moving Defendants") respectfully file this Brief in Support of their Motion to Dismiss and move this Court to partially dismiss the Trustee's Second Amended Complaint [Dkt. 295] ("Complaint"), and in support would show as follows:

---

[1] In some places, the Complaint references this party as Robert and Elizabeth Family Foundation (missing Ellis), but in other places, identifies it as the Robert and Elizabeth *Ellis* Family Foundation. [Compare Dkt. 295 at 2 *with* Dkt. 295-1 at 63]. The correct party's name is believed to be Robert and Elizabeth Ellis Family Foundation.

**TABLE OF CONTENTS**

Table of Contents ...........................................................................................................5

Table of Authorities .....................................................................................................6

I.      Introduction...................................................................................................8

II.     Background ....................................................................................................9

III.    Argument and Authorities..........................................................................10

    A.      Standard of Review.............................................................................10

    B.      Count Three (in part): The one-year preference lookback claims fail for lack of
        factual allegations that establish insider status ...........................................11

        i.      Insider status is a necessary element in order to assert a claim under the
            one-year lookback period....................................................................12

        ii.     The Complaint is void of any specific facts as to the Moving Defendants ...........13

        iii.    The Complaint admits the Moving Defendants did not hold any ownership,
            agency, or control of McClain .............................................................14

        iv.     The Complaint fails to allege any intent to form a partnership with
            McClain's corporations....................................................................16

        v.      The Complaint fails to allege the Moving Defendants shared in any losses
            or personal liability .............................................................17

        vi.     The Complaint characterizes an investment contract pursuant to *Howey* that is
            fatal to the partnership theory .................................................17

        vii.    The Trustee's allegation that McClain identified the business relationship
            as a "partnership" does not change the analysis of the multi-factor totality
            of the circumstances test .................................................19

    C.      Count Six:  The Complaint fails to plead equitable subordination against
        the Moving Defendants with sufficient particularity ....................................20

Conclusion ...................................................................................................................22

Certificate of Service ...................................................................................................23

## TABLE OF AUTHORITIES

***Cases***                                                                                          ***Page(s)***

*Anstine v. Carl Zeiss Meditec AG (In re US Med., Inc.)*,
    531 F.3d 1272 (10th Cir. 2008) ...................................................................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................10

*Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001)...........................................11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................ 10-12

*Carpenter v. Phelps*, 391 S.W.3d 143 (Tex. App.—Houston [1st Dist.] 2011, no pet.).................13

*Davis v. Gilmore*, 244 S.W.2d 672 (Tex. App.—San Antonio 1951, writ ref'd) ...........................17

*Hahn v. Love*, 321 S.W.3d 517 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ....................14

*In re Fabricators, Inc.*, 926 F.2d 1458 (5th Cir. 1991) ...................................................20

*In re Mobile Steel Co.*, 563 F.2d 692 (5th Cir. 1977)......................................................10

*Ingram v. Deere*, 288 S.W.3d 886 (Tex. 2009) ........................................................ *passim*

*Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003) .............................................15

*Rojas v. Duarte*, 393 S.W.3d 837 (Tex. App.—El Paso 2012, pet. denied) ...................................15

*SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946).......................................................... 17-18

*Super Starr Int'l, LLC v. Fresh Tex Produce, LLC*,
    531 S.W.3d 829 (Tex. App.—Corpus Christi 2017, no pet.) ............................................16

*Thomas v. Rehma*, No. 3:19-CV-2903-G,
    2022 U.S. Dist. LEXIS 214461 (N.D. Tex. Oct. 28, 2022) ..............................................11

***Rules and Statutes***

Fed. R. Civ. P. 8............................................................................................................11

Fed. R. Civ. P. 12............................................................................................................8

Fed. R. Bankr. P. 7012.................................................................................................8, 11

11 U.S.C. § 101............................................................................................11, 12, 14

11 U.S.C. § 502 ..............................................................................................................10, 21

11 U.S.C. § 510 ......................................................................................................................8

11 U.S.C. § 547 ......................................................................................................................9

KRS § 362 ........................................................................................................................ 14-15

Tex. Bus. Org. Code § 152.051 ...........................................................................................14

