POOL LAW FIRM, P.C.
Wesley O. Pool, SBN: 50511758
201 Innsdale Terrace
Clovis, NM 88101
Telephone: (575) 762-8300
Facsimile: (575) 762-3173
wesley@poollawfirm.com
*Counsel for Ernest Gard*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-swe<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ANGELA ROBINSON, et. al.,<br><br>*Defendant.* | ADV. PROC. NO. 25-02003-swe<br><br>Honorable Scott W. Everett<br><br>JURY DEMAND |

## DEFENDANT ERNEST GARD'S ANSWER TO
## TRUSTEE'S FIRST AMENDED COMPLAINT [Docket No. 9]

**TO THE HONORABLE JUDGE OF SAID COURT:**

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

Defendant Ernest Gard files the following Answer in response to Trustee's First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other relief [Docket. No. 9] ("Complaint"), and in support of same would show as follows:

## I.   ANSWER

1.     In accordance with Federal Rule of Civil Procedure 8(b)(3), all allegations not expressly admitted herein are denied.

2.     The headings used in Trustee's Complaint are included below solely to aid the organization of this Answer to the Complaint and for no other purpose. No response is required to such headings.

### "Summary"

3.     Paragraph 1 contains only legal conclusions to which no response is required. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

4.     Paragraph 2 contains only legal conclusions to which no response is required. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

5.     Paragraph 3 and the footnote thereto contain only legal conclusions to which no response is required. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

2

6. Paragraph 4 contains only legal conclusions to which no response is required. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

7. Paragraph 5 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

8. Paragraph 6 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

9. Paragraph 7 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

10. Paragraph 8 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

11. Paragraph 9 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

12. Paragraph 10 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

13. Paragraph 11 contains only legal conclusions to which no response is required. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent

any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

14.     Paragraph 12 contains only legal conclusions to which no response is required. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent any other fact is alleged, Defendant lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

15.     Paragraph 13 contains only legal conclusions to which no response is required, but to the extent any fact is alleged, Defendant Ernest Gard lacks sufficient information or knowledge to admit or denies the allegations and therefore denies same.

### "Jurisdiction and Venue"

16.     Defendant Ernest Gard admits the allegations set forth in Paragraph 14.

17.     Paragraph 15 contains only legal conclusions to which no response is required, but to the extent such response is required, Defendant Ernest Gard reserves its right to file a Motion to Transfer Venue for forum non conveniens if necessary.

### "Investor Parties"

18.     Paragraph 16 again contains several legal conclusions, to which no response is required, and factual allegations. Defendant Ernest Gard denies being an "investor" and denies all other factual allegations contained therein. To the extent the chart included in Paragraph 16 alleges a sum of payments received by Defendant from Debtors, Defendant admits that payments in the approximate amounts were made by Debtor, and denies that such payments represent all transactions between them and Debtors or that such sums alone are relevant to any claim asserted by Trustee. To the extent Paragraph 16, the chart included in Paragraph 16, and footnotes thereto make factual allegations against parties other than each Defendant Ernest Gard, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

4

19.    Defendant Ernest Gard has insufficient information or knowledge to admit or deny allegations contained in Paragraph 17, and therefore denies same.

### "Vendor Parties"

20.    Paragraph 18 makes no allegations against Defendant Ernest Gard. To the extent Paragraph 18 or the chart included in Paragraph 18 makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "Family Member Parties"

21.    Paragraph 19 makes no allegations against Defendant Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "Corrected Parties"

22.    Paragraph 20 makes no allegations against Defendant Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "History of the McClain Debtors"

23.    Defendant, Ernest Gard has insufficient information or knowledge to admit or deny allegations contained in paragraphs 21, 22, 23, 24, and 25, and therefore denies same. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme. To the extent paragraphs 21, 22, 23, 24, and 25 include Defendant Ernest Gard as an "investor," Defendant denies such allegation. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

### "Other Players in the Ponzi Scheme"

24.    Paragraphs 26, 27, 28, 29 and 30 make no allegations against Defendant Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant

has insufficient information or knowledge to admit or deny allegations contained in Paragraph 26, and therefore denies same.

### "The Ponzi Scheme"

25.    Defendant Ernest Gard denies the allegations in Paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47.

26.    Defendant Ernest Gard adamantly denies the existence of or participation in any Ponzi scheme however does admit that McClain died by suicide on April 18, 2023.

### "The Wildforest/MAP Claw Backs"

27.    Paragraphs 48, 49, 50 and 51 make no allegations against Defendant Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraphs 48, 49, 50 and 51, and therefore denies same.

### "Cattle Reclamation/Conversion"

28.    Paragraph 52 makes no allegations against Defendant Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 52, and therefore denies same.

