Benjamin H. Davidson
bdavidson@mhbg.com
State Bar No. 05430590
MCCLESKEY, HARRIGER, BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

*Counsel for Vet Industries Feed & Supply, LLC*

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MCCLAIN FEED YARD, INC.,** | : | **CHAPTER 7** |
| **MCCLAIN FARMS, INC., AND 7M** | : | |
| **CATTLE** | : | |
| **FEEDERS, INC.** | : | **CASE NO. 23-20084-SWE** |
| | : | |
| **DEBTORS**[1] | : | **JOINTLY ADMINISTERED** |
| | : | |

| | | |
|---|---|---|
| **KENT RIES, CHAPTER 7 TRUSTEE** | : | |
| **FOR THE BANKRUPTCY ESTATES OF** | : | |
| **MCCLAIN FEED YARD, INC.,** | : | |
| **MCCLAIN FARMS, INC., AND 7M** | : | |
| **CATTLE FEEDERS, INC.** | : | |
| | : | |
| **PLAINTIFF,** | : | **AD. PRO. NO. 25-02003-SWE** |
| **v.** | : | |
| | : | **HON. SCOTT W. EVERETT** |
| **ANGELA ROBINSON, ET AL.** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## BRIEF IN SUPPORT OF VET INDUSTRIES FEED & SUPPLY, LLC'S MOTION TO DISMISS TRUSTEE'S SECOND AMENDED COMPLAINT [DKT. 295]

Defendant Vet Industries Feed & Supply, LLC ("Vet Industries") files this Brief in Support

of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable by

Federal Rule of Bankruptcy Procedure 7012.

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20085); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20086). All three cases are jointly administered under the case number for McClain Feed Yard, Inc.

**TABLE OF CONTENTS**

Table of Contents ............................................................................................................. i

Table of Authorities......................................................................................................... ii

I.      Summary ................................................................................................................1

II.     Legal Standard .....................................................................................................2

III.    Arguments & Authorities.....................................................................................4

        A.    Even Without Applying the More-Ridged Pleading Standard, Count 4 of the
              Complaint Fails Under Rule 8.....................................................................4

        B.    Count 4 of the Complaint Does Not Plausibly Allege an Antecedent Debt Owed by
              the Paying Debtor .......................................................................................5

        C.    Joint Administration Does Not Cure the Missing Debtor-Specific
              Allegations..................................................................................................6

        D.    Exhibit 122 Does Not Plead the Operative Transfer Dates ........................7

        E.    Count 4 of the Complaint Does Not Plausibly Allege the
              Hypothetical-Liquidation Element ..............................................................7

        F.    Leave to Amend Should be Denied or Strictly Limited ..............................8

IV.     Conclusion ............................................................................................................9

## TABLE OF AUTHORITIES

**Cases** *Page(s)*

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 3

*Barnhill v. Johnson*,
  503 U.S. 393 (1992) ..........................................................................................2, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................2, 3

*Bloomer v. Jenkins (In re Vectrix Bus. Sols., Inc.)*, No. 3:02-CV-2718-G,
  2003 U.S. Dist. LEXIS 27850 (N.D. Tex. Aug. 21, 2003) ..........................................6

*Ciesla v. Harney Mgmt. Partners (In re KLN Steel Products Co.)*,
  506 B.R. 461 (Bankr. W.D. Tex. 2014) ....................................................................4

*Conley v. Gibson*,
  355 U.S. 41 (1957) .............................................................................................. 3

*Crescent Res. Litig. Tr. v. Nexen Pruet, LLC (In re Crescent Res., LLC)*,
  No. 09-11507-CAG, 2012 Bankr. LEXIS 287 (Bankr. W.D. Tex. Jan. 23, 2012)..................4, 5

*Ellsworth v. Dall. Tex. VA*,
  160 F.4th 161 (5th Cir. 2025) ................................................................................8

*Faulkner v. Lone Star Brokering, LLC (In re Reagor-Dykes Motors, LP)*, No. 20-05028,
  2021 Bankr. LEXIS 1643 (Bankr. N.D. Tex. Jun. 18, 2021)................................................1, 5–6

*In re AHF Dev., Ltd.*,
  462 B.R. 186 (Bankr. N.D. Tex. 2011) ..................................................................6–7

*In re Babcock & Wilcox Co.*,
  250 F.3d 955 (5th Cir. 2001) ................................................................................7

*In re McKenzie Energy Corp.*,
  228 B.R. 854 (Bankr. S.D. Tex. 1998) ....................................................................6

*Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*,
  926 F.3d 103 (5th Cir. 2019) ........................................................................1, 2, 4, 7