Tex. Bus. Org. Code § 152.052 ................................................................................. 13, 15-16

## I.     INTRODUCTION

1.      The Moving Defendants seek this Court's order dismissing two discrete categories of claims within the Second Amended Complaint that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012. First, as alleged in Count Three, the Trustee seeks to avoid all transfers made between April 28, 2022, and January 28, 2023—the one-year lookback period beyond the initial 90-day preference window. In support, the Trustee contends that every Defendant was a "general partner." But the Complaint never provides facts that a general partnership requires, such as intent to form a partnership, an agreement to share losses, or any participation in control of McClain's business. By characterizing every defendant as a "general partner," the Trustee has disingenuously attempted to escape the pleading requirements to establish that the Moving Defendants are "insiders." This contention fails as a matter of law based on the Complaint's own factual allegations. The Complaint's facts establish that the Moving Defendants were involved in a passive investment relationship with McClain, not a "general partnership." Therefore, Count Three claims pertaining to the one-year lookback period should be dismissed as to the Moving Defendants.

2.      Second, Count Six seeks to equitably subordinate the Defendants' claims under 11 U.S.C. § 510(c) based on nothing more than their alleged participation as "passive investors" in McClain's alleged Ponzi scheme. But equitable subordination requires inequitable conduct by the claimant (here, the Moving Defendants). Equitable subordination cannot stand on the debtor's fraud alone. The Complaint pleads no facts that could support a claim of wrongful conduct against the Moving Defendants. Those allegations are legally insufficient to state a claim and therefore, Count Six should be dismissed as to the Moving Defendants.

## II. BACKGROUND

3.       As this Court is aware, on April 28, 2023, McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. ("McClain" or "Debtors" herein) filed voluntary Chapter 7 petitions. The Court appointed the Trustee, who then commenced this adversary proceeding on March 2, 2025. The Trustee filed a Second Amended Complaint on March 18, 2026 [Doc. 295]. The Moving Defendants entered into a Stipulation with the Trustee for their response deadline to the Second Amended Complaint to be extended to June 22, 2026. [Doc. 343].

4.       The Complaint alleges that McClain received "passive investments" from hundreds of parties—including the Moving Defendants. [Doc. 295 at ¶ 31]. The Moving Defendants sent funds to McClain in exchange for a share of profits from cattle raised and sold by McClain. [*Id.*]. The Complaint states that Moving Defendants did not take possession of the cattle, did not confirm cattle's existence, did not obtain unique cattle identifiers, and did not "actively participate in the management, growth, and sale of cattle." [*Id.* at 32]. All cattle operations were performed exclusively by McClain. [*Id.* at ¶ 22-24]. The Complaint describes the dealings between the Moving Defendants and McClain as "passive investments" throughout. [*Id.* at ¶ 31].

5.       This motion addresses two claims that the Trustee asserts, including Count Three and Count Six. First, in Count Three the Trustee seeks preference Claims under 11 U.S.C. § 547—seeking to avoid transfers made during both the 90-day period and the one-year period prior to the filing of the bankruptcy petition. This motion focuses on the one-year period preference claims as insufficiently pled against the Moving Defendants. In support of the one-year claims, the Trustee contends that all investors were "general partners" of McClain and therefore, "insiders" pursuant to 11 U.S.C. § 547(b)(4)(B). [Dkt. 295 at ¶ 78]. But the Complaint itself reveals that the Defendants were "passive invest[ors]" at all times. This Court should dismiss the one-year lookback period

9

preference claims because this Complaint is wholly void of facts to support this barren allegation that the Moving Defendants were general partners.

6.      Further, the Trustee seeks equitable subordination of claims pursuant to 11 U.S.C. § 510(c) as to the Defendants that "engaged in such inequitable conduct, such as holding blank checks of the Debtors or otherwise taking any role in the Ponzi scheme other than as an innocent arms-length investor." [Dkt. 295 at ¶ 98]. The Trustee groups the Moving Defendants into this claim by stating that "investor defendants that have filed Proofs of Claim. . . based. . . on. . . amounts otherwise allegedly due under investment agreements." [*Id.* at ¶ 95]. The Moving Defendants are not identified nor described in the Complaint in this manner and the Trustee has not alleged any facts that meet the pleading requirements of *In re Mobile Steel Co.*, 563 F.2d 692 (5th Cir. 1977). Further, the claims asserted pursuant to § 502(d) disallowance are contingent on the avoidance claims that require "insider" status and should also be dismissed.