### "The USDA Claims"

29.    Paragraph 53 includes a mix of legal conclusions, to which no response is required, and alleged facts. Defendant Ernest Gard denies the existence of or participation in any Ponzi scheme.

30.    Paragraph 54 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent Paragraph 54 includes Defendant Ernest Gard as an "investor,"

6

Defendant denies such allegation. As to all remaining allegations contained in Paragraph 54, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 54, and therefore denies same.

**"Check Kiting Scheme"**

31.    Paragraph 55 includes a mix of legal conclusions, to which no response is required, and alleged facts. To the extent the paragraph alleges a "Ponzi scheme," it asserts a legal conclusion, and to the extent it alleges an issue of fact, Defendant Ernest Gard denies the existence or participation in any Ponzi scheme. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraph 55, and therefore denies same.

32.    Defendant has insufficient information or knowledge to admit or deny allegations contained in Paragraphs 56, 57, 58, 59, 60, 61, 62, and 63, and therefore denies same.

**"The Family Member Transactions"**

33.    Paragraphs 64, 65, 66, 67, 68, 69 and 70 make no allegations against Defendant Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Count 1: Fraudulent Transfer Claims – Family Member Transactions"**

34.    Paragraphs 71, 72, 73, 74, and 75 makes no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Count 2: Alternative Claims – Family Member Transactions"**

35.    Paragraphs 76 and 77 make no allegations against Defendant, Ernest Gard. To the extent the paragraph makes allegations against parties other than Defendant, no response is

required. Fed. R. Civ. P. 8(b)(1)(B).

### "Count 3: Preference Claims – Investors"

36.     Paragraphs 78, 79, 80, 81, 82, 83 and 84 includes a series of legal conclusions, to which no response is required, and alleged facts. Defendant further denies all other allegations contained in those paragraphs.

### "Count 4: Preference Claims – Vendors"

37.     Paragraphs 85, 86, 87, 88, and 89 make no allegations against Defendant. To the extent the paragraph makes allegations against parties other than Defendant, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

38.     Paragraphs 85, 86, 87, 88 and 89 includes only legal conclusions, to which no response is required, but to the extent a response is necessary, Defendant Ernest Gard has insufficient information or knowledge to admit or deny allegations against it contained in Paragraph 86, 87, 88 and 89, and therefore denies same.

### "Count 5: Fraudulent Transfer Claims – Investors"

39.     Paragraphs 90, 91, 92, 93 and 94 includes legal conclusions, to which no response is required, and alleged facts. Defendant further denies all other allegations contained in therein.

### "Count 6: Disallowance of Claim, Subordination of Claim"

40.     To the extent Paragraphs 95, 96, 97, and 98 includes Defendant, Ernest Gard as an "investor" or "investor defendant," Defendant denies such allegations. To the extent Paragraphs 95, 96, 97, and 98 describes any agreement between Defendant, Ernest Gard and any Debtor or other party as an "investment agreement," Defendant denies such allegation. Defendant, Ernest Gard denies that he filed a proof of claim. Defendant denies all other allegations set forth therein. To the extent the paragraphs make allegations against parties other than Defendant, Ernest Gard, no response is required. Fed. R. Civ. P. 8(b)(1)(B).

**"Reservation of Rights"**

41.   Paragraph 99 purports to reserve rights to the Trustee and makes no allegations of fact requiring a response.

42.   Defendant, Ernest Gard has insufficient information or knowledge to admit or deny allegations contained in Paragraph 100, and therefore denies same.

43.   Paragraph 101 purports to reserve rights to the Trustee and makes no allegations of fact requiring a response.

**"Prayer"**

44.   Defendant denies all allegations contained in the Prayer.

**II.   AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE PLEADINGS**

45.   Defendant, Ernest Gard asserts the following affirmative defenses without assuming any burden of proof on issues where Plaintiff bears such burdens:

**FIRST DEFENSE**

46.   Plaintiff fails to state a claim against Defendant upon which relief can be granted, including, but not limited to, pursuant to Federal Rules of Civil Procedure 8 and 12 and Federal Rules of Bankruptcy Procedure 7008 and 7012, and, therefore, the Complaint should be dismissed with prejudice.

**SECOND DEFENSE**

47.   The Complaint fails to allege, and/or Plaintiff may fail to establish facts supporting all elements of a prima facie case under 11 U.S.C. §§ 547, 548, 550, and 502.

**THIRD DEFENSE**

48.   To the extent Plaintiff may establish the elements of a prima facie case under 11 U.S.C. § 547(b), the alleged preferential transfer is immune from avoidance pursuant to 11 U.S.C. § 547(c).

## FOURTH DEFENSE

49.     The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(1) because the transfer was intended by the Debtors and Defendant to (1) be a contemporaneous exchange for new value given to the Debtors, and (2) was in fact a substantially contemporaneous exchange.