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ..............................................................................2, 4

## TABLE OF AUTHORITIES (con't)

**Cases**                                                                                          *Page(s)*

*Papasan v. Allain*,
   478 U.S. 265 (1986) ....................................................................................................3

*Reagor Auto Mall, Ltd. v. FirstCapital Bank of Tex., N.A. (In re Reagor-Dykes Motors, LP)*,
   No. 20-05002, 2020 Bankr. LEXIS 2254 (Bankr. N.D. Tex. Aug. 24, 2020).............................3–4

*Sanjuan v. Am. Bd. of Psychiatry & Neurology*,
   40 F.3d 247 (7th Cir. 1994).............................................................................................3

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004) ..........................................................................................4

*Stanziale v. DMJ Gas-Mktg.Consultants, LLC (In re Tri-Valley Corp.)*,
   Nos. 12-12291 (MFW), 2015 Bankr. LEXIS 29 (Bankr. D. Del. 2015) ...................................3

*Stinson Petroleum Co. v. Cmty. Bank*,
   506 F. App'x 305 (5th Cir. 2013) ....................................................................................8

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
   336 F.3d 375 (5th Cir. 2003) ..........................................................................................8

*Unsecured Creditors Comm. v. Leavitt Structural Tubing Co.*,
   55 B.R. 710 (N.D. Ill.1985), *aff'd*, 796 F.2d 477 (7th Cir.1986) .............................................6

*Valley Media v. Borders (In re Valley Media)*,
   288 B.R. 189 (Bankr. D. Del. 2003).................................................................................3

**Rules and Statutes**

Fed. R. of Civ. P. 9..................................................................................................3, 7

Fed. R. of Civ. P. 8.................................................................................................2, 3, 4

Fed. R. of Civ. P. 12...................................................................................................2

Fed. R. of Bankr. P. 7012.............................................................................................2

11 U.S.C. § 547 ................................................................................................ *passim*

## I.   SUMMARY

1.      Count 4 of the Second Amended Complaint ("the Complaint") should be dismissed as to Vet Industries because it does not plead facts supporting three of the required elements of the Trustee's preference claim against it. [Dkt. 295]. The Trustee seeks to avoid $234,702.26 allegedly paid to Vet Industries between January 28 and April 28, 2023. [Dkt. 295, ¶ 85; Ex. 122]. Exhibit 122 identifies six checks, the Debtor bank account from which each check allegedly came, a date, a check number, and an amount. [Dkt. 295, Ex. 122]. It does not identify any invoice, delivery, purchase, credit term, or other obligation that may have existed before a particular payment. Section 547(b) requires the Trustee to plausibly allege that each transfer paid an antecedent debt owed by the Debtor that made the transfer and that the transfer allowed Vet Industries to receive more than it would have received from that Debtor in a hypothetical Chapter 7 liquidation. 11 U.S.C. § 547(b)(2), (5); *See Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 121–22 (5th Cir. 2019).

2.      The Complaint does not supply those facts. Count 4 of the Complaint labels Vet Industries only as a supplier of "Commodities" and collectively alleges that all the payments to Vendor Parties were for "prior goods or services." [Dkt. 295, ¶¶ 85, 87]. Neither that allegation nor Exhibit 122 identifies what Vet Industries sold, whether any sale was "on credit," when a debt arose, which Debtor incurred it, or which listed payment satisfied it. In *Faulkner*, the court found that the challenged transfers were adequately identified; however, it still dismissed preference claims against two vendors because the complaints did not explain what the vendors supplied, how the credit relationships were structured, or what antecedent debt the listed payments satisfied. *Faulkner v. Lone Star Brokering, LLC (In re Reagor-Dykes Motors, LP)*, No. 20-05028, 2021 Bankr. LEXIS 1643, at *16–18 (Bankr. N.D. Tex. Jun. 18, 2021).

1

3. The Complaint's collective treatment of the Debtors creates a separate defect. Exhibit 122, a Trustee-created spreadsheet, shows four checks from 7M Cattle Feeders, Inc. and two checks from McClain Feed Yard, Inc., but the Complaint never alleges that the Debtor that issued each check owed the obligation the check allegedly paid. [Dkt. 295, Ex. 122]. Joint administration does not merge the Debtors or their estates. Further, Exhibit 122 contains only a singular "Date" column. [Dkt. 295, Ex. 122]. A transfer by check occurs when the drawee bank honors the check, meaning the legally operative date cannot be determined merely from an unexplained "Date" column. *Barnhill v. Johnson*, 503 U.S. 393, 400 (1992). Paragraph 88 likewise supplies only pooled asset-and-debt figures and does not allege the distribution Vet Industries would have received from either Debtor's estate. [Dkt. 295, ¶ 88]. Vet Industries is not asking the Court to adopt a rigid transfer-by-transfer checklist to dismiss Count 4 of the Complaint. Although the Fifth Circuit has not fixed one universal pleading formula for § 547 claims, Rule 8 still requires factual allegations supporting "each element of a claim." *Life Partners*, 926 F.3d at 122 (quoting *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009)).