7.      This is the Trustee's Second Amended Complaint, and these deficiencies have persisted through the prior pleadings. Leave to replead should be denied as futile.

### III. ARGUMENT AND AUTHORITIES

**A.      STANDARD OF REVIEW**

8.      As this Court is aware, in order to survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal courts do not accept as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See id.* "Something beyond the mere possibility of [liability] must be alleged." *See*

*Twombly*, 550 U.S. at 559. This Court applies these standards in an adversary proceeding.  Fed. R. Bankr. P. 7012(b).

9.       Where a complaint asserts group pleading that includes nothing more than "naked assertions" as to individual defendants, it is insufficient to survive a motion to dismiss. *See Thomas v. Rehma*, No. 3:19-CV-2903-G, 2022 U.S. Dist. LEXIS 214461, at n.7 (N.D. Tex. Oct. 28, 2022) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [*Iqbal's*] minimum standard."). Grouping defendants together without specifying which defendants are alleged to be liable for which acts fails to satisfy Rule 8's notice requirements. *See id.*

**B.      Count Three (in part): The one-year preference lookback claims fail for lack of factual allegations that establish insider status.**

10.      The Trustee may assert claims under Section 547(b)(4) to avoid preferential transfers made between 90 days and one year before the petition date "if such creditor at the time of such transfer was an insider." *See* 11 U.S.C. § 547(b)(4)(B). The Trustee must properly plead facts that establish insider status as to each defendant at the time of each transfer. *See Anstine v. Carl Zeiss Meditec AG (In re US Med., Inc.)*, 531 F.3d 1272, 1276 (10th Cir. 2008). Here, the Trustee's claims rest entirely on the unsupportable contention that *all* Defendants (identified as investors) were general partners of McClain and therefore, "insiders" under 11 U.S.C. § 101(31)(B). [Dkt. 295 at ¶ 78]. The Complaint's own facts contradict the Trustee's barren identification of the customers as "general partners."

> **i.** **Insider status is a necessary element in order to assert a claim under the one-year lookback period.**

11.      In order to avoid a transfer as a preference under 11 U.S.C. § 547(b)(4)(B), the Trustee must establish that the Defendant is an *insider* of the debtor. 11 U.S.C. § 547. When the debtor is a corporation, an "insider" includes a "general partner of the debtor," or a "partnership in which the debtor is a general partner." *See* 11 U.S.C. 101(31)(B) (iv-v). In order to establish that the Defendants are "general partners," the Complaint must contain sufficient factual support to establish this critical element of the claim. Mere legal conclusions—even when labeled as facts—hold no entitlement to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

12.      The Complaint barrenly asserts that Defendants are general partners of the Debtors based on a single conclusory statement:

> [U]nder the express terms of the written agreement with the Debtors, the verbal agreements, and the course of dealings of the parties, the Debtors and the investor created a general partnership given the lack of required language to limit liability. The debtors and the investors were general partners under the partnership.

[Dkt. 295 at ¶ 38]. Despite this bold contention, the Trustee does nothing to actually support these conclusions with facts or any legal support regarding the "lack of required language to limit liability." [*Id.*]. This vague statement does not allege specific facts demonstrating the essential elements of a partnership.

13.      The Complaint wholly fails to plead facts that demonstrate the essential elements of a partnership. The Supreme Court of Texas analyzed factors that demonstrate the existence of a partnership. *See Ingram v. Deere*, 288 S.W.3d 886, 896 (Tex. 2009) (considering both the common

12

law and the former Texas Revised Partnership Act). Texas law provides that five factors indicate the creation of a partnership.

> (1) receipt or right to receive a share of profits of the business;
> (2) expression of an intent to be partners in the business;
> (3) participation or right to participate in control of the business;
> (4) agreement to share or sharing:
>> (A) losses of the business; or
>> (B) liability for claims by third parties against the business; and
> (5) agreement to contribute or contributing money or property to the business.