## FIFTH DEFENSE

50.     The alleged preferential transfer is not voidable under 11U.S.C. § 547(c)(2) because it was made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, and the alleged preferential transfer was made in the ordinary course of business or financial affairs of the Debtors and Defendant and/or made according to ordinary business terms.

## SIXTH DEFENSE

51.     The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(4) because, after such transfer, Defendant gave new value to or for the benefit of the Debtors.

## SEVENTH DEFENSE

52.     The alleged preferential transfer is not voidable under 11 U.S.C. § 547(b)(5) because it did not enable Defendant to receive more than it would have received if: (1) this were a case filed under Chapter 7 of the Bankruptcy Code; (2) if the transfer had not been made; and (3) Defendant received payment as otherwise provided in the Bankruptcy Code.

## EIGHTH DEFENSE

53.     The alleged preferential transfer is not voidable under 11 U.S.C. § 547(c)(6) because it created or was made on account of a statutory lien that is not voidable under 11 U.S.C. § 545.

## NINTH DEFENSE

54.     Plaintiff may not avoid the alleged transfers to Defendant pursuant to 11 U.S.C. § 548(a)(1)(B) because the Debtors (i) received reasonably equivalent value in exchange for such transfers and/or (ii) the Debtors (a) were solvent on the date that such transfers were made, or did not become insolvent as a result of the alleged transfers; (b) were not engaged in business or a transaction and were not about to engage in business or a transaction for which any property remaining with the Debtors amounted to unreasonably small capital; (c) did not intend to incur, or did not believe that they would incur debts that would be beyond the Debtors' ability to pay the debts as such debts matured; or (d) did not make such transfers to or for the benefit of an insider.

## TENTH DEFENSE

55.     Plaintiff may not avoid the alleged transfers to Defendant pursuant to 11 U.S.C. § 548(a)(1)(B) because Defendant acted in good faith and provided value to the Debtors pursuant to 11 U.S.C. § 548(c).

## ELEVENTH DEFENSE

56.     Plaintiff is not entitled to recovery under 11 U.S.C. §§ 547 and 548, and, therefore, Plaintiff may not hold Defendant liable pursuant to 11 U.S.C. § 550.

## TWELFTH DEFENSE

57.     Plaintiff is not entitled to recovery under 11 U.S.C. §§ 547, 548, and 550, and, therefore, Plaintiff and/or the Debtors may not disallow any claims of Defendant pursuant to 11 U.S.C. § 502(d) or (j).

## THIRTEENTH DEFENSE

58.     Plaintiff's claims must be denied to the extent that Defendant is entitled to setoff or recoup any amounts owed by the Debtors to Defendant.

**FOURTEENTH DEFENSE**

59.    Plaintiff is barred from recovery by reason of the Debtors' and/or Plaintiffs' own conduct or the conduct of persons or entities whose conduct is otherwise imputed to the Debtors and/or Plaintiff.

**FIFTEENTH DEFENSE**

60.    Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, claim preclusion, issue preclusion, law of the case, estoppel, res judicata and laches.

**SIXTEENTH DEFENSE**

61.    Plaintiff has failed to state a claim of fraud with particularity, including, but not limited to, as required by Federal Rule of Civil Procedure 9(b).

**SEVENTEENTH DEFENSE**

62.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and in pari delicto.

**EIGHTEENTH DEFENSE**

63.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**JURY DEMAND**

64.    Defendant, Ernest Gard requests a jury trial for any and all issues to which he is entitled to a trial by jury.

**RESERVATION OF RIGHTS**

65.    The Complaint may be barred by some or all of the affirmative defenses contemplated by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or other applicable state and federal law. However, the extent to which Plaintiffs claims may be barred cannot be determined until after Defendant has had a reasonable opportunity to complete

Answer, and to assert further defenses, affirmative defenses, and/or counterclaims as may be applicable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Ernest Gard respectfully prays that all relief sought by Trustee as to Defendant be denied, and for the Court to award any and all further relief, legal and equitable, including attorney's fees and cost of suit to which Defendant may be entitled.

Dated: June 26, 2026

Respectfully submitted,

POOL LAW FIRM, P.C.
201 Innsdale Terrace
Clovis, NM 88101
Telephone:    (575) 762-8300
Facsimile:    (575) 762-3173

By: /s/ *Wesley O. Pool*
Wesley O. Pool, SBN: 50511758
wesley@poollawfirm.com
***Attorneys for Ernest Gard***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant Ernest Gard's Answer to Trustee's First Amended Complaint was served on all parties receiving notice via ECF on this the 26th day of June, 2026.

/s/ *Wesley O. Pool*
Wesley O. Pool