## II.  LEGAL STANDARD

4. In accordance with Federal Rule of Civil Procedure 12(b)(6), which is applicable through Federal Rule of Bankruptcy Procedure 7012(b), a dismissal is warranted when a complaint does not adequately "state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). To avoid dismissal, the complaint must be "plausible on its face." *Id.* at 570. That is, the claim must get "across the line from conceivable to plausible." *Id.*

5. A complaint must present facts that are adequate to elevate the right to relief beyond mere speculation. *Twombly*, 550 U.S. at 555. A mere "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* While "detailed factual allegations" are not mandatory, a

2

plaintiff is required to demonstrate entitlement to relief with more than just "labels and conclusions." *Id.* (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994); *Papasan v. Allain*, 478 U.S. 265, 267 (1986)). Courts are not obligated to accept legal conclusions presented as factual assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

6.      Rule 8(a) mandates a concise and straightforward statement that demonstrates entitlement to relief while providing the defendant with adequate notice of the claim and its underlying grounds. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Further, Rule 8 necessitates a "showing" instead of a mere "blanket assertion[] of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. In the absence of factual allegations, a claimant does not furnish fair notice or the basis for the claim. *Id.*

7.      Rule 9(f) further stipulates that "an allegation of time or place is material when assessing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). In preference lawsuits, the complaint should match transfers with debt, not use vague timelines, and include specific transferor entities and amounts. *Reagor Auto Mall, Ltd. v. FirstCapital Bank of Tex., N.A. (In re Reagor-Dykes Motors, LP)*, No. 20-05002, 2020 Bankr. LEXIS 2254, at *24 (Bankr. N.D. Tex. Aug. 24, 2020).

8.      Rule 8(a) "applies to preference actions, though what is required to meet the pleading standard of Rule 8(a) is unsettled." *Id.* at *13.  *Reagor* explained that *Valley Media v. Borders  (In re Valley Media)*, 288 B.R. 189, 192 (Bankr. D. Del. 2003), requires identification of each transfer by date, amount, transferor, and transferee. Further, following *Valley Media*, the "[C]omplaint must identify with particularity which transfer is sought to be avoided [and] identify the nature and amount of each antecedent debt." *Reagor Auto Mall*, 2020 Bankr. LEXIS 2254, at *14 (citing *Stanziale v. DMJ Gas-Mktg.Consultants, LLC (In re Tri-Valley Corp.)*, Nos. 12-12291 (MFW), 2015 Bankr. LEXIS 29, at *3 (Bankr. D. Del. 2015)). The Fifth Circuit has not adopted

*Valley Media* as a universal checklist. *See id.* at 14–25. But under the less rigid approach, preference complaints should include, "at a minimum[,]…basic details of the alleged preference payments, an explanation of the relationship between the parties, and basic facts to support the other required elements—in other words, at least 'sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ciesla v. Harney Mgmt. Partners (In re KLN Steel Products Co.)*, 506 B.R. 461, 477 (Bankr. W.D. Tex. 2014) (citing *Crescent Res. Litig. Tr. v. Nexsen Pruet, LLC (In re Crescent Resources, LLC)*, No. 11-01082-CAG, 2012 Bankr. LEXIS 287, at *4 (Bankr. W.D. Tex. Jan. 23, 2012) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

### III.   ARGUMENTS & AUTHORITIES

**A.   Even Without Applying the More-Ridged Pleading Standard, Count 4 of the Complaint Fails Under Rule 8.**

9.     Vet Industries does not ask the Court to impose every detail required by *Valley Media*. Nonetheless, the Complaint must allege facts supporting the elements of § 547(b). In *Life Partners*, the Fifth Circuit held that the complaint adequately alleged some preference elements but still affirmed dismissal because it did not allege facts supporting § 547(b)(5). *Life Partners*, 926 F.3d at 120–22.  As the Fifth Circuit explained, "*Twombly* requires allegations on 'each element of a claim.'" *Id.* at 122 (quoting *Lormand*, 565 F.3d at 257).