Tex. Bus. Org. Code § 152.052(a). Courts apply a totality-of-the-circumstances analysis when evaluating these factors. *See Carpenter v. Phelps*, 391 S.W.3d 143, 152-53 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Profit sharing alone does nothing to establish a partnership.

14.     The Complaint makes clear that even if the Defendants shared in the profits regarding specific cattle, there are no facts to support a general partnership in the Debtors' businesses. As to these specific Defendants, the Trustee does not allege that there was an agreement to be partners, a right of Defendants to control the business, liability for claims by third parties against the business, and "contribution" of money or property to the business. [Dkt. 295 at ¶ 38]. Rather, the Complaint details the passive investment nature of the relationship between the Defendants and McClain. And the Trustee fails to explain or support the claim that the "lack of required language to limit liability" demonstrates a partnership. Consequently, this Court should dismiss all claims that require insider status.

> **ii.     The Complaint is void of any specific facts as to the Moving Defendants.**

15.     Even if the Trustee's general partnership theory were viable, the Trustee has wholly failed to specifically plead facts that *these particular Defendants* were insiders at the time of the transfers at issue. Instead, the Trustee employs group pleading and makes a single blanket legal conclusion that all Defendants were general partners for all transfers. [Dkt. 295-1 at p. 63]. The

number of the Defendants is in the hundreds, and the number of the transactions is in the thousands—dating back to 2018. [Dkt. 295, Ex. 1]. Yet the Trustee globally alleges that every Defendant was an insider and every transaction qualifies as an avoidable transfer. But insider status requires analysis of "the closeness of the relationship between the transferee and the debtor" and "whether the transactions were at arm's length." *See Hahn v. Love*, 321 S.W.3d 517, 525 n.8 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (analyzing "insider" under Texas law). The Complaint wholly fails to meet this requirement and instead makes a single blanket legal conclusion that all investors were general partners. [Dkt. 295 at ¶ 78].

> Pursuant to 11 U.S.C. § 101(31), the definition of insider includes, among other things, a partnership in which the debtor is a general partner. As discussed above, the arrangements of the Investor Parties constituted a general partnership in which the Debtors and the Investor Parties were all general partners.

[*Id.*]. Under *Iqbal*, that is a legal conclusion, not a factual allegation. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). The Complaint's global and bald conclusions fail to meet the pleading standard to avoid dismissal. The conclusory group allegations that all Defendants were general partners simply does not plausibly establish that these particular Defendants were insiders and that their specific transactions were not at arm's length. Therefore, this Court should dismiss the claims that require insider status.

### iii.    The Complaint admits the Moving Defendants did not hold any ownership, agency, or control of McClain.

16.    Pursuant to both Texas and Kentucky law, a general partnership requires mutual ownership with agency and joint control. *See* Tex. Bus. Org. Code § 152.051; KRS § 362.1-202(3)(b) (providing that "[t]he sharing of gross returns does not by itself establish a partnership. . .."). As the Supreme Court of Texas has squarely held, the legal authority of each partner to bind

14

the others is an essential hallmark of any general partnership. *See Ingram v. Deere*, 288 S.W.3d 886, 903 (Tex. 2009); *accord Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 51 (Ky. 2003) (noting that right to control is strongest proof of agency). Profit sharing on its own is not enough to establish a partnership. *See Ingram*, 288 S.W.3d at 896-97; KRS § 362.1-202(3)(b) (providing that "[t]he sharing of gross returns does not by itself establish a partnership. . ."). The Texas Business Organizations Code expressly states that "the right to receive a share of profits as payment" does not "by itself. . . indicate that a person is a partner in the business." Tex. Bus. Org. Code § 152.052(b).

17.     The Complaint's allegations themselves foreclose the partnership theory, plainly alleging the following:

- The Defendants did not actively participate in "management, growth, and sale of cattle." [Dkt. 295 at ¶ 32(v)].

- The Defendants were limited to "sending the Debtors money and waiting for a return." [*Id.* at ¶ 32].

- The Defendants had no possession of cattle, no unique cattle identifiers, and no ability to confirm segregation or existence of their cattle. [*Id.* at ¶ 32(i-iv)].