10.     The same principle controls here. Paragraphs 85 through 88 track the statutory language and refer to Exhibit 122, but they do not allege facts connecting the listed checks to an antecedent debt owed by the paying Debtor or facts establishing the hypothetical-liquidation element for that Debtor's estate. [Dkt. 295, ¶¶ 85–88; Ex. 122]. Count 4 of the Complaint therefore fails under Rule 8 regardless of whether the Court adopts the full *Valley Media* formulation.

4

**B.     Count 4 of the Complaint Does Not Plausibly Allege an Antecedent Debt Owed by the Paying Debtor.**

11.     Section 547(b)(2) permits avoidance only when the challenged transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). In this proceeding, the Trustee must plead facts supporting a reasonable inference that a debt existed before the transfer. *Faulkner*, 2021 Bankr. LEXIS 1643, at *16–18; *Crescent*, 2012 Bankr. LEXIS 287, at *20–22. Repeating the statutory language is insufficient. *Id.*

12.     All that the Complaint does is repeat the statutory language. Paragraph 85 labels Vet Industries as a supplier of "Commodities," and paragraph 87 states collectively that the Vendor Parties received payments for "prior goods or services." [Dkt. 295, ¶¶ 85, 87]. Neither paragraph identifies any purchase, invoice, delivery, credit term, payment due date, or other obligation that existed before a listed check. Exhibit 122 identifies check dates, numbers, payors, and amounts; but it identifies no underlying debt. [Dkt. 295, Ex. 122]. The phrase "prior goods or services" thus states the conclusion required by § 547(b)(2) without the factual allegations that make the conclusion plausible. *Faulkner*, 2021 Bankr. LEXIS 1643, at *16–18.

13.     *Faulkner* is instructive because the court considered whether the trustee had pleaded enough facts to show that payments to vendors were made on account of antecedent debt. *Id.* at *10.  One of the defendants, Lone Star, was alleged to have provided vehicle transportation services to the debtor on credit. *Id.* at *5. The complaint also alleged that the debtor later made the identified payments to satisfy those credit obligations. *Id.* at *12–13. Because those factual allegations supported the antecedent-debt element, the court held that the trustee had stated a plausible preference claim against Lone Star. *Id.* at *13. The court reached the opposite conclusion as to Defendant's Earl Owen and Meyer Distributing. *Id.* at *14. Although the trustee listed the transfer dates, amounts, and clearing dates for those defendants, the complaint did not identify

5

what goods or services they provided, explain the parties' business relationship, or allege facts showing what antecedent debt the payments satisfied. *Id.* at *15–17. The court therefore dismissed those preference claims. *Id.* at *18.

14.    Here, Count 4 of the Complaint resembles the claims dismissed in *Faulkner*. The Complaint identifies Vet Industries only as a supplier of "Commodities" and alleges that the challenged payments were for "prior goods or services." [Dkt. 295, ¶¶ 85, 87]. It does not identify any invoice, purchase, delivery, extension of credit, or other facts showing that a particular debt existed before any specific payment was made.

**C.    Joint Administration Does Not Cure the Missing Debtor-Specific Allegations.**

15.    The antecedent-debt element is debtor-specific. Section 547(b)(2) requires a debt "owed by the debtor" whose property was transferred. A payment made by one entity on another entity's debt does not satisfy that element. *Bloomer v. Jenkins (In re Vectrix Business Solutions, Inc.)*, No. 3:02-CV-2718-G, 2003 U.S. Dist. LEXIS 27850, at *19–21 (N.D. Tex. Aug. 21, 2003). In *Bloomer*, a complaint and allocation chart were insufficient because they "fail[ed] to demonstrate that any particular transfer listed in the allocation chart was made for, or on account of, an antecedent debt owed by the transferring debtor." *Id.* at *21.

16.    This is the reason the difference between joint administration and substantive consolidation matters. "Joint administration is designed in large part to promote procedural convenience and cost efficiencies that do not affect the substantive rights of claimants or the respective debtor estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) (citing *Unsecured Creditors Comm. v. Leavitt Structural Tubing Co.*, 55 B.R. 710 (N.D. Ill. 1985), *aff'd*, 796 F.2d 477 (7th Cir. 1986)). By contrast, "substantive consolidation results in the combination of two or more debtors into a single pool from which the claims of [all the

debtors/creditors] are paid ratably." *In re AHF Development, Ltd.*, 462 B.R. 186, 187 (Bankr. N.D. Tex. 2011) (citing *In re Babcock & Wilcox Co.*, 250 F.3d 955, 959 n.5 (5th Cir. 2001)). The Complaint alleges joint administration, not substantive consolidation. [Dkt. 295, ¶ 14]. Accordingly, the Trustee cannot use the collective term "Debtors" to treat all three entities as one obligor. The Complaint must allege that the specific Debtor identified as the source of each payment also owed the antecedent debt that payment allegedly satisfied.