- The Defendants had no role in acquisition, transportation, feeding, or sale decisions. [*Id.* at ¶¶ 22-24].

These allegations are fatal to any claim of general partnership status. Passive participants that did not participate in management or control of the business are not partners as this allegation directly contradicts the third partnership factor: participation in or right to participate in control of the business. Tex. Bus. Org. Code § 152.052(a)(3); *Rojas v. Duarte*, 393 S.W.3d 837, 843 (Tex. App.— El Paso 2012, pet. denied) ("[R]ight to participate in control of the business, which as noted above, has always been an important factor. . .").

18. The Trustee's own depiction of the business relationship between McClain and the Defendants directly contradicts the conclusory insider allegation. Rather, the Complaint provides the hallmarks of a passive investment, not a general partnership. The Complaint allegations must establish that Defendants had control or a right to control McClain's business in order to reflect a partnership. This absence of facts showing control participation precludes the Trustee's claims and therefore, this Court should dismiss the Trustee's claims that rely on insider status.

  iv. **The Complaint fails to allege any intent to form a partnership with McClain's corporations.**

19. The Complaint fails to plausibly allege that the Defendants ever expressed or revealed an intent to be partners with McClain in his corporations. Tex. Bus. Org. Code § 152.052(a)(2). Where a written agreement or course of dealing evidence an intent to form a different arrangement, such as a corporation or a passive investment relationship, courts will decline to find an implied partnership. *See Super Starr Int'l, LLC v. Fresh Tex Produce, LLC*, 531 S.W.3d 829, 840 (Tex. App.—Corpus Christi 2017, no pet.) (finding that the entity was plainly formed as a Limited Liability Company and therefore as a matter of law, could not be a partnership).

20. The Complaint's own facts reveal that the Debtors had three *corporations* that are not partnerships. [Dkt. 295 at n.1]. In addition, the allegations provide that the Defendants were "passive investors" that held no management rights. [*Id.* at ¶ 31]. None of the allegations reveal any evidence to support the formation or operation of a partnership with McClain. Ultimately, the substance of the Moving Defendants' relationship with McClain—a passive arrangement with no management participation and no involvement in the business control—demonstrates that there was no intent to form a partnership. Therefore, this Court should dismiss any claims that rely on insider status.

**v.** **The Complaint fails to allege the Moving Defendants shared in any losses or personal liability.**

21.     The Trustee apparently tries to allege that the Defendants did not include "required language to limit liability" in their dealings with McClain. [Dkt. 295 at ¶ 38]. This statement is wholly void of legal merit and does nothing to show that the Defendants shared in any losses or personal liability of McClain. The Trustee erroneously alleges:

> [U]nder the express terms of the written agreement with the Debtors, the verbal agreements, and the course of dealings of the parties, the Debtors and the investor created a general partnership given the lack of required language to limit liability. The debtors and the investors were general partners under the partnership.

[*Id.*]. But the Trustee's bald assertion is wholly conclusory and unsupportable. The Trustee has not and cannot offer legal support for this statement that there is "required language to limit liability." In fact, Texas law states the opposite. "The absence of an express provision obligating the parties to share in the losses is also important and indicates that no partnership existed." *See Ingram*, 288 S.W.3d at 897 (quoting *Davis v. Gilmore*, 244 S.W.2d 672, 673-74 (Tex. App.—San Antonio 1951, writ ref'd)).

22.     Under Texas law, loss sharing and the assumption of liability are established through specific facts that show this conduct. *See id.* The Trustee has not alleged any facts that reveal that the Defendants are now liable for McClain's debts or liabilities. The Trustee's vague conclusory statement does nothing to actually allege loss sharing or an agreement to share in liability. Therefore, this Court should dismiss all claims that require insider status.