**D.     Exhibit 122 Does Not Plead the Operative Transfer Dates.**

17.     Section 547(b)(4)(A) reaches only transfers made on or within 90 days before the petition date. For payment by ordinary check, the transfer occurs when the drawee bank honors the check, not when the check is issued or delivered. *Barnhill*, 503 U.S. at 400. Exhibit 122 contains one column labeled only "Date." [Dkt. 295, Ex. 122]. It does not allege whether the listed date is the check date, delivery date, ledger date, or bank-honor date. Rule 9(f) makes an allegation of time material when testing the sufficiency of the pleading. Fed. R. Civ. P. 9(f). Vet Industries does not ask the Court to resolve a factual discrepancy or consider outside evidence. Nevertheless, the Complaint and Exhibit 122 do not identify the legally operative transfer dates required by § 547(b)(4)(A).

**E.     Count 4 of the Complaint Does Not Plausibly Allege the Hypothetical-Liquidation Element.**

18.     Section 547(b)(5) requires facts supporting a reasonable inference that each challenged transfer enabled Vet Industries to receive more than it would have received in a hypothetical Chapter 7 liquidation if the transfer had not been made. 11 U.S.C. § 547(b)(5). The Fifth Circuit affirmed dismissal where a complaint did not allege what the defendants would have received in Chapter 7 or that the challenged transfers exceeded that amount. *Life Partners*, 926 F.3d at 121–22. "The Bankruptcy Code provides that the Trustee has the burden of demonstrating

7

that [the creditor] . . . would have received less under Chapter 7 than it did via the prepetition transfers." *Stinson Petroleum Co. v. Cmty. Bank*, 506 F. App'x 305, 307 (5th Cir. 2013).

19.    Paragraph 88 of the Complaint alleges only that the Trustee holds approximately $10 million in assets against more than $150 million in asserted debt for all three Debtors collectively. [Dkt. 295, ¶ 88]. It does not allege the assets, allowed claims, secured claims, priority claims, or expected distribution of 7M Cattle Feeders or McClain Feed Yard, which are the two estates identified in Exhibit 122 as the sources of the challenged checks. [Dkt. 295, Ex. 122]. Because joint administration does not combine the estates, the pooled figures do not establish what Vet Industries would have received from the estate of the Debtor that made each payment.

20.    Thus, Count 4 of the Complaint does not fail because it omits technical details or because Vet Industries demands proof at the pleading stage. It fails because the Complaint does not allege facts supporting required statutory elements–an antecedent debt owed by the paying Debtor, an operative transfer date within the preference period, and a recovery greater than Vet Industries would have received from that Debtor's Chapter 7 estate.

**F.    Leave to Amend Should be Denied or Strictly Limited.**

21.    This is the Trustee's Second Amended Complaint. The Trustee has had over three years to investigate the Debtors and their business affairs. "[L]eave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile." *Ellsworth v. Dall. Tex. VA*, 160 F.4th 161, 169 (5th Cir. 2025) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). If granted, leave to amend should be restricted to claims backed by clear, good-faith, and specific facts about Vet Industries and the transfers. If the Trustee cannot cure the pleading defects identified above, the claims should be dismissed with prejudice.

8

## IV.   CONCLUSION

For these reasons, Defendant Vet Industries Feed & Supply, LLC respectfully requests that the Court dismiss Count 4 of the Trustee's Second Amended Complaint as asserted against it. At minimum, the Court should decline to treat Exhibit 122 and the Complaint's collective allegations as curing the missing antecedent-debt, debtor-specific, operative-date, and hypothetical-liquidation allegations and require any further amendment to plead facts supporting those elements.

Respectfully submitted,

MCCLESKEY, HARRIGER,
BRAZILL & GRAF, L.L.P.
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
(806) 796-7300

/s/ Benjamin H. Davidson, II

_____

Benjamin H. Davidson
State Bar No. 05430590
Email: bdavidson@mhbg.com

**COUNSEL FOR DEFENDANT**
**VET INDUSTRIES**
**FEED & SUPPLY, LLC**

9

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 30, 2026, a true and correct copy of the foregoing document was served electronically through the Court's CM/ECF system on all parties entitled to electronic notice in this adversary proceeding.

/s/ Benjamin H. Davidson, II

_____

**BENJAMIN H. DAVIDSON**