**vi.** **The Complaint characterizes an investment contract pursuant to *Howey* that is fatal to the partnership theory.**

23.     The Trustee's allegations plainly characterize the agreement between McClain and the Defendants as a contract in which profits were expected to come solely from McClain's efforts. [Dkt. 295 at ¶ 36]. The Trustee invokes *SEC v. W.J. Howey Co.* to allege that these arrangements

17

were investment contracts. *See* 328 U.S. 293, 298-99 (1946) (holding that an investment contract "means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party"). The Complaint states that an agreement is an investment contract when it "comprises (1) the investment of money (2) in a common enterprise (3) with an expectation of profits to be derived solely from the efforts of the promoter or a third party." [Dkt. 295 at ¶ 38 ("[T]he parties clearly invested money with the Debtors in a common enterprise that expected profits to be derived solely from the efforts of the Debtors.")]. The Trustee's specific allegations of an investment contract with McClain are fatal to the concurrent allegation of a partnership.

24.     The Trustee cannot have it both ways. The Trustee has plainly alleged a passive investment contract under *Howey*. [Dkt. 295 at ¶ 36]. Yet the Trustee then attempts to also allege a general partnership that would support insider status for hundreds of Defendants and thousands of transactions. [*Id.* at ¶ 38]. The facts in the Complaint simply do not support the conclusory allegation that the Defendants were partners with McClain. Rather, the Trustee has alleged facts and an arrangement that is consistent with a contractual relationship between businesses or a business and individuals—not a partnership. The allegations are simply void of facts that would satisfy the multi-factor totality-of-the-circumstances test. *See Ingram*, 288 S.W.3d at 896-97 ("[T]he issue of whether a partnership exists should be decided considering all of the evidence bearing on the TRPA partnership factors."). While true that the Trustee is not expected to prove the claim at the pleadings stage, there must at least be specific allegations as to these particular Defendants that meets the pleadings standard to show insider status. And to be sure, this is the Trustee's Second Amended Complaint. The bankruptcy of McClain has been pending for over six years. The Trustee is well aware of the nature of the relationship between McClain and the

Defendants. Despite the Trustee's knowledge, the Complaint attempts to add claims requiring insider status based on mere legal conclusions. And because the legal conclusions do not meet the requirements of *Iqbal*, this Court should dismiss the claims requiring insider status.

       **vii.**     **The Trustee's allegation that McClain identified the business relationship as a "partnership" does not change the analysis of the multi-factor totality of the circumstances test.**

25.      As opposed to the detailed factual allegations describing a "passive investment" scheme, the Complaint is void of facts that could support the allegation of a partnership. [Dkt. 295 at ¶¶ 31-37]. In Paragraph 38 of the Complaint, the Trustee baldly states that the express terms of the Agreements between McClain and the Defendants created a partnership. [*Id.* at ¶ 38]. While true that *some* of McClain's Agreements did reference a "partnership" between the Debtor(s) and the Defendants, the Trustee has failed to provide express terms as to all Defendants. In fact, the Trustee wholly fails to specifically address the Defendants bringing this motion at all. But to be sure, courts have repeatedly rejected the barren label of a "partnership" without more evidence to meet the factors that demonstrate a legal partnership. *See Ingram*, 288 S.W.3d at 900 ("The terms used by the parties in referring to the arrangement do not control. . ."). "The term 'partner' is regularly used in common vernacular and may be used in a variety of ways." *See id.* In addition, "[e]ven conclusive evidence of only one factor normally will be insufficient to establish the existence of a partnership." *See id.* at 898.

26.      Here, McClain appears to have had a myriad of different agreements used over the years. Some reference a "partnership" between the Defendants and McClain; other agreements do not. But when reviewing the one-page agreement that the Trustee includes in the Complaint, the actual terms of the agreement quickly dispel any notion that the parties were entering into a general partnership. [Dkt. 295 at ¶ 33]. There is no management, control, or agency relationship. There is

no sharing of losses or liability detailed. And instead of a general partnership, the agreement between the parties reveals the intent to form a limited contractual relationship where the defendants were passive customers of McClain. As a result, the Second Amended Complaint fails to meet the pleading standard to show insider status and the one-year claims under Count Three should be dismissed.

**C.      Count Six (in part): The Complaint fails to plead equitable subordination against the Moving Defendants with sufficient particularity.**

27.      In Count Six, the Trustee seeks equitable subordination of Defendants' claims under 11 U.S.C. § 510(c). As to these Defendants, Count Six fails to meet the pleading standard because the Complaint contains no facts that support the elements required to show inequitable conduct.

28.      Equitable subordination is an "unusual remedy which should be applied only in limited circumstances." *In re Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir. 1991). To survive a motion to dismiss, the Trustee must plead facts establishing the three-pronged test articulated in *In re Mobile Steel Co.*:

(1)      The defendant-claimant engaged in some type of inequitable conduct;

(2)      The misconduct resulted in injury to the creditors of the debtor or conferred an unfair advantage on the defendant-claimant; and

(3)      equitable subordination of the claim is not inconsistent with the provisions of the Bankruptcy Code.

*See* 563 F.2d 692, 700 (5th Cir. 1977). All three elements must be met, and the specific conduct must be tied to the claim and resulting injury. *Id.* Even under general pleading standards, the Trustee has failed to plead facts that support the above test as to these Defendants. The Trustee fails to allege that the Moving Defendants engaged in any of the purported inequitable conduct that is identified to support this claim. Blanket allegations targeting all defendants do not satisfy the pleading standard.

20

29.      The Complaint identifies certain conduct that the Trustee claims may support subordination as to certain defendants, including holding pre-signed blank checks, (Dkt. 295 at ¶ 39), reclaiming cattle after McClain's death (*Id.* at ¶ 52), and executing improper self-help deposit reversals (*Id.* at ¶¶ 48-51). But the Moving Defendants are not identified as participating in any of this conduct. Rather, the Moving Defendants are identified solely as passive investors who sent funds to McClain and received payments in return.

30.      The equitable subordination theory here relies on the undeveloped theory that any defendant may be subject to subordination. But that claim is not supported by facts sufficient to meet *Iqbal*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). And to be sure, alleging a catch-all reservation of rights does not sufficiently plead a claim. [Dkt. 295 at ¶ 98]. In fact, this language expressly acknowledges that the Trustee lacks sufficient factual support for the inequitable subordination claim as to the Moving Defendants.

31.      Further, Count Six's disallowance claim under 11 U.S.C. § 502(d) is wholly derivative of and contingent upon the validity of the underlying avoidance claim. Section 502(d) does not create an independent basis for disallowance; rather it only operates where the claimant "is a transferee of a transfer avoidance under section . . . 547" and where the claimant has failed to pay or turn over the avoided amount. *See* 11 U.S.C. § 502(d). Therefore, this portion of Count Six fails for the same reasons that the one-year lookback period claims fail. *See supra* Part III.B. Because the Complaint fails to plead facts sufficient to establish that the Moving Defendants were "insiders" of McClain, any derivative claim under § 502(d) should be dismissed.

32.     Therefore, this Court should dismiss Count Six for failure to state a claim that shows inequitable conduct on the part of Moving Defendants. Ultimately, this Court should not allow Count Six to proceed as to the Moving Defendants, especially after two amendments of the Complaint. The Court should dismiss the Count Six equitable subordination claim as to the Moving Defendants.

## CONCLUSION

Therefore, the Complaint fails to allege facts sufficient to state a claim that the Moving Defendants were "insiders" of McClain for purposes of the one-year preference claims asserted in Count 3. Likewise, the Complaint fails to state facts that support any inequitable conduct sufficient to support the equitable subordination claims asserted in Count 6. Both claims rest on legal conclusions and generalized allegations about McClain's conduct—not the Moving Defendants. Therefore, Defendants respectfully request that the Court dismiss Count 3's one-year (insider) preference claims and Count 6's equitable subordination claims as to the Moving Defendants, and for the Court to award any and all further relief to which they may be justly entitled.

Respectfully submitted,

/s/ *Elizabeth Geary*
Elizabeth Geary
SBN 24083179
elizabeth@geary.law
Geary Law, PC
601 Broadway Street
Lubbock, Texas 79401
Telephone: 806-698-7050

*Attorneys for: Ridgefield Capital Asset Management, L.P., Robert Ellis, Elizabeth Ellis, Robert and Elizabeth Ellis Family Foundation, Carraway Cattle LLC, Richard Carraway, Robert Carraway, Big Seven Capital Partners, LLC, Wiley Roby Russell Jr., and Wiley Roby Russell, Jr. as Trustee of the W. Robbie Russell Living Trust.*

22

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in the case.

*/s/ Elizabeth Geary*
Elizabeth Geary